SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN P. STIGI III, Cal. Bar No. 208342
jstigi@sheppardmullin.com
POLLY TOWILL, Cal. Bar. No. 120420
ptowill@sheppardmullin.com
HEATHER L. PLOCKY, Cal. Bar No. 279022
hplocky@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendants SILVERGATE CAPITAL CORPORATION, ALAN J. LANE and ANTONIO MARTINO

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROSA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SILVERGATE CAPITAL CORPORATION, ALAN J. LANE, and ANTONIO MARTINO,<br><br>Defendants. | Case No. 3:22-cv-01936-CAB-MSB<br><br>Hon. Cathy Ann Bencivengo<br><br>**JOINT MOTION TO CONSOLIDATE CASES AND ADDRESS SCHEDULING**<br><br>[Complaint Filed:  December 7, 2022]<br><br>Trial Date:     None Set |
| JACOB GUZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SILVERGATE CAPITAL CORPORATION, ALAN J. LANE, and ANTONIO MARTINO,<br><br>Defendants. | Case No. 3:22-cv-01968-AJB-BGS<br><br>Hon. Anthony J. Battaglia<br><br>[Complaint Filed:  December 13, 2022]<br><br>Trial Date:     None Set |

1    Plaintiffs Steven Rosa (Case No. 3:22-cv-01936-CAB-MSB) and Jacob Guz
2  (Case No. 3:22-cv-01968-AJB-BGS) and defendants Silvergate Capital Corporation,
3  Alan J. Lane and Antonio Martino hereby jointly move to (1) consolidate the above-
4  referenced cases under Case No. 3:22-cv-01936-CAB-MSB pursuant to Federal Rule
5  of Civil Procedure 42(a), and (2) address scheduling in the above-captioned action.

6    <u>Consolidation</u>.  Rule 42(a) of the Federal Rules of Civil Procedure provides
7  that "[i]f actions before the court involve a common question of law or fact, the court
8  may: . . . (2) consolidate the actions . . . ."  The above-captioned actions purport to
9  be class actions asserting claims under Sections 10(b) and 20(a) of the Securities
10 Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Securities & Exchange Com-
11 mission Rule 10b-5, 17 C.F.R. § 240.10b-5.  The actions involve common questions
12 of law and fact, including, *inter alia*: (1) whether, in connection with the purchase or
13 sale of Silvergate Capital Corporation securities between November 9, 2021 to
14 November 17, 2022, defendants made material misrepresentations or omitted material
15 facts necessary to render statements not misleading; (2) whether defendants made
16 such misrepresentations or omissions with scienter; (3) whether investors reasonably
17 relied upon such misrepresentations or omissions; and (4) whether such misrepresen-
18 tations or omissions caused investors monetary loss.

19    In light of the common questions of law and fact in these actions, the under-
20 signed parties met and conferred, and now jointly move pursuant to Federal Rule of
21 Civil Procedure 42(a)(2) for an order consolidating these actions for all purposes
22 under the "low numbered case," Case No. 3:22-cv-01936-CAB-MSB, and that the
23 caption of the action be amended as follows:

| IN RE:<br><br>SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION, | Case No. 3:22-cv-01936-CAB-MSB<br><br>Hon. Cathy Ann Bencivengo<br><br>[Complaint Filed:  December 7, 2022] |
|---|---|

<u>Scheduling</u>.  This securities class action is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*  The PSLRA sets forth unique procedures regarding the appointment of a "lead plaintiff" and approval of lead plaintiff's counsel at the outset of the case.  The PSLRA provides, in pertinent part:

> **(3)** **Appointment of lead plaintiff**
>
>     **(A)** **Early notice to class members**
>
>         **(i)** In general.  Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
>             **(I)** of the pendency of the action, the claims asserted therein, and the purported class period; and
>
>             **(II)** that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.
>
>         . . . .
>
>     **(B)** **Appointment of lead plaintiff**
>
>         **(i)** In general.  Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.
>
>         . . . .
>
>         **(v)** Selection of lead counsel.  The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.
>
>         . . . .

15 U.S.C. § 78u-4(a)(3); *see generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) (describing the "somewhat unusual" three-step process for identifying the lead plaintiff in a securities class action in the PSLRA).

The PSLRA provides further that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).

The Complaint in *Rosa* [Document No. 1] was filed on December 7, 2022.[1] That same day, plaintiff issued a notice pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, the deadline for lead plaintiff motions pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) is February 6, 2023. After the Court appoints a lead plaintiff and approves lead plaintiff's counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i) and (v), it is expected that the newly appointed lead plaintiff may seek to file a consolidated amended complaint and that defendants will file motion(s) to dismiss in response.

Consistent with the lead plaintiff procedures and the automatic stay set forth in the PSLRA, and as is typical in securities class actions, the undersigned parties met and conferred, and now jointly move for an order, as follows:

1. No defendant shall be required to answer, move against or otherwise respond to the original Complaint filed in either of the above-captioned actions, except as set forth below.

2. Within fourteen (14) days after the Court enters an order appointing a lead plaintiff and approving lead plaintiff's counsel in the consolidated action, counsel for the lead plaintiff and counsel for the defendants shall meet and confer regarding (1) the time for lead plaintiff to file a consolidated amended complaint or provide notice of lead plaintiff's intent to rely upon the original Complaint in *Rosa* [Document

---

[1] Defendants have waived service of process of the summonses and complaints in both actions.

No. 1] (the "operative complaint"); (2) the time for defendants to respond to the operative complaint; and (3) the schedule for briefing any motion to dismiss that may be filed by a defendant.

A proposed order will be lodged in accordance with the local rules.

Dated: December 20, 2022    SHEPPARD. MULLIN. RICHTER & HAMPTON LLP

By:   */s/ John P. Stigi III*
JOHN P. STIGI III, Cal. Bar No. 208342
Email: jstigi@sheppardmullin.com
Attorneys for Defendants
SILVERGATE CAPITAL CORPORATION,
ALAN J. LANE and ANTONIO MARTINO

Dated: December 20, 2022    GLANCY PRONGAY & MURRAY LLP

By:   */s/ Pavithra Rajesh*
ROBERT V. PRONGAY, Cal. Bar No. 270796
Email: rprongay@glancylaw.com
CHARLES H. LINEHAN, Cal. Bar No. 307439
Email: clinehan@glancylaw.com
PAVITHRA RAJESH, Cal. Bar No. 323055
Email: prajesh@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: 310.201.9150
Facsimile: 310.201.9160
Attorneys for Plaintiff
STEVEN ROSA

Dated: December 20, 2022    POMERANTZ LLP

By:   */s/ Jennifer Pafiti*
JENNIFER PAFITI, Cal. Bar. No. 282790
Email: jpafiti@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: 310.405.7190
Attorney for Plaintiff
JACOB GUZ

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Pavithra Rajesh, counsel for plaintiff Steven Rosa, and Jennifer Pafiti, counsel for plaintiff Jacob Guz, and that I have obtained their authorization to affix their electronic signatures to this document.

Dated:  December 20, 2022  By:  _/s/ John P. Stigi III_