SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN P. STIGI III, Cal. Bar No. 208342
jstigi@sheppardmullin.com
POLLY TOWILL, Cal. Bar. No. 120420
ptowill@sheppardmullin.com
HEATHER L. PLOCKY, Cal. Bar No. 279022
hplocky@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:   310.228.3700
Facsimile:   310.228.3701

Attorneys for Defendants SILVERGATE
CAPITAL CORPORATION, ALAN J.
LANE and ANTONIO MARTINO

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION. | Case No. 3:22-cv-01936-CAB-MSB<br><br>Hon. Cathy Ann Bencivengo<br><br>**JOINT MOTION TO CONSOLIDATE CASES AND ADDRESS SCHEDULING**<br><br>[Complaint Filed:  December 7, 2022]<br><br>Trial Date:      None Set |
| JOHN THOMAS, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>      v.<br><br>SILVERGATE CAPITAL CORPORATION, ALAN J. LANE, and ANTONIO MARTINO,<br><br>           Defendants. | Case No. 3:23-cv-00043-CAB-MSB<br><br>Hon. Cathy Ann Bencivengo<br><br>[Complaint Filed:  January 10, 2023]<br><br>Trial Date:      None Set |

Plaintiff John Thomas and defendants Silvergate Capital Corporation, Alan J. Lane and Antonio Martino hereby jointly move to (1) consolidate *Thomas v. Silvergate Capital Corp.*, Case No. 3:23-cv-00043-CAB-MSB (S.D. Cal. filed Jan. 10, 2023) ("*Thomas*"), with *In re Silvergate Capital Corp. Securities Litigation*, Case No. 3:22-cv-01936-CAB-MSB (S.D. Cal. filed Dec. 7, 2022) ("*Silvergate Securities Litigation*"), pursuant to Federal Rule of Civil Procedure 42(a) and (2) address scheduling in the above-captioned actions.  The Court already has approved a substantively identical joint motion.  *See* Case No. 3:22-cv-01936-CAB-MSB, Doc. No. 11.

Consolidation.  Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may:  . . . (2) consolidate the actions . . . ."  The above-captioned actions purport to be class actions asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Securities & Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5.  The actions involve common questions of law and fact, including, *inter alia*: (1) whether, in connection with the purchase or sale of Silvergate Capital Corporation securities after November 9, 2021, defendants made material misrepresentations or omitted material facts necessary to render statements not misleading; (2) whether defendants made such misrepresentations or omissions with scienter; (3) whether investors reasonably relied upon such misrepresentations or omissions; and (4) whether such misrepresentations or omissions caused investors monetary loss.

*Thomas* already has been transferred to this Court pursuant to the Low-Number Rule based upon its relatedness to *Silvergate Securities Litigation*.  *See* Case No. 3:23-cv-00043, Doc. No. 3.  The Clerk of Court identified many of the attributes that favor consolidation, including that the cases: (1) arise from the same or substantially identical transactions, happenings or events; (2) involve the same or substantially the same parties or property; (3) call for determination of the same or substantially identical

questions of law; and/or (4) would entail unnecessary duplication of labor if heard by different judges.  This Court, along with Judge Lopez, agreed to the transfer.

In light of the common questions of law and fact in these actions, the under-signed parties met and conferred, and now jointly move pursuant to Federal Rule of Civil Procedure 42(a)(2) for an order consolidating *Thomas* with *Silvergate Securities Litigation* these actions for all purposes under the "low numbered case," Case No. 3:22-cv-01936-CAB-MSB.

Scheduling.  This securities class action is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*  The PSLRA sets forth unique procedures regarding the appointment of a "lead plaintiff" and approval of lead plaintiff's counsel at the outset of the case.  The PSLRA provides, in pertinent part:

**(3)   Appointment of lead plaintiff**

**(A)   Early notice to class members**

**(i)**   In general.  Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

**(I)**   of the pendency of the action, the claims asserted therein, and the purported class period; and

**(II)**   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

. . . .

**(B)   Appointment of lead plaintiff**

**(i)**   In general.  Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the

member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

. . . .

**(v)** Selection of lead counsel.  The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.

. . . .

15 U.S.C. § 78u-4(a)(3); *see generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) (describing the "somewhat unusual" three-step process for identifying the lead plaintiff in a securities class action in the PSLRA).  The PSLRA provides further that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).

As set forth in the Order Granting Joint Motion to Consolidate Cases and Address Scheduling in *Silvergate Securities Litigation* [Doc. No. 11], the deadline for motions to appoint a lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) is February 6, 2023.  After the Court appoints a lead plaintiff and approves lead plaintiff's counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i) and (v), it is expected that the newly appointed lead plaintiff may seek to file a consolidated amended complaint and that defendants will file motion(s) to dismiss in response.

Consistent with the lead plaintiff procedures and the automatic stay set forth in the PSLRA, and as is typical in securities class actions, the undersigned parties met and conferred, and now jointly move for an order, as follows:

1.    No defendant shall be required to answer, move against or otherwise respond to the original Complaint filed in *Thomas*, except as set forth below.

2.    Within fourteen (14) days after the Court enters an order appointing a lead plaintiff and approving lead plaintiff's counsel in *Silvergate Securities Litigation*, counsel for the lead plaintiff and counsel for the defendants shall meet and confer regarding (1) the time for lead plaintiff to file a consolidated amended complaint or provide notice of lead plaintiff's intent to rely upon an original complaint filed in one of the actions consolidated under *Silvergate Securities Litigation* (the "operative complaint"); (2) the time for defendants to respond to the operative complaint; and (3) the schedule for briefing any motion to dismiss that may be filed by a defendant.

A proposed order will be lodged in accordance with the local rules.

Respectfully submitted,

Dated:  January 17, 2023          SHEPPARD. MULLIN. RICHTER & HAMPTON LLP

By:        */s/ John P. Stigi*
JOHN P. STIGI III, Cal. Bar No. 208342
Email: jstigi@sheppardmullin.com
Attorneys for Defendants
SILVERGATE CAPITAL CORPORATION,
ALAN J. LANE and ANTONIO MARTINO

Dated:  January 17, 2023          THE ROSEN LAW FIRM, P.A.

By:        */s/ Laurence M. Rosen*
LAURENCE M. ROSEN, Cal. Bar No. 219683
Email: lrosen@rosenlegal.com
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:  (213) 785-2610
Facsimile:   (213) 226-4684
Attorneys for Plaintiff
JOHN THOMAS

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Laurence M. Rosen, counsel for plaintiff John Thomas, and that I have obtained his authorization to affix his electronic signature to this document.

Dated: January 17, 2023    By:    _____ *John P. Stigi*