UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No.: 22-CV-1936-CAB-MSB<br><br>**ORDER APPOINTING THE INSTITUTIONAL INVESTORS AS LEAD PLAINTIFF AND APPROVING LEAD COUNSEL**<br><br>[Doc. Nos. 15, 16] |

This matter is before the Court on competing motions to appoint lead plaintiff and approve lead counsel in this consolidated securities fraud class action litigation. One of the movants, Goldberg-Flores, LLC, has noticed its non-opposition [Doc. No. 18] to the motion of International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust, Indiana Public Retirement System, Boston Retirement System, and Public School Teachers' Pension & Retirement Fund of Chicago (collectively, the "Institutional Investors") for appointment as lead plaintiff and approval of their selection of lead counsel. Defendants have also noticed their non-opposition to the Institutional Investors' motion. [Doc. No. 20.] As discussed below,

upon consideration of the merits of the Institutional Investors' motion, along with the lack of opposition thereto, the motion is granted.

### I. The Institutional Investors Are the Most Adequate Plaintiff

Under the Private Securities Litigation Reform Act ("PSLRA"), the district court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interest of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group that: (1) either filed the complaint or brought the motion for appointment of lead plaintiff in response to the publication of notice, (2) has the "largest financial interest" in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). The presumption may be rebutted only upon proof by a purported class member that the presumptively most adequate plaintiff: (1) will not fairly and adequately protect the interests of the class or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a private securities class action litigation. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* At the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* at 729–30 (internal citations omitted). Finally, at the third step, the district court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730. All of these requirements have been satisfied and support appointment of the Institutional Investors as lead plaintiff.

First, notice of the instant consolidated securities class action was published in *Business Wire*, a widely circulated national business-oriented wire service, on December 7, 2022 [Doc. No. 16-6], and again on January 10, 2023 [Doc. No. 16-7], and January 19, 2023 [Doc. No. 16-8]. Each notice advised of the pendency of this action and of the February 6, 2023 deadline (60 days from the first notice) for motions to be appointed lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). These notices satisfied the requirements for publication of the pendency of this action, and the Institutional Investors' motion to be appointed lead plaintiff is timely.

Second, the Institutional Investors allege that they lost approximately $18.2 million on their stock purchases during the class period and that their stock purchases give them standing to bring claims under both the Exchange Act and the Securities Act. Neither other putative class members nor Defendants dispute that the Institutional Investors' losses exceed those of the only other movant, Goldberg-Flores. Further, the Court finds that the Institutional Investors' have made a sufficient preliminary showing that they satisfy the requirements of Rule 23(a), and in particular the typicality and adequacy requirements. *See Cavanaugh*, 306 F.3d at 730. Accordingly, because the Institutional Investors have the largest financial interest of any qualified movant in the relief sought by the class and have made a sufficient preliminary showing that they satisfy the requirements of Rule 23, the Institutional Investors are entitled to the presumption under the PSLRA that they are the most adequate plaintiff.

Finally, no other plaintiff has attempted to rebut the presumption that the Institutional Investors are the most adequate plaintiff. Accordingly, the Court finds that the Institutional Investors should be lead plaintiff in this litigation.

**II.     Approval of the Institutional Investors' Selection of Counsel**

The PSLRA provides that the lead plaintiff shall select and retain counsel to represent the class, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). In this capacity, "the district court has no authority to select for the class what it considers to be the best possible lawyer. . ." *Cavanaugh*, 306 F.3d at 732. Indeed, the Court's "inquiry is

not into the adequacy or fitness of counsel but into the adequacy of plaintiff, and the choice of counsel is only an indicator—and a relatively weak one at that—of plaintiff's fitness." *Cavanaugh*, 306 F.3d at 733.  In other words, "the district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 711 (9th Cir. 2009).  "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.*

Here, the Institutional Investors' have selected Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") to serve as Lead Counsel for the proposed class.  These choices are reasonable.  Both firms specialize in representing investors in nationwide class actions and have served as lead or co-lead counsel in numerous securities class actions that resulted in significant recoveries for class members.  [Doc. Nos. 16-9, 16-10.]  Because Bernstein Litowitz and Cohen Milstein appear competent to represent the class, the Court defers to the Institutional Investors' choices and hereby approves them as Lead Counsel for the proposed class.

### III. Disposition

In light of the foregoing, it is hereby **ORDERED** as follows:

1. The Institutional Investors' Motion [Doc. No. 16] is **GRANTED**;

2. Goldberg-Flores' Motion [Doc. No. 15] is **DENIED**;

3. The Institutional Investors are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, in the above-captioned consolidated securities class action and any subsequent actions that are consolidated with this lawsuit;

4. The Institutional Investors' selection of Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC as Lead Counsel for the Class is **APPROVED**; and,

5. On or before **March 17, 2023**, Lead Counsel and counsel for the defendants shall file a joint proposal and lodge a proposed order regarding (1) the time for the lead

plaintiff to file a consolidated amended complaint or provide notice of Lead Plaintiff's intent to rely on an original Complaint filed in one of the actions under *In re Silvergate Capital Corp. Securities Litigation* (the "operative complaint"); (2) the time for Defendants to respond to the operative complaint; and (3) the schedule for briefing any motion to dismiss that may be filed by a Defendant.

It is **SO ORDERED**.

Dated: February 28, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge