1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
2 | JOHN P. STIGI III, Cal. Bar No. 208342
3 | jstigi@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
4 | Los Angeles, California 90067-6055
   Telephone:  310.228.3700
5 | Facsimile:   310.228.3701

6 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
7 |   Including Professional Corporations
   POLLY TOWILL, Cal. Bar. No. 120420
8 | ptowill@sheppardmullin.com
   HEATHER L. PLOCKY, Cal. Bar No. 279022
9 | hplocky@sheppardmullin.com
   333 South Hope Street, 43d Floor
10 | Los Angeles, California 90071-1422
   Telephone:  213.620.1780
11 | Facsimile:   213.620.1398

12 | Attorneys for Defendants
   SILVERGATE CAPITAL CORPORATION,
13 | ALAN J. LANE, ANTONIO MARTINO,
   MICHAEL LEMPRES, KAREN F. BRASSFIELD,
14 | PAUL D. COLUCCI, THOMAS C. DIRCKS,
   SCOTT REED, COLLEEN SULLIVAN and
15 | AANCHAL GUPTA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE:<br><br>SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION. | Case No. 3:22-cv-01936-JES-MSB<br><br>Hon. James E. Simmons, Jr.<br><br><u>CLASS ACTION</u><br><br>**UNOPPOSED MOTION TO SEAL RELEVANT EXCERPTS IN THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Dept.: Courtroom 4B, 4th Floor<br><br>Trial Date:     None Set |

-1-

Case No. 3:22-cv-1936-JES-MSB

SMRH:4895-0740-5927.2

UNOPPOSED MOTION TO SEAL RELEVANT EXCERPTS IN THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    Defendant Silvergate Capital Corporation ("Silvergate") and the Officer and

2    the Director Defendants (excluding Dennis S. Frank and Robert C. Campbell)

3    (collectively the "Silvergate Defendants"),[1] hereby move the Court pursuant to Local

4    Rules 7.2 and 79.2(c) and ECF Administrative Policies and Procedures 2(j), for an

5    order sealing limited excerpts of the Amended Consolidated Class Action Complaint

6    for Violations of the Federal Securities Laws (Dkt. 43) (the "Complaint").

7    The Silvergate Defendants seek to seal the references in the Complaint to

8    alleged confidential supervisory information of the Board of Governors of the Federal

9    Reserve System (the "Federal Reserve"), a primary regulator of Silvergate Bank.[2]

10    Specifically, the Complaint includes allegations that the Federal Reserve issued

11    Silvergate a report identifying Matters Requiring Immediate Attention ("MRIAs").

12    MRIAs are non-public, confidential supervisory information, and the unauthorized

13    disclosure thereof is prohibited.[3]   There are compelling reasons to seal this

14    confidential supervisory information.

15    **I.   RELEVANT BACKGROUND**

16    On May 11, 2023, Lead Plaintiffs filed the Complaint.  In the Complaint, Lead

17    Plaintiffs assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act

18    of 1934, and Rule 10b-5 promulgated thereunder, and Sections 11, 12(a)(2) and 15 of

19    the Securities Act of 1933.

20

21

22

23    [1] The Officer and Director Defendants are Alan J. Lane, Antonio Martino, Dennis S. Frank, Michael Lempres, Karen F. Brassfield, Robert C. Campbell, Paul D. Colucci,

24    Thomas C. Dircks, Scott Reed, Colleen Sullivan, and Aanchal Gupta.  Frank and Campbell are not Parties to this Unopposed Motion.

25    [2] Silvergate Bank is a wholly owned subsidiary of Silvergate Capital Corporation.

26

27    [3] Silvergate notes that nothing in this Motion should be construed as an admission. The Silvergate Defendants are requesting the information be sealed because these

28    allegations purport to contain information that is covered by the statutes and regulations discussed herein.

SMRH:4895-0740-5927.2

## II.    THERE ARE COMPELLING REASONS TO SEAL

Documents that have "traditionally been kept secret for important policy reasons" are not subject to the right of public access.  *In re BofI Holding Sec. Litig.*, 2016 U.S. Dist. LEXIS 132574, at *50 (S.D. Cal. Sept. 27, 2016) (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir.1989)).  To seal documents relating to dispositive motions, a party must show "compelling reasons" for the documents to remain under seal.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Under this standard, a "district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (citations and internal quotations omitted).  These "relevant factors" can include "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."  *Id.* at 679 n.6; *see also Kamakana*, 447 F.3d at 1179.

Sealing is warranted when information is required to be kept confidential by law.  As background, no officer, employee or agent of the Federal Reserve or any Reserve Bank shall disclose or permit the disclosure of "nonpublic information" of the Federal Reserve to any person other than the Federal Reserve or Reserve Bank officers, employees or agents properly entitled to such information for the performance of official duties.  12 C.F.R. § 261.4.  "Nonpublic information" is defined as information that has not been publicly disclosed by the Federal Reserve and that is confidential supervisory information.  *Id.* § 261.2(c).  "Confidential supervisory information" is defined as nonpublic information that is exempt from disclosure, including information that was created or obtained in furtherance of the Federal Reserve's supervisory, investigatory or enforcement activities.  *Id.* § 261.2(b)(1).  The statute specifically lists "reports of examination" as examples of confidential supervisory information.  *Id.* § 261.2(b)(1).  MRIAs are communicated

-3-

to banks via reports of examination. Further, all confidential supervisory information and other nonpublic information remains the property of the Federal Reserve, and no person or entity "to whom the information is made available or who otherwise possesses the information . . . may use any such information for an unauthorized purpose or disclose any such information without the prior written permission of the General Counsel." *Id.* § 261.20(a).

Based on these statutes, the Silvergate Defendants seek to seal references to non-public and confidential supervisory information of the Federal Reserve, including examinations, reports of examinations and MRIAs.[4] The Silvergate Defendants are requesting a narrowly tailored sealing order for the following excerpts in the ACC:

Introduction and Factual Background

- Paragraph 7 at page 5:10-13;
- Paragraphs 78-82;
- The third sentence in Footnote 51 (at page 30:25-26);
- Paragraph 87 at page 32:27-33:1 and 33:9-10;

Exchange Act Alleged Misstatements

- Footnote 148 (at page 70:24);
- Paragraphs 172 at page 73:18-20; 175 at page 74:27-75:2; 178 at page 76:2-4; 181 at page 77:1-3; 184 at page 78:6-8; 185 at page 79:2-4; 188 at page 80:15-18; 189 at page 81:8-10; 192 at page 82:9-11; 193 at page 83:1-2; 196 at page 84:6-8; 197 at page 84:25-27; 200 at page 86:1-3; 203 at page 87:6-8; 206 at page 88:18-20; 207 at page 89:14-16; 210 at page 90:22-24; 211 at page 91:13-15; 217 at page 94:20-23;
- Paragraphs 221-223;

---

[4] In addition, Silvergate asserts that the excerpts it seeks to seal are also protected by the bank examination privilege. The bank examination privilege is a qualified privilege that protects communications between banks and their regulators from disclosure, with the aim of preserving and promoting candor. *In re BofI Holding, Inc. Sec. Litig.*, 2022 U.S. Dist. LEXIS 30159, at *5-6 (S.D. Cal. Feb. 17, 2022).

Case No. 3:22-cv-1936-CAB-MSB
UNOPPOSED MOTION TO SEAL RELEVANT EXCERPTS IN THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

<u>The Offering Documents Contained False or Misleading Statements and Omissions;</u>
<u>the Misstatements and Omissions Were Material</u>

- Paragraph 337 at page 127:11;

- Paragraphs 350-354;

- The third sentence in Footnote 191 (at page 131:25-26);

- Paragraph 359 at page 133:23-25;

- Paragraph 395 at page 149:20; and

- Paragraph 412.

The proposed sealing is narrowly tailored to the excerpts of the Complaint that contain references to Federal Reserve findings. Reports of examination and information contained therein, such as MRIAs, are confidential supervisory information as well as nonpublic information that cannot be disclosed pursuant to 12 C.F.R. § 261, *et seq*.

For the reasons set forth above, the Silvergate Defendants believe that compelling reasons exist for the Court to retroactively seal the relevant excerpts in Lead Plaintiffs' Complaint listed above and reflected in Exhibit A, attached hereto.

Nothing in this unopposed Motion shall impact the deadlines set forth in the Order Granting Motion to Set Consolidated Amended Complaint and Motions to Dismiss Briefing Schedule (Dkt. 42).

### III.    THE LIMITED SEALING REQUESTED IS UNOPPOSED

Lead Plaintiffs state that they do not oppose the limited sealing requested by this Motion, but do not adopt or concede any arguments or characterizations set forth in the Motion.[5] Lead Plaintiffs reserve all rights.[6]

---

[5] The Lead Plaintiffs are Indiana Public Retirement System; Boston Retirement System; Public School Teachers' Pension & Retirement Fund of Chicago; International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario; UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust.

[6] Lead Plaintiffs note that on June 1, 2023, the Federal Reserve publicly announced the imposition of a consent order on Silvergate that stated that its "most recent

Case No. 3:22-cv-1936-CAB-MSB
UNOPPOSED MOTION TO SEAL RELEVANT EXCERPTS
IN THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1    The Underwriter Defendants state that they do not oppose the Motion.[7]

2                          *        *        *

3

4    A proposed order will be lodged in accordance with the local rules.

5

6    Dated:  June 9, 2023                **SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP

7

8                                         By:*/s/ POLLY TOWILL*
                                         POLLY TOWILL
9                                         Email: ptowill@sheppardmullin.com

10                                        Attorneys for Defendants
                                         SILVERGATE CAPITAL
11                                        CORPORATION, ALAN J. LANE,
                                         ANTONIO MARTINO, MICHAEL
12                                        LEMPRES, KAREN F. BRASSFIELD,
                                         PAUL D. COLUCCI, THOMAS C.
13                                        DIRCKS, SCOTT REED, COLLEEN
                                         SULLIVAN and AANCHAL GUPTA
14

15

16

17

18

19

20

21

22

23

24    _____

25    examinations of Silvergate conducted by the Federal Reserve Bank of San Francisco ('Reserve Bank') and the DFPI (collectively, the 'Supervisors') identified numerous
26    deficiencies, including with respect to both safety and soundness and compliance with banking laws and regulations."

27    [7] The Underwriter Defendants are Goldman Sachs & Co. LLC, Keefe, Bruyette &Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC,
28    Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC.