SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JOHN P. STIGI III, Cal. Bar No. 208342
jstigi@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  310.228.3700
Facsimile:  310.228.3701

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
POLLY TOWILL, Cal. Bar. No. 120420
ptowill@sheppardmullin.com
JOHN M. LANDRY, Cal. Bar No. 194374
jlandry@sheppardmullin.com
333 South Hope Street, 43d Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398

Attorneys for Defendants SILVERGATE CAPITAL
CORPORATION, ALAN J. LANE, ANTONIO
MARTINO, KAREN F. BRASSFIELD, PAUL D.
COLUCCI, THOMAS C. DIRCKS, AANCHAL
GUPTA, MICHAEL LEMPRES, SCOTT A. REED
and COLLEEN SULLIVAN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION. | Case No. 3:22-cv-01936-JES-MSB<br><br><u>CLASS ACTION</u><br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SILVERGATE DEFENDANTS' MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>[*Notice of Motion and Motion, Memorandum of Points & Authorities and Declaration of John P. Stigi III filed concurrently herewith; [Proposed] Order lodged concurrently herewith*]<br><br>Date: November 29, 2023<br>Time: 9:00 a.m.<br>Dept.: 4B<br><br>Hon. James E. Simmons. Jr. |

Case No. 3:15-CV-02324-GPC-KSC

Pursuant to Federal Rule of Evidence 201, defendants Silvergate Capital Corporation ("Silvergate"), Alan J. Lane, Antonio Martino, Karen F. Brassfield, Paul D. Colucci, Thomas C. Dircks, Aanchal Gupta, Michael Lempres, Scott A. Reed and Colleen Sullivan (the "Silvergate Defendants") hereby request that the Court take judicial notice of the following Exhibits in connection with their Motion to Dismiss plaintiffs' Consolidated Amended Class Action Complaint (the "CAC"):

- **Exhibit A**:  Relevant Excerpts from Silvergate's 2021 Form 10-K, filed with the SEC on February 28, 2022 (pp. 4, 22, 29, 31)

- **Exhibit B**:  Superseding Indictment Against Sam Bankman-Fried filed by the United States of America in Case No. 1:22-cr-00673-LAK (S.D.N.Y)

- **Exhibit C**:  Memorandum Opinion Denying Motion to Dismiss Indictment Against Sam Bankman-Fried in Case No. 1:22-cr-00673-LAK (S.D.N.Y)

- **Exhibit D**:  Relevant Excerpts from Silvergate's Form 10-Q for Quarter Ended June 30, 2022, filed with the SEC on August 8, 2022 (p. 55)

- **Exhibit E**:  Relevant Excerpts from Silvergate's Form 10-Q for Quarter Ended September 30, 2022, filed with the SEC on November 7, 2022 (p. 48)

- **Exhibit F**:  Relevant Excerpts from Second Interim Report of FTX CEO John J. Ray III, filed on June 26, 2023, in *In re FTX Trading Ltd., et al.*, Case No. 22-11068-JTD

- **Exhibit G**:  Relevant Excerpts from Initial Registration Statement filed with the SEC on November 8, 2019 in connection with Silvergate's Initial Public Offering

- **Exhibit H**:  Form 4 for Alan Lane for stock transactions on November 27, 2020, filed with the SEC on November 30, 2020

- **Exhibit I**:  Form 4 for Alan Lane for stock transactions on November 19, 2021, filed with the SEC on November 23, 2021

- **Exhibit J**:  Form 4 for Alan Lane for stock transactions on June 8-10, 2021, filed with the SEC on June 10, 2021

- **Exhibit K**:  Relevant Excerpts from January 2021 Offering Prospectus, filed with the SEC on January 25, 2021, at p. S-30

- **Exhibit L**:  Relevant Excerpts from December 2021 Offering Prospectus, filed with the SEC on December 6, 2021, at p. S-23

- **Exhibit M**:  Relevant Excerpts from Silvergate's 2019 Form 10-K, filed with the SEC on March 10, 2020, at p. 24

-1-

- **Exhibit N**: Relevant Excerpts from Silvergate's 2020 Form 10-K, filed with the SEC on March 8, 2021, at p. 22

- **Exhibit O**:  Excerpts from Federal Financial Institutions Examination Council, *Bank Secrecy Act/Anti-Money Laundering Examination Manual* (available at https://bsaaml.ffiec.gov/manual) (accessed July 7, 2023)

- **Exhibit P**:   Form 4 for Kathleen Fraher for stock transactions on November 19, 2019, filed with the SEC on November 21, 2019

## I.  ANALYSIS

A court must take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information.  *See* Fed. R. Evid. 201(c)(2).  "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b).  A court may take judicial notice of facts outside the pleadings on a motion to dismiss.  *Mack v. S. Bay Beer Distribs*., 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds).

**A.   Documents Incorporated by Reference by Plaintiff**

A district court may consider unattached documents on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  Courts frequently consider documents that are related to matters referenced in the complaint.  *See In re Northpoint Commc'n Grp., Inc. Sec. Litig.*, 184 F. Supp. 2d 991, 994 n.1 (N.D. Cal. 2001) ("In a securities-fraud suit, judicial notice can be had of documents directly related to documents referenced in the complaint that bear on the adequacy of the disclosure") (citations omitted).

Here, the Court should take judicial notice of Exhibits K and L, the January 2021 and December 2021 Offering Prospectuses, because plaintiffs refer to and/or rely upon them in the CAC.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)

-2-

Case No. 3:15-CV-02324-GPC-KSC

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SILVERGATE DEFENDANTS' MOTION TO DISMISS CAC

(court may consider documents which are not physically attached to the plaintiff's complaint if their authenticity is not contested and the complaint necessarily relies on them); (*see*, *e.g.*, CAC ¶¶ 332, 335, 336, n. 183, 184).  Indeed, these materials form the basis of plaintiffs' Securities Act Claims.  Further, the authenticity of these Exhibits is not in question.  Accordingly, because plaintiffs have put the contents of these Exhibits directly at issue, and because the authenticity of these document cannot reasonably be contested, the Court should take judicial notice of Exhibits K and L.

**B.     Documents Filed With the SEC**

The Court should take judicial notice of Exhibits A, D, E, G-N and P as they are documents Silvergate filed with the Securities and Exchange Commission ("SEC").  Documents filed with the SEC are matters of public record and are properly the subject of judicial notice.  *See*, *e.g.*, *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 (9th Cir. 2006) (courts "may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings"); *Booth v. Strategic Realty Tr., Inc.*, 2014 U.S. Dist. LEXIS 104184, at *8-9 (N.D. Cal. July 29, 2014) (taking judicial notice of SEC filings).  In addition, judicial notice of these documents is appropriate because Silvergate's financial reporting is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b)(2).  Accordingly, the Court should take judicial notice of Exhibits A, D, E, G-N and P.

**C.     Publicly Available Court Records**

The Court should take judicial notice of Exhibit B, C and F because they are court records which are publicly available on PACER, and their authenticity is not questioned.  The contents of filings in other proceedings are matters of public record and are thus properly the subject of judicial notice.  *See, e.g.*, *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of the docket in another proceeding); *Hebrank v. Linmar III, LLC*, 2014 U.S. Dist.

-3-

LEXIS 144133, at *6 (S.D. Cal. Oct. 9, 2014) (taking judicial notice of docket and case files in a separate federal court case as "matters of public record . . . capable of accurate and ready determination"). Accordingly, the Court should take judicial notice of Exhibits B, C and F.

## D.   Public Records of Federal Agencies

The Court should take judicial notice of Exhibit O because it constitutes a public record of a federal regulatory agency and is available on the websites for the Federal Financial Institutions Examination Council ("FFIEC"). *See Domantay v. NDEX W., LLC*, 2015 U.S. Dist. LEXIS 170418, at *10-13 (E.D. Cal. Dec. 21, 2015) (taking judicial notice of public documents of the OCC and the FDIC); *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 989 (N.D. Cal. 2014) (taking judicial notice of public documents of the OCC and FDIC because the "documents reflect the acts of the executive agencies of the United States government").

The FFIEC's *Bank Secrecy Act/Anti-Money Laundering Examination Manual* is appropriate for judicial notice because it is a matter of public record, is easily accessible online from the FFIEC's website, and is thus properly subject to judicial notice. Accordingly, the Court should take judicial notice of Exhibit O.

## II.  CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court take judicial notice of Exhibits A-P.

Dated: July 10, 2023          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By: _____*s/John P. Stigi III*_____
                        JOHN P. STIGI III
                        POLLY TOWILL
            Attorneys for the Silvergate Defendants
            Email:  jstigi@sheppardmullin.com

-4-                                    Case No. 3:15-CV-02324-GPC-KSC

SMRH:4884-4336-7274.5                  REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
                                       SILVERGATE DEFENDANTS' MOTION TO DISMISS CAC

**Index of Exhibits**

| Exhibit | Page No. |
|---|---|
| **Exhibit A**:  Relevant Excerpts from Silvergate's 2021 Form 10-K, filed with the SEC on February 28, 2022 | 6 |
| **Exhibit B**:  Superseding Indictment Against Sam Bankman-Fried filed by the United States of America | 17 |
| **Exhibit C**:  Memorandum Opinion Denying Motion to Dismiss Indictment Against Sam Bankman-Fried | 60 |
| **Exhibit D**:  Relevant Excerpts from Silvergate's Form 10-Q for Quarter Ended June 30, 2022, filed with the SEC on August 8, 2022 | 101 |
| **Exhibit E**:  Relevant Excerpts from Silvergate's Form 10-Q for Quarter Ended September 30, 2022, filed with the SEC on November 7, 2022 | 104 |
| **Exhibit F**:  Relevant Excerpts from Second Interim Report of FTX CEO John J. Ray III, filed on June 26, 2023 | 107 |
| **Exhibit G**: Relevant Excerpts from Initial Registration Statement filed with the SEC on November 8, 2019 in connection with Silvergate's Initial Public Offering | 119 |
| **Exhibit H**:  Form 4 for Alan Lane for stock transactions on November 27, 2020, filed with the SEC on November 30, 2020 | 122 |
| **Exhibit I**: Form 4 for Alan Lane for stock transactions on November 19, 2021,  filed with the SEC on November 23, 2021 | 124 |
| **Exhibit J**:  Form 4 for Alan Lane for stock transactions on June 8-10, 2021, filed with the SEC on June 10, 2021 | 126 |
| **Exhibit K**:  Relevant Excerpts from January 2021 Offering Prospectus, filed with the SEC on January 25, 2021, at p. S-30 | 129 |
| **Exhibit L**:  Relevant Excerpts from December 2021 Offering Prospectus, filed with the SEC on December 6, 2021, at p. S-23 | 134 |
| **Exhibit M**:  Relevant Excerpts from Silvergate's 2019 Form 10-K, filed with the SEC on March 10, 2020, at p. 24 | 137 |
| **Exhibit N**: Relevant Excerpts from Silvergate's 2020 Form 10-K, filed with the SEC on March 8, 2021, at p. 22 | 145 |
| **Exhibit O**:  Excerpts from Federal Financial Institutions Examination Council, *Bank Secrecy Act/Anti-Money Laundering Examination* July *Manual* | 154 |
| **Exhibit P:**  Form 4 for Kathleen Fraher for stock transactions on November 19, 2019, filed with the SEC on November 21, 2019 | 163 |

Case No. 3:15-CV-02324-GPC-KSC

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SILVERGATE DEFENDANTS' MOTION TO DISMISS CAC