MATTHEW S. SHELDON (*pro hac vice*; VABN 73734)
**GOODWIN PROCTER LLP**
1900 N Street. N.W.
Washington. DC 20036-1612
Phone: (202) 346-4000
Fax: (202) 346-4444

JONATHAN A. SHAPIRO (SBN 257199)
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco. CA 94111-4003
Phone: (415) 733-6000
Fax: (415) 677-9041

AARON S. THOMPSON (SBN 272391)
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, CA 90401
Phone: 424-252-6400
Fax: 424-252-6401

*Attorneys for Defendants*
*Dennis S. Frank and Robert C. Campbell*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION. | Case No. 3:22-cv-01936-JES-MSB |
| | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS DENNIS S. FRANK'S AND ROBERT C. CAMPBELL'S MOTION TO DISMISS** |
| | Date:       November 29, 2023<br>Time:       9:00 a.m.<br>Judge:      Hon. James E. Simmons, Jr.<br>Courtroom:  4b |
| | Filed/Lodged Concurrently with:<br>  1. Notice of Motion and Memorandum ISO Motion to Dismiss<br>  2. Declaration of Jonathan A. Shapiro ISO Request for Judicial Notice<br>  3. [Proposed] Order |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Dennis S. Frank and Robert C. Campbell (the "Defendants") request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201 and supporting case law, of certain of Silvergate Capital Corporation's filings with the U.S. Securities and Exchange Commission ("SEC"), as set forth below.

| Exhibit | Description | Reason for Request |
|---|---|---|
| 1 | Definitive Proxy Statement (April 14, 2022) | No reasonable dispute as to authenticity |
| 2 | January 2021 Prospectus Supplement (January 25, 2021) | Incorporated by reference; no reasonable dispute as to authenticity |
| 3 | December 2021 Prospectus Supplement (December 8, 2021) | Incorporated by reference; no reasonable dispute as to authenticity |
| 4 | Form 10-K Annual Report for Year Ended December 31, 2020 (March 8, 2021) | Incorporated by reference; no reasonable dispute as to authenticity |

The Court should take judicial notice of Exhibits 2-4 (the "Offering Documents") because they are incorporated by reference into the Amended Complaint and because there is no dispute about the authenticity of these SEC filings.  The Court should additionally take judicial notice of Exhibit 1 (the "Proxy") because there is no dispute about the authenticity of the Proxy, which was filed with the SEC.

A true and correct copy of each of the exhibits is attached to the Declaration of Jonathan A. Shapiro in Support of Defendants' Request for Judicial Notice, filed herewith.

## **DISCUSSION**

The Court may take judicial notice of facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Under Federal Rule of Evidence 201(c)(2), "[t]he court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."

"[E]ven if a document is not attached to a complaint, it may be incorporated by reference into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Leyva v. Soto*, No. 3:23-cv-0284, 2023 WL 3573895, at *1 n.1 (S.D. Cal.) (Simmons, J.) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (in considering a Rule 12(b)(6) motion, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. . . . The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'") (citations omitted); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation omitted).

The Offering Documents are central to Plaintiffs' claims. The Offering Documents form the basis of Plaintiffs' claims that Defendants made misrepresentations in those documents. *See* AC ¶ 336 & nn.183-85 (citing Exhibits 2-4, among other documents, as sources for the allegedly misleading statements). Additionally, Plaintiffs cannot reasonably dispute the authenticity of either the Proxy or the Offering Documents, which are documents filed with the SEC. *See Voss v. Sutardja*, No. 14-CV-01581-LHK, 2015 WL 349444, at *5 (N.D. Cal. Jan. 26, 2015) (granting judicial notice of "true and

1

---

correct copies of SEC filings in the public record not subject to reasonable dispute").

## CONCLUSION

For the foregoing reasons, Defendants Frank and Campbell respectfully request that the Court take judicial notice of Exhibits 1-4 attached to the Declaration of Jonathan A. Shapiro submitted herewith.

Respectfully submitted.

Dated:  July 10, 2023

By: */s/ Jonathan A. Shapiro*
JONATHAN A. SHAPIRO (SBN 257199)
**GOODWIN PROCTER** LLP
Three Embarcadero Center
San Francisco. CA 94111-4003
Phone: (415) 733-6000
Fax: (415) 677-9041

MATTHEW S. SHELDON (*pro hac vice*; VABN 73734)
**GOODWIN PROCTER** LLP
1900 N Street. N.W.
Washington. DC 20036-1612
Phone: (202) 346-4000
Fax: (202) 346-4444

AARON S. THOMPSON (SBN 272391)
**GOODWIN PROCTER** LLP
520 Broadway, Suite 500
Santa Monica, CA 90401
Phone: 424-252-6400
Fax: 424-252-6401

*Attorneys for Defendants*
*Dennis S. Frank and Robert C. Campbell*

2