LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Email: michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel.: 714.540.1235
Fax: 714.755.8290

Douglas K. Yatter (SBN 236089)
Jason C. Hegt (admitted *pro hac vice*)
Email: douglas.yatter@lw.com
Email: jason.hegt@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel.: 212.906.1200
Fax: 212.751.4864

*Attorneys for Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB |
| | **UNDERWRITER DEFENDANTS' REQUEST FOR CONSIDERATION UNDER INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Date:        November 29, 2023<br>Time:        9:00 a.m.<br>Courtroom: 4B<br>Judge:       Hon. James E. Simmons, Jr. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

## I.    INTRODUCTION

Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC ("Underwriter Defendants") request that the Court consider the documents attached to the Declaration of Jason C. Hegt filed concurrently with the Underwriter Defendants' Motion to Dismiss ("Motion to Dismiss") Plaintiffs' Amended Class Action Complaint ("Complaint" or "AC"):

1. **Exhibit A** – a true and correct copy of the Silvergate Capital Corporation ("Silvergate") Form 10-K for the fiscal year ended December 31, 2019, filed with the United States Securities and Exchange Commission ("SEC") on March 10, 2020 ("2019 Form 10-K"), which is publicly available on the SEC website at www.sec.gov/edgar.

2. **Exhibit B** – a true and correct copy of the Silvergate Prospectus Supplement filed with the SEC on January 25, 2021 ("January 2021 Prospectus Supplement"), which is publicly available on the SEC website at www.sec.gov/edgar.

3. **Exhibit C** – a true and correct copy of the Silvergate Form 10-K for the fiscal year ended December 31, 2020, filed with the SEC on March 8, 2020 ("2020 Form 10-K"), which is publicly available on the SEC website at www.sec.gov/edgar.

4. **Exhibit D** – a true and correct copy of the Silvergate Prospectus Supplement filed with the SEC on March 9, 2021 ("March-May 2021 Prospectus Supplement"), which is publicly available on the SEC website at www.sec.gov/edgar.

5. **Exhibit E** – a true and correct copy of the Silvergate Prospectus Supplement filed with the SEC on July 30, 2021 ("July 2021 Prospectus Supplement"), which is publicly available on the SEC website at www.sec.gov/edgar.

6. **Exhibit F** – a true and correct copy of the Silvergate Prospectus Supplement filed with the SEC on December 8, 2021 ("December 2021 Prospectus Supplement"), which is publicly available on the SEC website at www.sec.gov/edgar.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

UNDERWRITER DEFS' REQ. FOR CONSIDERATION
UNDER INCORP. BY REF. & JUDICIAL NOTICE
CASE NO. 3:22-CV-01936-JES-MSB

These documents are properly considered by the Court because they are both incorporated by reference into the Complaint and subject to judicial notice. Plaintiffs' claims against the Underwriter Defendants are based on statements in Exhibits A–F, and they are each quoted in the Complaint. These documents are therefore incorporated by reference into the Complaint. Likewise, all exhibits are subject to judicial notice under Federal Rule of Evidence 201 because they (1) are matters of public record or available in the public domain and (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

## II.     ARGUMENT

In ruling on a motion to dismiss, the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam). The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The doctrine precludes plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* And in considering whether a statement is false or misleading, courts must view that statement in the full context in which it was made. *See In re Eventbrite, Inc. Sec. Litig.*, No. 18-cv-02019, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[F]alse statements 'must be analyzed in context.'"); *see also In re Apple Inc. Sec. Litig.*, No. 19-cv-02033, 2020 WL 2857397, at *5 n.2 (N.D. Cal. June 2, 2020) (in determining defendant's motion to dismiss, considering cautionary statements, risk disclosures, and the context provided in documents containing allegedly misleading statements).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

UNDERWRITER DEFS' REQ. FOR CONSIDERATION
UNDER INCORP. BY REF. & JUDICIAL NOTICE
CASE NO. 3:22-CV-01936-JES-MSB

## A.    All Exhibits Are Incorporated by Reference in the Complaint

A document is incorporated by reference in a pleading if the plaintiff "'extensively' refer[s] to the document or else the document . . . 'form[s] the basis of the plaintiff's claim.'" *In re Apple*, 2020 WL 2857397, at *5. This rule applies even where a complaint does not explicitly mention a document by name or references only part of it. *See, e.g.*, *In re Intel Corp. Sec. Litig.*, No. 18-cv-00507, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (considering documents cited throughout complaint); *Park v. GoPro, Inc.*, No. 18-cv-00193, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (considering filings partially quoted in complaint); *In re Violin Memory Sec. Litig.*, No. 13-CV-5486, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (considering defendant's prospectus under incorporation-by-reference doctrine); *In re CNET Networks, Inc. S'holder Derivative Litig.*, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) ("On considering a motion to dismiss, judicial notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference."). A document incorporated by reference is considered "part of the complaint," and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

Plaintiffs extensively reference, quote, and rely on Exhibits A-F in their Complaint, which means these documents are incorporated by reference and properly considered in their entirety:

1. **Exhibit A**, the 2019 Form 10-K – Plaintiffs allege that Exhibit A contains purportedly false and misleading statements giving rise to their claims under the Securities Act of 1933. *See, e.g.,* AC ¶¶ 332, 336(b)-(e), 383, 406, 408, 420, 430-35, 437, 439, 444-49, 451-55.

2. **Exhibit B**, the 2020 Form 10-K – Plaintiffs allege that Exhibit B contains purportedly false and misleading statements giving rise to their claims under the Securities Act of 1933. *See, e.g.,* AC ¶¶ 333-35, 336(a)-(e), 383, 406, 420, 430-35, 437, 439, 444-49, 451-55.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

UNDERWRITER DEFS' REQ. FOR CONSIDERATION
UNDER INCORP. BY REF. & JUDICIAL NOTICE
CASE NO. 3:22-CV-01936-JES-MSB

3. **Exhibit C**, the December 2021 Prospectus Supplement – Plaintiffs allege that Exhibit C contains purportedly false and misleading statements giving rise to their claims under the Securities Act of 1933. *See, e.g.,* AC ¶¶ 335, 336(a)-(b), 383, 406, 420, 430-35, 437, 439, 444-49, 451-55.

4. **Exhibit D**, the January 2021 Prospectus Supplement – Plaintiffs allege that Exhibit D contains purportedly false and misleading statements giving rise to their claims under the Securities Act of 1933. *See, e.g.,* AC ¶¶ 332, 336(a)-(b), 383, 406, 420, 430-35, 437, 439, 444-49, 451-55.

5. **Exhibit E**, the July 2021 Prospectus Supplement – Plaintiffs allege that Exhibit E contains purportedly false and misleading statements giving rise to their claims under the Securities Act of 1933. *See, e.g.,* AC ¶¶ 334, 336(a)-(b), 383, 406, 420, 430-35, 437, 439, 444-49, 451-55.

6. **Exhibit F**, the March-May 2021 Prospectus Supplement – Plaintiffs allege that Exhibit F contains purportedly false and misleading statements giving rise to their claims under the Securities Act of 1933. *See, e.g.,* AC ¶¶ 333, 336(a)-(b), 383, 406, 420, 430-35, 437, 439, 444-49, 451-55.

Because Plaintiffs extensively reference, quote, and rely on these documents in support of their causes of action, the exhibits are incorporated by reference into the Complaint and appropriately considered in their entirety in deciding the Motion to Dismiss. *See In re Fastly, Inc. Sec. Litig.,* No. 20-cv-06024, 2021 WL 5494249, at *5-7 (N.D. Cal. Nov. 23, 2021) (treating SEC filings quoted in complaint as incorporated by reference); *Boston Ret. Sys. v. Uber Techs., Inc.*, No. 19-cv-06361, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020) (same); *Park*, 2019 WL 1231175, at *6-7 (same).

**B.     All Exhibits Are Properly Subject to Judicial Notice**

Additionally, the Court may take judicial notice of matters that are "not subject to reasonable dispute" because they either (1) are "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

4

UNDERWRITER DEFS' REQ. FOR CONSIDERATION
UNDER INCORP. BY REF. & JUDICIAL NOTICE
CASE NO. 3:22-CV-01936-JES-MSB

securities case." *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008). This Court may consider "any matter subject to judicial notice, such as SEC filings" in ruling on the Motion to Dismiss. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006).

All exhibits to the Hegt Declaration are subject to judicial notice because they are matters of public record (or otherwise available in the public domain) that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Courts regularly take judicial notice of SEC filings in connection with motions to dismiss in securities class actions. *See Boston Ret. Sys.*, 2020 WL 4569846, at *2 n.4 (taking judicial notice of SEC filings and press releases); *Dreiling*, 458 F.3d at 946 n.2 (listing "SEC filings" as example of "matter[s] subject to judicial notice").

Exhibits A through F are all documents Silvergate publicly filed with the SEC. The fact that these filings contain certain statements (in addition to the partial quotations of the statements that appear in the Complaint) is a fact capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar. As a result, the Court may take judicial notice of these exhibits to show that Silvergate "made the statements contained therein." *Russian Hill Cap., LP v. Energy Corp. of Am.*, No. 15-cv-02554, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of SEC filings); *see also In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 929-30 (N.D. Cal. 2022) (taking judicial notice of SEC filings and noting that courts "routinely take judicial notice of these types of documents for . . . determining what information was available to the market"); *Intel*, 2019 WL 1427660, at *7 (taking judicial notice of SEC filing not otherwise incorporated by reference in complaint).

## III.   CONCLUSION

The Underwriter Defendants respectfully request that the Court consider Exhibits A through F in assessing the Motion to Dismiss.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

UNDERWRITER DEFS' REQ. FOR CONSIDERATION
UNDER INCORP. BY REF. & JUDICIAL NOTICE
CASE NO. 3:22-CV-01936-JES-MSB

Dated:  July 10, 2023

LATHAM & WATKINS LLP


/s/ Michele D. Johnson
Michele D. Johnson
Email: michele.johnson@lw.com


    Attorneys for Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

6

UNDERWRITER DEFS' REQ. FOR CONSIDERATION
UNDER INCORP. BY REF. & JUDICIAL NOTICE
CASE NO. 3:22-CV-01936-JES-MSB