**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
LAUREN M. CRUZ (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

**COHEN MILSTEIN SELLERS &
  TOLL PLLC**
CAROL V. GILDEN (*pro hac vice*)
cgilden@cohenmilstein.com
190 S. LaSalle Street, Suite 1705
Chicago, IL 60603
Tel: (312) 629-3737

*Lead Counsel for Plaintiffs
and the proposed Class*

[Additional counsel on signature page]

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB |
| | CLASS ACTION |
| | **PLAINTIFFS' OPPOSITION TO THE SECURITIES ACT DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE** |
| | Date: November 29, 2023 Time: 9:00 a.m. Dept: 4B Hon. James E. Simmons, Jr. |

PLAINTIFFS' OPPOSITION TO SECURITIES ACT
DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE

CASE NO. 22-CV-1936-JES-MSB

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................1

II.    ARGUMENT.........................................................................................2

    A.    Whether the Purported Risk Disclosures Revealed
          the Truth of the Alleged Misstatements Is a
          Disputed Factual Issue that Cannot Be Decided
          Now by Judicial Notice...............................................................4

    B.    Whether Plaintiffs Purchased in the Offerings
          Cannot Be Decided Now by Judicial Notice. ............................5

    C.    Whether the Underwriter Defendants Underwrote
          the March-May 2021 Offering Cannot Be Decided
          Now by Judicial Notice...............................................................6

    D.    The Directors' "Retirement" Is Irrelevant. ...............................6

III.   CONCLUSION.....................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc. Sec. Litig.*,
 2020 WL 2857397 (N.D. Cal. June 2, 2020)......................................................4

*Berson v. Applied Signal Tech., Inc.*,
 527 F.3d 982 (9th Cir. 2008) .............................................................................4

*Boston Ret. Sys. v. Uber Techs., Inc.*,
 2020 WL 4569846 (N.D. Cal. Aug. 7, 2020) .....................................................3

*In re CNET Networks, Inc.*,
 483 F. Supp. 2d 947 (N.D. Cal. 2007)................................................................3

*In re ECOtality, Inc. Sec. Litig.*,
 2014 WL 4634280 (N.D. Cal. Sept. 16, 2014) ...................................................3

*In re Extreme Networks, Inc. S'holder Deriv. Litig.*,
 573 F. Supp. 2d 1228 (N.D. Cal. 2008)..............................................................3

*Fed. Hous. Fin. Agency v. Bank of Am. Corp.*,
 2014 WL 7232339 (S.D.N.Y. Dec. 18, 2014) ....................................................6

*Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*,
 68 F. Supp. 3d 499 (S.D.N.Y. 2014) ..................................................................5

*In re Immune Response Sec. Litig.*,
 375 F. Supp. 2d 983 (S.D. Cal. 2005).................................................................2

*In re Intel Corp. Sec. Litig.*,
 2019 WL 1427660 (N.D. Cal. Mar. 29, 2019) ...................................................4

*Khoja v. Orexigen Therapeutics, Inc.*,
 899 F.3d 988 (9th Cir. 2018) ....................................................................*passim*

*Lee v. City of Los Angeles*,
 250 F.3d 668 (9th Cir. 2001) ..............................................................................2

*Marder v. Lopez*,
 450 F.3d 445 (9th Cir. 2006) ..............................................................................3

*Park v. GoPro, Inc.*,
 2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ...................................................4

*In re Pivotal Sec. Litig.*,
2020 WL 4193384 (N.D. Cal. July 21, 2020) .......................................................7

*Russian Hill Cap., LP v. Energy Corp. of Am.*,
2016 WL 1029541 (N.D. Cal. Mar. 15, 2016) .....................................................3

*In re Splunk Inc. Sec. Litig.*,
592 F. Supp. 3d 919 (N.D. Cal. 2022)..............................................................3, 5

*United States v. Corinthian Colls.*,
655 F.3d 984 (9th Cir. 2011) ...............................................................................2

*In re Violin Memory Sec. Litig.*,
2014 WL 5525946 (N.D. Cal. Oct. 31, 2014) .....................................................3

*Voss v. Sutardja*,
2015 WL 349444 (N.D. Cal. Jan. 26, 2015)........................................................3

Plaintiffs hereby respond to the Underwriter Defendants' Request for Judicial Notice (ECF No. 71-2) (the "UW RJN") of Exhibits A-F attached to the Declaration of Jason C. Hegt and the Director Defendants' Request for Judicial Notice (ECF No. 70-1) (the "Dir. RJN") of Exhibits 1-4 attached to the Declaration of Jonathan A. Shapiro, respectively (and hereinafter "Underwriter Exhibit _", "Director Exhibit _"), and filed concurrently with the Underwriters' Motion to Dismiss (ECF No. 71-1) (the "UW Br.") and the Director Defendants' Motion to Dismiss (ECF No. 70) (the "Dir. Br.).[1]

## I.    INTRODUCTION

Plaintiffs agree that Underwriter Exhibits A-F and Director Exhibits 2-4 are "incorporated by reference" in the Complaint because these documents comprise the defective registration statements and prospectuses (or documents incorporated by reference therein) for the securities that are the subject of Plaintiffs' claims under the Securities Act of 1933. Plaintiffs also agree that, in deciding whether the Complaint alleges misstatements or omissions in these documents, the Court may consider their "entirety" and "full context" and that the Court may take judicial notice of the fact that "Silvergate 'made the statements contained therein.'" UW RJN 2, 4, 5.[2]

Unfortunately, the Underwriter and Director Defendants' Requests for Judicial Notice are not limited to this narrow purpose, but rather extend to the improper purpose of attempting "to present their own version of the facts at the

---

[1] The Underwriter Defendants' Motion to Dismiss also adopts certain improper arguments from the Silvergate Defendants' Motion to Dismiss (ECF No. 66-1) (the "SI Br."). *See, e.g.*, UW Br. 20, 25 (adopting the argument that FTX lied to Silvergate, which is based on extrinsic evidence). Plaintiffs are filing a separate opposition to the Silvergate Defendants' Request for Judicial Notice (ECF No. 66-3).

[2] Citations to "¶_" are to the Complaint (ECF No. 43), "emphasis is added; and citations, alterations, and quotations are omitted.

pleading stage," and thus "short-circuit the resolution of a well-pleaded claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999, 1003 (9th Cir. 2018).

Specifically, the Underwriter and Director Defendants both wrongly urge the Court to find—contrary to the Complaint's well-pleaded allegations—that the "risk disclosures" in their exhibits disclosed the full truth and thus prevented any reasonable investor from being misled by their misstatements. *See* UW Br. 4-5 & n.3, 20, 24-25 (citing UW Ex. A-F); Dir. Br. 13, 17 (citing Dir. Ex. 4). The Underwriter Defendants further urge the Court to find—also contrary to the Complaint's well-pleaded allegations—that Plaintiffs could not have purchased securities in some of the 2021 Offerings (UW Br. 10 n.6 (citing UW Exs. B, F)) and that the Underwriter Defendants were not really underwriters for one of the four Offerings (UW Br. 4, 12, 16 (citing UW Exs. B, D)). And the Director Defendants ask the Court to find the irrelevant fact that, after all the relevant events, they "retired." Dir. Br. 3 n.1 (citing Dir. Ex. 1).

The Court should decline to engage in the fact-finding urged by the Underwriter and Director Defendants, and defer consideration of these issues, to the extent relevant, until a full record is available.

## II. **ARGUMENT**

Generally, "district courts may not consider material outside of the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Orexigen*, 899 F.3d at 998. Judicial notice and the incorporation-by-reference doctrines are "narrow" exceptions to this general rule. *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005).

Judicial notice cannot be taken of "*disputed* facts stated in public records," *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), or "when the substance of the [document] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'" *Orexigen*, 899 F.3d at 1000; *see also United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) ("[W]e

may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed.").

The Underwriter Defendants assert that the Court "'may assume'" that incorporated documents' "'contents are true for purposes of a motion to dismiss.'" UW RJN 3 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). The Underwriter Defendants' citation is misleading because it omits *Orexigen*'s important clarification of that exact quote from *Marder*: "While this is generally true, it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." 899 F.3d at 1003.[3] Where, as here, the incorporated documents are alleged to contain misstatements, to assume their truth would make it "impossible ever to successfully plead a fraud claim" (or, as here, a non-fraud Securities Act claim). *In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014).[4]

---

[3] *In re Violin Memory Securities Litigation*, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (UW RJN 3), which pre-dates *Orexigen*, relies upon the same quoted language from *Marder*. Other pre-*Orexigen* cases include: *Russian Hill Capital, LP v. Energy Corp. of America*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (UW RJN 5); *Voss v. Sutardja*, 2015 WL 349444, at *5 (N.D. Cal. Jan. 26, 2015) (Dir. RJN 1); *In re Extreme Networks, Inc. Shareholder Derivative Litigation*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008) (UW RJN 5); and *In re CNET Networks, Inc.*, 483 F. Supp. 2d 947 (N.D. Cal. 2007) (UW RJN 3). As the Ninth Circuit later explained in *Orexigen*, these cases reflect the misuse of judicial notice and the "concerning pattern in securities cases" of the abuse of judicial notice to dispute the complaint's allegations. *Orexigen*, 899 F.3d at 998.

[4] Many cases cited by the Underwriter Defendants agree that judicial notice may not be used to establish the truth of a document's contents. *See, e.g.*, *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (UW RJN 5) ("[T]he Court will take judicial notice of the statements in these documents, but not for the truth of the matters asserted therein or for the purpose of resolving factual disputes."); *Russian Hill*, 2016 WL 1029541, at *3 (UW RJN 5) ("But the Court does not assume the truth of those statements to the extent that Plaintiff might contest their veracity."); *Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *3 (N.D.

---

The Underwriter and Director Defendants' Requests for Judicial Notice overstep in four areas.

### A. Whether the Purported Risk Disclosures Revealed the Truth of the Alleged Misstatements Is a Disputed Factual Issue that Cannot Be Decided Now by Judicial Notice.

First, while the Court can take judicial notice of the risk disclosures and read them together with the alleged misstatements, the Underwriter and Director Defendants' argument—that, in light of the risk disclosures, no reasonable investor could have been misled by the misstatements—goes far beyond what can be found at this stage via judicial notice. *See* UW Mot. 4-5 & n.3, 20, 24-25 (citing UW Ex. A-F); Dir. Br. 13, 17 (citing Dir. Ex. 4).

Judicial notice is not appropriate "when the substance of the [document] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'" *Orexigen*, 899 F.3d at 1000. When there can be reasonable dispute, it is an abuse of discretion to use judicial notice "to determine what the investors knew." *Id.*; *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 986 (9th Cir. 2008) (refusing to accept contention that purported disclosures revealed the truth to investors as a matter of law).[5]

---

Cal. Aug. 7, 2020) (UW RJN 4) ("'[J]udicial notice of these documents' will be taken 'not for the truth of the matter asserted, but 'for the purpose of showing that particular information was available to the stock market.'"); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (UW RJN 3) (taking judicial notice "not for the truth of its content"); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (UW RJN 3) ("[T]he Court takes notice that the statements were made but does not accept the truth of the matter asserted.").

[5] *In re Apple Inc. Securities Litigation*, 2020 WL 2857397, at *5 n.2, *12-14 (N.D. Cal. June 2, 2020) (UW RJN 2), an Exchange Act case, took judicial notice of cautionary statements and risk disclosures in the context of the PSLRA's "safe harbor" for forward-looking statements. *See* 15 U.S.C. § 78u-5(c). None of the Motions to Dismiss in this case argue that the safe harbor applies.

As explained in Plaintiffs' opposition to the Motions to Dismiss the Securities Act claims (at pp. 24-25), the purported risk disclosures do nothing to cure the misleading statements, and at a minimum, this issue presents a disputed factual issue that cannot be resolved at the pleading stage. Indeed, as *Splunk*, 592 F. Supp. 3d 919 (cited in UW RJN 5), explains: "Where, as here, reasonable minds could differ as to the adequacy of [defendant's] disclosure with respect to the [alleged misstatement], the question of whether that disclosure was adequate to render the challenged statements not misleading cannot be resolved as a matter of law." *Id.* at 940 (citing *Orexigen*, 899 F.3d at 1014); *id.* at 946 ("whether the disclosures Defendants point to were sufficient to reveal to investors [the omissions] . . . that form the basis of [p]laintiff's claims is one that cannot be resolved at this stage of the litigation").

### B. Whether Plaintiffs Purchased in the Offerings Cannot Be Decided Now by Judicial Notice.

The Underwriter Defendants next seek judicial notice of certain dates in the January and December 2021 Offering Documents, which, they argue, are inconsistent with the Complaint's allegation that Plaintiffs purchased in some of the Offerings. *See* UW Br. 10 n.6 (citing UW Exs. B, F).

This argument is improper because it impermissibly "assume[s] the truth" (*Orexigen*, 899 F.3d at 1003) of the contents of the exhibits, and further because it confuses the offering dates and Plaintiffs' trade dates, on the one hand, with the closing or settlement dates, on the other hand—a confusion that will easily be cleared up on a full record. The Complaint alleges that Plaintiffs bought in the Offerings, on the offering dates, and at the offering prices, which is sufficient to allege standing at this stage. *See* Pltfs.' Opp. to Securities Act Defendants' Motion to Dismiss at 11-17. Any other timing issues should not be considered because they are irrelevant. *See Orexigen*, 899 F.3d at 1000 n.5 (court should not take judicial notice of "irrelevant fact"); *Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, 68 F. Supp. 3d 499 (S.D.N.Y. 2014) (granting plaintiff's motion *in limine* because fact that

plaintiff purchased before date of final prospectus is irrelevant); *Fed. Hous. Fin. Agency v. Bank of Am. Corp.*, 2014 WL 7232339, at \*7 (S.D.N.Y. Dec. 18, 2014) (denying motion to dismiss based on argument that plaintiff purchased before date of final prospectus).

**C.     Whether the Underwriter Defendants Underwrote the March-May 2021 Offering Cannot Be Decided Now by Judicial Notice.**

The Underwriter Defendants also seek judicial notice of Underwriter Exhibit D for the improper purpose of disputing the Complaint's well-pleaded allegation that they underwrote the March-May 2011 Offering. *See* UW Br. 4, 12, 15-16 (citing UW Ex. D).  Exhibit D, they say, conclusively establishes that they were merely "market maker[s]" for that offering. *Id.*

This argument too is improper because it impermissibly "assume[s] the truth" (*Orexigen*, 899 F.3d at 1003) of Underwriter Exhibit D's description of a contract between Silvergate and the Underwriter Defendants. *See* UW Ex. D at 344. Also, that partial description of the contract does not establish that the Underwriter Defendants were not statutory sellers. The Underwriter Defendants promoted and solicited purchases from the offering, for financial gain, which is sufficient to establish their liability. *See* Pltfs.' Opp. to Securities Act Defendants' Motion to Dismiss at 30-35. The Underwriter Defendants do not contend that the actual contract is appropriate for judicial notice or incorporated by reference, and it is not now before the Court.

**D.     The Directors' "Retirement" Is Irrelevant.**

Finally, there is no "retirement" defense to liability under the Securities Act. *See* Pltfs.' Opp. to Securities Act Defendants' Motion to Dismiss at 17 n. 10 (citing *Brown v. China Integrated Energy, Inc.*, 2013 WL 12124124, at \*12 (C.D. Cal. Apr. 22, 2013) (imposing Section 11 liability on retired director who signed registration statement)).  As a result, Director Exhibit 1 is irrelevant and should not be

considered. *See Orexigen*, 899 F.3d at 1000 n.5 (court should not take judicial notice of "irrelevant fact"); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020) (denying request for judicial notice because document was "not relevant to the Court's analysis").

## III.    CONCLUSION

For the reasons above, the Court should consider Underwriter Exhibits A-F and Director Exhibits 2-4 only for the fact that Silvergate made the statements therein and should otherwise deny the Underwriter and Director Defendants' Requests for Judicial Notice.

Dated:  September 8, 2023

Respectfully submitted,

*/s/ Carol V. Gilden\**

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Carol V. Gilden (*pro hac vice*)
cgilden@cohenmilstein.com
190 S. LaSalle Street, Suite 1705
Chicago, IL 60603
Tel: (312) 629-3737

*-and-*

Steven J. Toll (admitted *pro hac vice*)
stoll@cohenmilstein.com
S. Douglas Bunch (*pro hac vice*)
dbunch@cohenmilstein.com
Jan Messerschmidt (*pro hac vice*)
jmesserschmidt@cohenmilstein.com
Brendan Schneiderman (*pro hac vice*)
bschneiderman@cohenmilstein.com
1100 New York Avenue, N.W.
Suite 500
Washington, DC 20005
Tel: (202) 408-4600

*-and-*

Christina D. Saler (*pro hac vice*)

*/s/ Jonathan D. Uslaner*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*-and-*

John J. Rizio-Hamilton (*pro hac vice* pending)
johnr@blbglaw.com
Shane V. Avidan (*pro hac vice* pending)
shane.avidan@blbglaw.com
Nicole Santoro (*pro hac vice* pending)
nicole.santoro@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400

100 N. 18th Street
Suite 1820
Philadelphia, PA 19103
Tel: (267) 479-5707

*Lead Counsel for Plaintiffs and the proposed Class*

\*All electronic signatures ("*/s/*") are signed with consent of counsel pursuant to Section 2(F)(4) of this Court's Electronic Case Filing Administrative Policies and Procedures Manual, as of July 24, 2023.