MATTHEW S. SHELDON (*pro hac vice*; VABN 73734)
**GOODWIN PROCTER LLP**
1900 N Street. N.W.
Washington. DC 20036-1612
Phone: (202) 346-4000
Fax: (202) 346-4444

JONATHAN A. SHAPIRO (SBN 257199)
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco. CA 94111-4003
Phone: (415) 733-6000
Fax: (415) 677-9041

AARON S. THOMPSON (SBN 272391)
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, CA 90401
Phone: 424-252-6400
Fax: 424-252-6401

*Attorneys for Defendants*
*Dennis S. Frank and Robert C. Campbell*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION. | Case No. 3:22-cv-01936-JES-MSB<br><br>**DEFENDANTS DENNIS S. FRANK'S AND ROBERT C. CAMPBELL'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:  November 29, 2023<br>Time:  9:00 a.m.<br>Judge:  Hon. James E. Simmons, Jr.<br>Courtroom:  4b |

Plaintiffs' "omnibus" Opposition ("Opp.," Dkt. No. 81) literally ignores—and therefore does not overcome—the *separate* Motion to Dismiss filed by Dennis S. Frank and Robert C. Campbell ("Frank/Campbell Motion," Dkt. No. 70), two retired directors who have been sued for reasons that Plaintiffs plainly cannot explain.

The Opposition acknowledges the existence of Messrs. Frank and Campbell precisely five times. *See* Opp. at 4, 10, 17 n.10, 33, 34. Four of those references are definitional—tossing these gentleman in with an undifferentiated category of "executive defendants," which is not a factual basis to sustain a complaint against them. *See* Opp. at 4, 10, 33, 34. In the fifth reference, Plaintiffs trivialize that being a retiree isn't a defense, Opp. at 17 n.10, which would only be a fair argument if the Complaint actually alleged that Frank and Campbell did something to violate the securities laws prior to retiring.

First, with respect to the Section 12(a)(2) Claim (Count IV), Plaintiffs are just wrong that Messrs. Frank and Campbell are "statutory sellers" because they "signed the very Offering Documents at issue." *See* Opp. at 4:23-24; *see also* 33:21-23. That ignores the Ninth Circuit law that a "statutory seller," does not "simply *urge* another to purchase a security"; rather a "plaintiff *must* show that the defendants *solicited* [the] purchase of the securities *for their own financial gain*." *In re Daou Sys., Inc.*, 411 F.3d 1006, 1029 (9th Cir. 2005) (emphasis added). The Opposition does not substantively address the other authorities that require dismissal of Messrs. Frank and Campbell from Count IV. *See* Frank/Campbell Motion at 7.

Further, every solicitation-related case before this Court makes clear that it is never enough to merely allege that a defendant signed a registration statement, which is the most that Plaintiffs claim to have alleged in their Complaint, *see* Opp. at 33:21-23. For example, the three primary cases cited in the Opposition each explicitly noted that those plaintiffs—*unlike these*—pled more than a mere signature. *See In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 549-550 (N.D. Cal. 2009) (complaint sufficient because it alleged defendant "actively solicited" sale); *In re Nat'l Golf Props., Inc. Sec.*

1

DEFS. FRANK'S AND CAMPBELL'S REPLY ISO MOTION TO DISMISS

CASE NO. 3:22-CV-01936-JES-MSB

*Litig.*, 2003 WL 23018761, at *3 (C.D. Cal. Mar. 19, 2003) (plaintiffs pleaded financial interest); *In re Portal Software, Inc. Sec. Litig.*, 2006 WL 2385250, at *4 (N.D. Cal. 2006) (defendants personally helped prepare prospectus).

Simply put, Plaintiffs allege *nothing more* than that Messrs. Frank and Campbell signed the registration statements.  That is a far cry from a factual pleading that they marketed, "actively solicited," or had financial interest in the sales.  That imperils the Section 12(a) claim as a matter of law.  *See, e.g.*, *Vignola v. FAT Brands, Inc.*, 2019 WL 6138473, at *9 (C.D. Cal. June 14, 2019) ("[S]imple involvement in preparing a registration statement or prospectus . . . is not enough by itself to establish . . . statutory seller status.") (internal quotation marks and citations omitted).

Second, with respect to the Section 11 Claim (Count III), Plaintiffs do not even claim to have purchased shares traced to—that is, directly issued under—the registration statements dated January 20 and July 28, 2021, i.e., the *only* ones signed by Messrs. Frank and Campbell.  *See* Frank/Campbell Motion at 1.  The Opposition only spotlights that failure to plead standing: Plaintiffs make a (never-sufficient) claim to have purchased shares—from an unspecified source—at the same price as the "public offering price" on January 22, 2021 and December 7, 2021.  *See, e.g.*, Opp. at 12.  That is precisely the identical "at the same price" argument that Ninth Circuit courts have rejected for years. *See, e.g.*, *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1054-55 (N.D. Cal. 2016) (no Section 11 standing where, as here, "Plaintiffs do not argue or allege that they purchased their shares directly from defendants," finding allegations deficient even though plaintiffs argued "they purchased their shares on the day of the [offering] and for the same offering price"); *Jedrzejczyk v. Skillz Inc.*, 2022 WL 2441563, at *7 (N.D. Cal. July 5, 2022) ("alleging that someone bought shares on the day of the . . . Offering at the offering price is inadequate to establish statutory standing at this stage, due to a significant possibility that the shares purchased originated from the prior offering

DEFS. FRANK'S AND CAMPBELL'S REPLY ISO MOTION TO DISMISS

CASE NO. 3:22-CV-01936-JES-MSB

but were being traded at the secondary offering price").[1]

Simply put, Silvergate closed *many* public offerings, pursuant to many registration statements  *See* Frank/Campbell Motion at 8 n.3 (showing there were far more shares on the open market than were available in the Offerings).[2]  Plaintiffs plead no basis to "trace" the fungible common shares they supposedly purchased to the only two registration statements signed by Messrs Frank and Campbell on January 20 and July 28, 2021.  *See* Frank/Campbell Motion at 1.  For these reasons, and those set forth in the contemporaneously filed Underwriters' brief at Section I.A, there is nothing in the Opposition or Complaint that can fix that problem.

Third, with respect to both Section 11 and 12(a)(2) claims (Counts III and IV), the Opposition does not point to any *factual pleading* of the materiality and falsity of any statement in the two registration statements Messrs. Frank and Campbell signed.  *See* Frank/Campbell Motion at 9-17.  Again, materiality and falsity must be assessed *on the date of the alleged false statement.  See id.* at 9, 10-11.

Plaintiffs resolutely fail to identify any fact that made any allegation related to diligence false on January 20, 2021 or July 28, 2021.[3]  And critically Plaintiffs fail  to

---

[1]  This complaint is even weaker than those dismissed in *Thomas* and *Jedrzejczyk* because these Plaintiffs do not claim to have bought anything "at the price" of the July 28, 2021 offering—so even if "same price" could plausibly establish standing (it doesn't), Messrs. Frank and Campbell still would need to be dismissed from the Section 11 claim against the second registration statement they allegedly signed, on July 28, 2021.

[2] *See In re LendingClub Sec. Litig.*, 282 F. Supp. 3d 1171, 1180 (N.D. Cal. 2017) ("Traceability . . . is not a matter of probability, but rather is construed literally and ***requires a showing*** that the shares purchased were actually the offending shares.") (emphasis added); *Thomas*, 167 F. Supp. 3d at 1054-55 (where, as here, company "issued shares under multiple registration statements . . . plaintiff '***must prove*** that her shares were issued under the allegedly false or misleading statement, rather than some other registration statement'") (emphasis added) (quoting *In re Century Alum. Co. Sec. Litig.*, 729 F.3d at 1104, 1106 (9th Cir. 2013)).

[3] Plaintiffs obfuscate their precise theory of liability.  Plaintiffs appear to contend that the

3

acknowledge that Messrs. Frank and Campbell could not possibly be liable for any statement other than those made on January 20 and July 28, 2021.  Nor do they acknowledge that Messrs. Frank and Campbell cannot be sued for any statement in January and July 2021 because the Complaint does not contain any allegations of contemporaneous falsity, but instead rests on allegedly contrary facts that arose *after* they retired.  *See* Frank/Campbell Motion at 3 & n.1; *see also, e.g.*, *id.* at 11, 15 n.6.

Finally, for the foregoing reasons, Plaintiffs fail to state a claim under Section 15. *See, e.g.*, *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *9; *see also* Frank/Campbell Motion at 17-18.

For the reasons set forth above, in Messrs. Frank and Campbell's Motion to Dismiss, and in the Underwriters' and Company's motions to dismiss and replies in support thereof, Plaintiffs' three Securities Act claims against Messrs. Frank and Campbell should be dismissed, with prejudice.

---

Company failed to conduct *any* diligence.  *See, e.g.*, Opp. at 2:14-16 ("Had Silvergate done even a fraction of the represented onboarding, due diligence, and ongoing monitoring that it promised investors in the Offering Documents . . . ."); *id.* at 19:1-5 ("Silvergate performed <u>no</u> due diligence before onboarding customers . . . .").  Yet, the Complaint and Opposition acknowledge that there was at least some diligence.  *See, e.g.*, Opp. at 2:3-5 (referring to "the due diligence and ongoing monitoring procedures that [Silvergate] represented it did in the Offering Documents").  If Plaintiffs truly allege *no* diligence, they studiously ignore that the Complaint itself pleads facts sufficient to disprove this allegation.  *See* AC ¶¶ 340, 343; *see also* Frank/Campbell Motion at 16.  If Plaintiffs' theory is instead about the degree and quality of Silvergate's diligence, Plaintiffs fail to engage in any meaningful way with the standards and procedures of diligence *actually* conveyed in the Offering Documents.  *See, e.g.*, AC ¶ 43, fig. 1.

4

DEFS. FRANK'S AND CAMPBELL'S REPLY ISO MOTION TO DISMISS

CASE NO. 3:22-CV-01936-JES-MSB

Respectfully submitted.

Dated:        October 23, 2023        By:  */s/ Jonathan A. Shapiro*
JONATHAN A. SHAPIRO (SBN 257199)
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco. CA 94111-4003
Phone: (415) 733-6000
Fax: (415) 677-9041

MATTHEW S. SHELDON (*pro hac vice*)
**GOODWIN PROCTER LLP**
1900 N Street. N.W.
Washington. DC 20036-1612
Phone: (202) 346-4000
Fax: (202) 346-4444

AARON S. THOMPSON (SBN 272391)
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, CA 90401
Phone: 424-252-6400
Fax: 424-252-6401

*Attorneys for Defendants*
*Dennis S. Frank and Robert C. Campbell*

5