LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Email: michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel.: 714.540.1235
Fax: 714.755.8290

Douglas K. Yatter (SBN 236089)
Jason C. Hegt (admitted *pro hac vice*)
Email: douglas.yatter@lw.com
Email: jason.hegt@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel.: 212.906.1200
Fax: 212.751.4864

*Attorneys for Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB <br><br> **UNDERWRITER DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THE REQUEST FOR CONSIDERATION UNDER INCORPORATION BY REFERENCE AND JUDICIAL NOTICE** <br><br> Date: November 29, 2023 <br> Time: 9:00 a.m. <br> Courtroom: 4B <br> Judge: Hon. James E. Simmons, Jr. |

## I.    INTRODUCTION

In connection with their motion to dismiss, the Underwriter Defendants[1] asked this Court to treat six documents (the "2021 Offering Documents") as incorporated by reference into Plaintiffs' Amended Consolidated Class Action Complaint ("Complaint or "AC") and/or take judicial notice of those documents.  *See* ECF No. 71-2 ("Underwriter RJN").  Plaintiffs concede that the 2021 Offering Documents are subject to judicial notice and "are 'incorporated by reference' in the Complaint because these documents comprise the [written offering materials] for the securities that are the subject of Plaintiffs' claims under the Securities Act of 1933." Pl's Opp. to Underwriter & Director Defs.' Req. for Judicial Notice (ECF No. 82) ("RJN Response") at 1.  In light of Plaintiffs' admission that the documents are judicially noticeable and incorporated by reference into the AC, the Underwriter RJN should be granted in its entirety.  *See* Section II (A).

Plaintiffs' additional arguments about *how* the Court should construe the 2021 Offering Documents are irrelevant to this request and, in any event, without merit. *See* Section II (B).

## II.    ARGUMENT

### A.    Plaintiffs Concede That The Underwriter RJN Should Be Granted

"Plaintiffs agree that Underwriter Exhibits A-F . . . are 'incorporated by reference' in the Complaint . . .  and that the Court may take judicial notice of the fact that 'Silvergate made the statements contained therein.'"  RJN Response at 1. Plaintiffs also concede that "the Court can take judicial notice of the risk disclosures" contained in the proffered exhibits "and read them together with the alleged misstatements."  *Id.* at 4.  This ends the inquiry on whether the Court can consider

---

[1] The "Underwriter Defendants" are Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC.

the six 2021 Offering Documents, and the Court should grant the Underwriter RJN in its entirety.

### B.    Plaintiffs Ask the Court to Ignore Content That They Do Not Like

Although Plaintiffs concede the contents of these six documents, Plaintiffs nonetheless ask the Court to ignore specific words or pages that they do not like.  In particular, Plaintiffs object to this Court considering the following portions of these six documents:  (1) risk disclosures contained in the documents; (2) dates that the documents were published and dates they listed for expected delivery of shares in the relevant offerings; and (3) information about the structure of the at-the-market offering conducted from March to May 2021.  These arguments are without merit. The Court can consider the six 2021 Offering Documents for the purposes offered by the Underwriter Defendants.

**Risk Disclosures**:  Plaintiffs claim that the Court cannot consider the "risk disclosures" that appear in the six documents because whether the risk disclosures "revealed the truth of the alleged misstatements is a disputed factual issue."  RJN Response at 4.  This misses the point.  The Court is not being asked to determine whether *anything* "revealed the truth of the alleged misstatements."  Instead, the Underwriter Defendants merely ask the Court to read the 2021 Offering Documents as a whole to determine whether Plaintiffs have sufficiently alleged any statement to be materially misleading.  This long-standing rule regarding documents incorporated by reference is designed to prevent plaintiffs from surviving dismissal by "highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims."  *See Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019).  This is particularly critical in the context of Securities Act cases where courts have said that the entire at-issue offering document must be read together, *see In re CNET Networks, Inc. S'holder Derivative Litig.*, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007), and courts routinely dismiss securities claims after reviewing the risk disclosures in offering documents

because "the investing public is on notice of these risks." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 832 (C.D. Cal. 1998).

For example, Plaintiffs challenge the statement that "Silvergate performs 'thorough reviews . . . as part of [its] due diligence process," and allege it to be false because certain Silvergate customers subsequently were alleged to have engaged in unlawful conduct. AC ¶ 336(c). In other words, according to Plaintiffs, the existence of customer misconduct is inconsistent with performing "thorough reviews." The problem with this theory is that Plaintiffs omitted from their AC— and now ask this Court to ignore—that Silvergate warned that the exact opposite was true, explaining that "[w]hile we believe that our risk management and compliance framework . . . is reasonably designed . . . we cannot ensure that we will be able to detect any such illegal activity" and "it may be difficult or impossible for us to detect and avoid such [fraudulent] transactions in certain circumstances." *See, e.g.*, Ex. A (2019 Form 10-K) at 27. It is undisputed that Silvergate made these statements and Plaintiffs cannot ignore them in order to make it seem like Silvergate promised a perfect process that would detect all potential customer misconduct. *See, e.g.*, *Welgus v. TriNet Grp., Inc.*, No. 15-cv-03625, 2017 WL 6466264, at *24 (N.D. Cal. Dec. 18, 2017) (dismissing Securities Act claims where "Plaintiff would have the Court take these allegations out of context and turn a blind eye to TriNet's [risk] disclosures in the same Registration Statements" that were subject to judicial notice); *see also* ECF No. 71-1 (Underwriter Defs.' Mot. to Dismiss) at 19-21. In most securities cases, there is no dispute that the Court can consider the full text of the at-issue offering materials. Plaintiffs' insistence that the Court effectively ignore certain disclosures in this case is telling.[2]

---

[2] The RJN Response repeatedly cites *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) to accuse Underwriter Defendants of "impermissibly 'assum[ing] the truth'" of the contents of the 2021 Offering Documents. But as Plaintiffs concede, it is "generally true" that "incorporated documents' 'contents are true for purposes of a motion to dismiss.'" RJN Response at 3. *Khoja* merely articulates the exception to this general rule that "it is improper to assume the truth

**Dates In The 2021 Offering Documents**:  Plaintiffs next ask the Court to ignore "certain dates in the January and December 2021 Offering Documents" because Underwriter Defendants "impermissibly assume the truth" of the contents of the exhibits.  RJN Response at 5.  A court does not assume the truth of the document by noting the date it was published.  Indeed, Plaintiffs' objection is particularly puzzling because the AC itself correctly states the date that each of these documents was published.  *Compare* AC ¶ 332 ("Silvergate issued a Registration Statement…which was supplemented on January 25, 2021") and AC ¶ 335 (The "Registration Statement . . . was further supplemented on December 8, 2021") *with* Ex. B (Jan. 2021 ProSupp.) at 136 and Ex. F (Dec. 2021 ProSupp.) at 472.  There is likewise no dispute that the 2021 Offering Documents state that the date the shares for the January 2021 Offering would be delivered is "on or about January 26, 2021," and for the December 2021 Offering is "on or about December 9, 2021."  Ex. B (Jan. 2021 ProSupp.) at 136; Ex. F (Dec. 2021 ProSupp.) at 472.  To be sure, these dates are problematic for Plaintiffs on the merits.  Plaintiffs allege they purchased their Silvergate stock **before** these dates, which means they "cannot possibly 'trace' [their] purchases to an offering" document published several days later.  *See* ECF No. 71-1 (Underwriter Defs.' Mot. to Dismiss) at 10-12 & n.6 (quoting *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, 886 F. Supp. 2d 328, 339 (S.D.N.Y. 2012)).  But that is not a basis to ignore the information, and Plaintiffs offer none.

---

of an incorporated document *if such assumptions only serve to dispute facts* stated in a well-pleaded complaint."  *Khoja*, 899 F.3d at 1003 (emphasis added).  None of the 2021 Offering Documents are being offered for that purpose.  Instead, the Underwriter Defendants merely ask that the Court read the documents as whole when evaluating whether they were misleading and look to the 2021 Offering Documents for uncontested information about, for example, the dates of each offering.  In *Khoja*, the Ninth Circuit expressly permitted judicial notice for this purpose.  *See id.* at 1001-1005, 1007 (holding that it was proper to judicially notice "when [defendant] filed the [patent] Application" based on the filing date listed on the application and to consider "Analyst Reports and Blog Entries," a "Registration Statement," and an "FDA Report" based on the incorporation by reference doctrine).

**Structure of the March-May 2021 Offering**:  Lastly, Plaintiffs ask the Court to ignore information about the structure of the March-May 2021 Offering.  *See* RJN Response at 6.  Plaintiffs allege, without stating a single fact, that the Underwriter Defendants were "underwriters" of the shares issued by Exhibit D, which was the offering document for Silvergate's March-May 2021 at-the-market offering.  Although Plaintiffs quote extensively from Exhibit D, they ask the Court to ignore the parts of Exhibit D that say:  (i) none of the Underwriter Defendants were "required to sell any" shares, (ii) each could "decline[]" to sell, and (iii) purchases in this "at-the-market" offering would be made "directly on or through the New York Stock Exchange," "through a market maker," or through "privately negotiated transactions."  Ex. D (Mar.-May 2021 ProSupp.) at 321, 344.  Contrary to Plaintiffs' assertion (RJN Response at 6), the Underwriter Defendants are not asking the Court to "conclusively establish[]" anything about their role.  To the contrary, these disclosures highlight only what is missing from the AC—*i.e.*, factual allegations about how any "sales agent" allegedly "participate[d] in the distribution of a security" in this offering, which "is crucial to the definition of 'underwriter.'"  *See McFarland v. Memorex Corp.*, 493 F. Supp. 631, 644 (N.D. Cal. 1980).  Put another way, Exhibit D explains that each sales agent could undertake a range of different activities (or decide to do nothing at all) and the Court can take notice of Plaintiffs' failure to allege that any of those activities occurred.

For the reasons set forth above and in the Underwriter RJN, Underwriter Defendants' request should be granted.

Dated:  October 23, 2023

LATHAM & WATKINS LLP

/s/ Michele D. Johnson
Michele D. Johnson
Email: michele.johnson@lw.com

Attorneys for Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC