SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN P. STIGI III, Cal. Bar No. 208342
jstigi@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:   858.509.3691

POLLY TOWILL, Cal. Bar. No. 120420
ptowill@sheppardmullin.com
HEATHER L. PLOCKY, Cal. Bar No. 279022
hplocky@sheppardmullin.com
333 South Hope Street, 43d Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendants SILVERGATE CAPITAL
CORPORATION, ALAN J. LANE, ANTONIO
MARTINO, KAREN F. BRASSFIELD, PAUL D.
COLUCCI, THOMAS C. DIRCKS, AANCHAL
GUPTA, MICHAEL LEMPRES, SCOTT A. REED
and COLLEEN SULLIVAN

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION. | Case No. 3:22-cv-01936-JES-MSB<br><br>CLASS ACTION<br><br>**SILVERGATE DEFENDANTS':**<br><br>**(1) NOTICE OF RECENT AUTHORITY; AND**<br><br>**(2) RESPONSE TO LEAD PLAINTIFFS' NOTICE OF RECENT AUTHORITY**<br><br>Hon. James E. Simmons, Jr. |

Case No. 3:22-CV-01936-JES-MSB
SILVERGATE DEFENDANTS' (1) NOTICE OF RECENT AUTHORITY; AND
(2) RESPONSE TO LEAD PLAINTIFFS' NOTICE OF RECENT AUTHORITY

The Silvergate Defendants submit this Notice of Recent Authority to bring to the Court's attention a recent decision by the Ninth Circuit in *In re Sorrento Therapeutics, Inc. Securities Litigation*, 2024 U.S. App. LEXIS 6979 (9th Cir. Mar. 25, 2024), affirming the dismissal by this Court (Battaglia, J.) of a securities complaint for failure to state a claim.  Of particular relevance to the Silvergate Defendants' pending motion to dismiss is the Court's discussion of the importance of considering alternative inferences in the analysis of scienter, including innocent explanations for defendants' statements (*id.* at \*14-16, 18-19) and the absence of suspicious insider stock sales (*id.* at \*16-17, 18).  The Court's decision is attached as Exhibit A.

Separately, the Silvergate Defendants respectfully disagree that the order Lead Plaintiffs submitted to the Court in *Bhatia v. Silvergate Bank*, Case No. 3:23-cv-01406-RMB-BLM (S.D. Cal.) (ECF No. 103), has relevance to the pending motion to dismiss.  First, here, Lead Plaintiffs refer expressly to the indictment of Mr. Bankman-Fried in paragraph 100 of their Amended Complaint (ECF No. 43).  The indictment is thus incorporated by reference into the complaint, and the Court may take judicial notice of the entirety of the indictment (not just the portions Lead Plaintiffs highlight), particularly since there is no question as to its authenticity.  *See*, *e.g.*, *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007).

Second, as demonstrated in the Silvergate Defendants' reply memorandum (ECF No. 89, at 1:18-28), it is appropriate for the Court to consider the entirety of the indictment in order to weigh all competing inferences of scienter as required by the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and the Supreme Court's decision in *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007).  *See Sorrento*, 2024 U.S. App. LEXIS 6979, at \*16-18.  The PSLRA did not apply in *Bhatia*.

Third, the court in *Bhatia* did not analyze whether the specific statements at issue in this action were false or misleading, much less at the time they were made.

-1-    Case No. 3:22-CV-01936-JES-MSB

Dated:  March 27, 2024                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____/s/ JOHN P. STIGI III_____
                                                        JOHN P. STIGI III
                                    Attorneys for the SILVERGATE DEFENDANTS
                                    Email:  jstigi@sheppardmullin.com

SMRH:4876-1329-2465.4

Case No. 3:22-CV-01936-JES-MSB
SILVERGATE DEFENDANTS' (1) NOTICE OF RECENT AUTHORITY; AND
(2) RESPONSE TO LEAD PLAINTIFFS' NOTICE OF RECENT AUTHORITY