SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JOHN P. STIGI III, Cal. Bar No. 208342
jstigi@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691

POLLY TOWILL, Cal. Bar. No. 120420
ptowill@sheppardmullin.com
HEATHER L. PLOCKY, Cal. Bar No. 279022
hplocky@sheppardmullin.com
333 South Hope Street, 43d Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendants SILVERGATE CAPITAL CORPORATION, ALAN J. LANE, ANTONIO MARTINO, KAREN F. BRASSFIELD, PAUL D. COLUCCI, THOMAS C. DIRCKS, AANCHAL GUPTA, MICHAEL LEMPRES, SCOTT A. REED and COLLEEN SULLIVAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION. | Case No. 3:22-cv-01936-JES-MSB<br><br><u>CLASS ACTION</u><br><br>**SILVERGATE DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS' NOTICE OF RECENT AUTHORITY**<br><br>Hon. James E. Simmons, Jr. (Dept. 4B) |

The Silvergate Defendants[1] object to lead plaintiffs' *Notice of Recent Authority* (ECF No. 108; "Notice"), which purports to notify the Court of a complaint filed by the U.S. Securities and Exchange Commission ("SEC") against several of the Silvergate Defendants (the "SEC Complaint"). The Notice is improper. The SEC Complaint is not new "authority." *See Mills v. Union Pac. R.R. Co.*, 2024 U.S. Dist. LEXIS 9036, at *45-46 (D. Idaho Jan. 16, 2024) (striking similar notice because "a complaint is not an authority"). It consists only of allegations, not findings, which are no more "corroborative" of the CAC's allegations than if a private litigant had asserted them. The Notice also contains argument in opposition to the pending motions to dismiss that this Court must disregard. *See Little v. Grand Canyon Univ.*, 2022 U.S. Dist. LEXIS 16174, at *8 (D. Ariz. Jan. 28, 2022) ("[A] notice of supplemental authority . . . is not a venue for submission of additional argument or factual evidence.").

In any event, the SEC Complaint does not, as lead plaintiffs argue, "corroborate" their allegations or "undermine" the Silvergate Defendants' motion to dismiss:

- First, the SEC Complaint's claims for violations of Sections 17(a)(2) and (3) of the Securities Act, which are predicated on the BSA/AML allegations, do not require a showing of scienter. *See SEC v. Bartlett*, 2023 U.S. Dist. LEXIS 225476, at *9-10 (C.D. Cal. Sept. 12, 2023) ("[O]nly negligence is required for Section 17(a)(2) and (a)(3) violations."). The Silvergate Defendants' main challenge to the CAC's Exchange Act Claims concerns lead plaintiffs' failure to plead with particularity facts giving rise to a strong inference of scienter.
- Second, the SEC's allegations have no bearing whatsoever on the Securities Act Claims, as those claims are predicated on statements that post-date the 2021 securities offerings at issue in this case.

---

[1] Where not otherwise defined, capitalized terms herein have the same meaning as in the Silvergate Defendants' Motion to Dismiss the CAC. (*See* ECF No. 66-1.)

- Third, the SEC Complaint's theory of liability differs dramatically from that alleged in the CAC. The CAC alleges Silvergate "performed <u>no</u> due diligence" on its customers for the entire Class Period. (CAC ¶¶ 7, 337.) The SEC Complaint, however, alleges only that certain specific BSA/AML procedures relating to automated transaction monitoring of the SEN Network and the disposition of suspicious activity alerts were "inadequate." (SEC Complaint ¶¶ 61-85.) Further, the CAC alleges a broader set of BSA/AML control failures than alleged in the SEC Complaint. (*See, e.g.*, CAC ¶ 7 (customer vetting, site visits, KYC procedures, customer risk scoring, authorized wire limits, etc.).)
- Fourth, whereas the alleged Class Period here extends from November 7, 2019 through March 21, 2023 (CAC ¶ 461), the SEC Complaint's BSA/AML-related allegations are limited to statements on six dates between November 7, 2022 and January 5, 2023, a narrow period immediately following the collapse of FTX. (SEC Complaint ¶¶ 1, 95, 122, 131, 139, 150, 157.)

Finally, lead plaintiffs do not and cannot point to any terms in which the Silvergate Defendants admit any allegations against them. The decision to resolve regulatory actions does not impair their right to demand that lead plaintiffs satisfy the pleading requirements imposed by Rule 9(b) and the PSLRA. Thus, the Court should disregard Plaintiffs' Notice, or at a minimum read it with an accurate understanding of the SEC Complaint's lack of relevant to the pending action.

Dated: July 3, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ John P. Stigi III*
JOHN P. STIGI III
POLLY TOWILL
Attorneys for the SILVERGATE DEFENDANTS
Email: jstigi@sheppardmullin.com