LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Email: michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel.: 714.540.1235
Fax: 714.755.8290

Douglas K. Yatter (SBN 236089)
Jason C. Hegt (admitted *pro hac vice*)
Email: douglas.yatter@lw.com
Email: jason.hegt@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel.: 212.906.1200
Fax: 212.751.4864

*Attorneys for Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB<br><br>CLASS ACTION<br><br>**UNDERWRITER DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF RECENT AUTHORITY**<br><br>Courtroom: 4B<br>Judge: Hon. James E. Simmons, Jr. |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

UNDERWRITER DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF RECENT AUTHORITY
CASE NO. 3:22-CV-01936-JES-MSB

Plaintiffs' Notice of Recent Authority (ECF No. 108, the "Notice") regarding an SEC complaint (ECF No. 108-1, the "SEC Complaint") has no bearing on the claims against the Underwriter Defendants in this action.

*First*, as the Silvergate Defendants note, the allegations in the SEC Complaint are not new authority and the Notice contains a variety of improper legal arguments that should be disregarded. *See* ECF No. 109 at 2.

*Second*, the SEC Complaint has no bearing on the claims against the Underwriter Defendants in this case, which is limited to five statements made in connection with four offerings of Silvergate securities during 2021 (the "2021 Offerings"). By contrast, the first allegedly false or misleading statement identified in the SEC Complaint was made in November 2022—11 months after the final 2021 Offering and more than 22 months after the first offering.[1] Unsurprisingly, given this gap, the SEC Complaint does not even mention the 2021 Offerings, let alone any of the Underwriter Defendants.

*Third*, the SEC Complaint undermines Plaintiffs' theory of falsity—*i.e.*, that Silvergate had no compliance systems whatsoever during 2021. *See* ECF No. 71-1 (Underwriter Defs.' Mot. to Dism. Br.) at 21-24; ECF No. 92 (Underwriter Defs.' Reply) at 10-14. To the contrary, the SEC Complaint challenges the "effectiveness" or "adequa[cy]" of Silvergate's compliance systems, *see, e.g.*, SEC Complaint ¶¶ 1-3, and makes detailed allegations about these processes, *id.* ¶¶ 52-55 (alleging that "[u]ntil April 2021, Silvergate used an automated monitoring system" and "manual monitoring," and after that point "implemented a new automated transaction monitoring system" which it used until "March 2023"). In other words, even if

---

[1] Plaintiffs claim that two of the statements challenged in the SEC Complaint (*i.e.*, about "ongoing monitoring" of customers and having "enhanced procedures") are similar to those made in the 2021 Offerings. However, the SEC Complaint did not allege that those statements were false when first made in 2021, but instead alleged that these statements became false beginning in November 2022, based on events in April and November 2022. *See* SEC Compl. ¶ 80. The PSLRA does not permit Plaintiffs to plead falsity by hindsight. *See* Underwriter Defs.' Mot. to Dism. Br. at 24-25; Underwriter Defs.' Reply at 12-13.

1 | accepted as true, the SEC's allegations are irreconcilable with Plaintiffs' theory of
2 | falsity here.

3 | *Fourth*, nothing in the SEC Complaint addresses the threshold flaw in
4 | Plaintiffs' claims against the Underwriter Defendants because—despite being given
5 | multiple opportunities to do so—Plaintiffs still have not alleged (as required) facts
6 | sufficient to show that they purchased any securities from the Underwriter
7 | Defendants in the 2021 Offerings. *See* Underwriter Defs.' Mot. to Dism. Br. at 7-
8 | 17; Underwriter Defs.' Reply at 2-9.

Dated: July 9, 2024

Respectfully submitted,

**LATHAM & WATKINS LLP**

/s/ Michele D. Johnson
Michele D. Johnson
michele.johnson@lw.com

Attorneys for Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC