LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Email: michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel.: 714.540.1235
Fax: 714.755.8290

Douglas K. Yatter (SBN 236089)
Jason C. Hegt (admitted *pro hac vice*)
Email: douglas.yatter@lw.com
Email: jason.hegt@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel.: 212.906.1200
Fax: 212.751.4864

*Attorneys for Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB<br><br>**UNDERWRITER DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF RECENT AUTHORITY**<br><br>Courtroom: 4B<br>Judge: Hon. James E. Simmons, Jr. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

UNDERWRITER DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF RECENT AUTHORITY
CASE NO. 3:22-CV-01936-JES-MSB

The Underwriter Defendants respectfully submit this response to Plaintiffs' Notice of Recent Authority (ECF No. 115). The order attached to the notice, from a case captioned *Pappas v. Qutoutiao Inc.*, 2024 WL 4588491 (2d Cir. Oct. 28, 2024) (ECF No. 115-1) (the "Order"), does nothing to save Plaintiffs' claims under the Securities Act, which are the only claims against the Underwriter Defendants.

*First*, the unpublished and out-of-circuit Order does not purport to state new law. The quotation from the Order that Plaintiffs highlight is itself a quote from a Ninth Circuit decision issued more than twenty years ago in *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003), which was cited in the parties' motion to dismiss briefing. *See* ECF No. 70 at 5, 9; ECF No. 92 at 10. That decision recognized that Rule 9(b) applies where there is a "wholesale adoption of the allegations under the securities fraud claims for purposes of the Securities Act claims." *Vess*, 317 F.3d at 1104 (citation omitted). The Order does not change the law articulated in this previously-cited case decided more than two decades ago.

*Second*, Plaintiffs ignore the portion of the Order that confirms that when assessing the applicable pleading standard courts must look to "the conduct alleged," and "[a] plaintiff cannot avoid the strictures of Rule 9(b) by the mere expedient of disclaiming that its claims sound in fraud." *Pappas*, 2024 WL 4588491, at *2 (citations and quotations omitted). Indeed, the Ninth Circuit has long held that where "a complaint employs the exact same factual allegations to allege" Securities Act claims and fraud-based claims under the Exchange Act, "we can assume that [the complaint] sounds in fraud." *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009). Here, despite Plaintiffs' attempt to achieve cosmetic separation, there is an "obvious overlap" between both sets of claims because (i) every statement challenged under the Securities Act is challenged under the Exchange Act, (ii) each set of claims relies on allegations from the same purported

former employees, and (iii) the alleged basis of each set of claims is identical.[1]  *See* ECF No. 71-1 at 18; ECF No. 92 at 10.  Plaintiffs' attempts to disclaim fraud are not sufficient in light of this "obvious overlap."  *See, e.g.*, *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1068 (N.D. Cal. 2010) (holding that Rule 9(b) applies).

*Third*, the Amended Complaint is so lacking in factual detail as to fail whether subject to Rule 8 or 9(b) because Plaintiffs do not allege facts showing that the five statements challenged under the Securities Act were false or misleading when made in 2021, much less that any Lead Plaintiff has standing to bring these claims in the first place.  ECF Nos. 71-1, 92.

Dated:  November 1, 2024

**LATHAM & WATKINS LLP**

/s/ Michele D. Johnson
Michele D. Johnson
michele.johnson@lw.com

Attorneys for Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC

---

[1] *See, e.g.*, Amended Complaint (ECF No. 43) ¶¶ 50, 336(a) (customer due diligence); *id.* ¶¶ 3, 336(b) (regulatory compliance); *id.* ¶¶ 3, 336(c) (customer onboarding); *id.* ¶¶ 3, 336(d) (customer monitoring); *id.* ¶¶ 42, 336(e) (procedures for digital currency customers).