LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Email: michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel.: 714.540.1235
Fax: 714.755.8290

Douglas K. Yatter (SBN 236089)
Jason C. Hegt (admitted *pro hac vice*)
Email: douglas.yatter@lw.com
Email: jason.hegt@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel.: 212.906.1200
Fax: 212.751.4864

*Attorneys for Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB <br><br> **UNDERWRITER DEFENDANTS' NOTICE OF RECENT AUTHORITY** <br><br> Courtroom: 4B <br> Judge: Hon. James E. Simmons, Jr. |

The Underwriter Defendants (listed below) respectfully submit this Notice of Recent Authority to bring to the Court's attention an opinion issued on February 10, 2025, by the United States Court of Appeals for the Ninth Circuit in *Pirani v. Slack*, No. 20-16419 (9th Cir. Feb. 10, 2025), attached hereto as Exhibit A.  In *Pirani* (like in this case), the plaintiff brought claims under Sections 11, 12, and 15 of the Securities Act of 1933.  As discussed in the Underwriter Defendants' motion to dismiss, the U.S. Supreme Court's unanimous decision in *Pirani* reversed an earlier Ninth Circuit ruling and underscored that a Section 11 plaintiff must "plead and prove that he purchased shares traceable to the allegedly defective registration statement." ECF No. 71-1 at 8.  On remand from the U.S. Supreme Court, the Ninth Circuit "remand[ed] with instructions to dismiss the complaint in full." Ex. A at 18. This decision confirms that the Securities Act claims in this case—the only claims asserted against the Underwriter Defendants—must be dismissed for two reasons.

*First*, in addressing the pleading standard under Section 11, the Ninth Circuit "rejected the concept of 'statistical tracing.'" Ex. A at 13.  The Court rejected Pirani's attempt to satisfy the tracing requirement by relying on "statistical inference" rather than simply alleging (as required) that he "purchased shares registered under and traceable to [defendant's] Registration Statement." *Id.* at 12. As the Ninth Circuit recognized, "the theory of statistical tracing is contrary to our precedent." *Id.* at 13 (citing *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106 (9th Cir. 2013)).  Instead, plaintiffs can "establish traceability only 'in one of two ways': They 'c[an] prove that they purchased their shares directly in the secondary offering itself,' or they 'c[an] prove that their shares, although purchased in the aftermarket, can be traced back to the secondary offering,' which 'would require plaintiffs to trace the chain of title for their shares back to the secondary offering.'" Ex. A at 13 (quoting *Century Aluminum*, 729 F.3d at 1106).  In this case, Plaintiffs do neither.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

UNDERWRITER DEFENDANTS'
NOTICE OF RECENT AUTHORITY
CASE NO. 3:22-CV-01936-JES-MSB

*Second*, the Ninth Circuit held that Section 12 "imposes the same traceability requirement as section 11." Ex. A at 16. In other words, a failure to establish tracing is likewise fatal to any claim brought under Section 12. *Id.* at 18.

Although *Pirani* involved a direct listing rather than the secondary offerings at issue here, the relevant facts are identical. There (as here) millions of shares were outstanding *prior* to the filing of the registration statement(s) at issue. *Compare* Ex. A at 7 *with* ECF No. 71-1 at 3-4. And there (as here), plaintiff did not make the necessary factual allegations that he purchased his shares from or traceable to the relevant registration statement, instead attempting to substitute a "statistical inference" for any factual allegation about the source of his shares. *Compare* Ex. A at 12-13 *with* ECF No. 71-1 at 9-13. Although the plaintiff in *Pirani* acknowledged his inability to plead tracing, that is of no moment because the Ninth Circuit confirmed that *Pirani*'s claims failed not because of how he characterized them but because Sections 11 and 12 require a plaintiff to make factual allegations expressly tracing their shares, rather than relying on inferences or statistical arguments— something that *Pirani*, like Plaintiffs here, simply failed to do.

At bottom, if Plaintiffs truly purchased "directly in" the relevant offerings, then it should not be difficult for them to allege that they purchased their securities from the Underwriter Defendants, who were the only persons who sold securities in those offerings. ECF No. 71-1 at 4. But Plaintiffs do not—and cannot—do so and they also make no attempt to trace their purchases back to the offerings (*e.g.*, by alleging that they purchased from someone who purchased in the offerings). "As the Supreme Court has now made clear, traceability is an element of a section 11 claim. Nothing in the statute or in the Court's decision suggests that traceability should be an exception to the general rule that the plaintiff bears the burden of establishing every element of the claim." *Id.* at 14; *see id.* at 18 (applying same to Section 12).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

UNDERWRITER DEFENDANTS'
NOTICE OF RECENT AUTHORITY
CASE NO. 3:22-CV-01936-JES-MSB

Dated:  February 12, 2025

**LATHAM & WATKINS LLP**

/s/ Michele D. Johnson
Michele D. Johnson
michele.johnson@lw.com

Attorneys for Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

UNDERWRITER DEFENDANTS'
NOTICE OF RECENT AUTHORITY
CASE NO. 3:22-CV-01936-JES-MSB