**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
LAUREN M. CRUZ (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

**COHEN MILSTEIN SELLERS & TOLL PLLC**
CAROL V. GILDEN (*pro hac vice*)
cgilden@cohenmilstein.com
190 S. LaSalle Street, Suite 1705
Chicago, IL 60603
Tel: (312) 629-3737

*Lead Counsel for Lead Plaintiffs*
*and for the Class*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB<br><br>**PLAINTIFFS' RESPONSE TO THE UNDERWRITER DEFENDANTS' NOTICE OF RECENT AUTHORITY**<br><br>Dept.: 4B<br>Hon. James E. Simmons |

Lead Plaintiffs respectfully submit this response to the Underwriter Defendants' Notice of Recent Authority (ECF No. 108, the "Notice"), which attached *Pirani v. Slack,* No. 20-16419 (9th Cir. Feb. 10, 2025) ("*Slack*").

In *Slack*, which involved a "direct listing, with no underwriters," the plaintiff did not allege that he purchased in any offering. *Id*. at 7. Additionally, the plaintiff in *Slack* "expressly waived any allegation of traceability" and stated that, due to the particularities of a direct listing, "it was impossible to trace his shares to a registration statement." *Id*. at 10. The *Slack* decision has absolutely no bearing on this case.

**First**, in contrast to *Slack*, Plaintiffs ***did*** purchase their shares directly in the Offerings, as set forth in the Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 59 (the "Complaint")). Specifically:

- Paragraphs 418 and 446 of the Complaint state that "Bucks County purchased 660 shares of Silvergate common stock on January 22, 2021 at the public offering price ***in the January 2021 Offering.***"

- Paragraphs 419 and 447 of the Complaint further state that "Indiana purchased 14,200 shares of common stock on December 7, 2021 at the public offering price ***in the December 2021 Offering***."

- Paragraphs 419 and 447 of the Complaint also state that "Local 793 purchased 591 shares of common stock on December 7, 2021 at the public offering price ***in the December 2021 Offering***."

- Paragraphs 421 and 449 of the Complaint reiterate that Plaintiffs' "purchases of shares [were] ***in the 2021 Offerings*** and pursuant to the 2021 Offering Documents."

As the Defendants themselves concede in their Notice, and as detailed in the Complaint, the Underwriter Defendants ***"were the only persons who sold securities in those offerings."*** ECF No. 127 at 2; *see also* paragraphs 424-28 of the Complaint.

**Second**, nothing in *Slack* remotely suggests that Lead Plaintiffs were required to plead more than that they purchased "in the Offering," or overturns the numerous cases holding that the Complaint's allegations are clearly sufficient. *See* ECF No. 81 at 11-13; *see also e.g.*, *In re WageWorks, Inc., Secs. Litig.*, 2020 WL 2896547, at *9 (N.D. Cal. June 1, 2020) ("[T]he [complaint] states that [plaintiff] 'purchased such securities in the June 2017 Offering.'…. Accordingly, there is no genuine dispute as to lineage, and the Court does not dismiss on this ground.").

**Third**, *Slack* is distinguishable. Unlike here, *Slack* involved a "direct listing, with no underwriters," in which the defendant-company "does not issue any new shares; it simply lists already-issued shares so that existing shareholders can sell them on the exchange." *Slack* at 7. Also unlike here, the plaintiff in *Slack* ***"expressly waived any allegation of traceability"*** and stated that, due to the particularities of that direct listing, "it was impossible to trace his shares to a registration statement" absent a "statistical analysis." *Id*. at 10. Here, the exact opposite is true: the Securities Act Plaintiffs specifically alleged that they purchased their shares ***in*** the Offerings, have ***never*** "waived" any allegation of traceability, are ***not*** relying upon any theory of "statistical analysis" tracing, and have ***never*** suggested that it is "impossible" to trace their shares to the Offerings at issue in this case.

Dated: February 13, 2025                              Respectfully submitted,

/s/ Carol V. Gilden                                        /s/ Jonathan D. Uslaner

**COHEN MILSTEIN SELLERS**                    **BERNSTEIN LITOWITZ BERGER**
   **& TOLL PLLC**                                          **& GROSSMANN LLP**
Carol V. Gilden (*pro hac vice*)                     Jonathan D. Uslaner (Bar No. 256898)
cgilden@cohenmilstein.com                         jonathanu@blbglaw.com
190 S. LaSalle Street, Suite 1705                 Lauren M. Cruz (Bar No. 299964)
Chicago, IL 60603                                       lauren.cruz@blbglaw.com
Tel: (312) 629-3737                                     2121 Avenue of the Stars, Suite 2575
                                                                Los Angeles, CA 90067
-and-                                                          Tel: (310) 819-3470

Steven J. Toll (*pro hac vice*)                       -and-
stoll@cohenmilstein.com

S. Douglas Bunch (*pro hac vice*)
dbunch@cohenmilstein.com
Jan Messerschmidt (*pro hac vice*)
jmesserschmidt@cohenmilstein.com
Brendan Schneiderman (*pro hac vice*)
bschneiderman@cohenmilstein.com
1100 New York Avenue, N.W.
Suite 800
Washington, DC 20005
Tel: (202) 408-4600

-and-

Christina D. Saler (*pro hac vice*)
csaler@cohenmilstein.com
100 N. 18th Street
Suite 1820
Philadelphia, PA 19103
Tel: (267) 479-5707

John J. Rizio-Hamilton (*pro hac vice* pending)
johnr@blbglaw.com
Shane D. Avidan (*pro hac vice* pending)
shane.avidan@blbglaw.com
1251 Avenue of the Americas
New York, NY  10020
Tel: (212) 554-1400

*Lead Counsel for Lead Plaintiffs and the Class*