# Exhibit 1

EXECUTION COPY

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
LAUREN M. CRUZ (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

**COHEN MILSTEIN SELLERS & TOLL PLLC**
CAROL V. GILDEN (*pro hac vice*)
cgilden@cohenmilstein.com
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Tel: (312) 629-3737

*Lead Counsel for Plaintiffs and the Settlement Class*

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB<br><br>CLASS ACTION<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement, dated as of May 9, 2025 (the "Stipulation") is entered into between (a) Plaintiffs Indiana Public Retirement System, Boston Retirement System, Public School Teachers' Pension & Retirement Fund of Chicago, International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust (collectively, the "Institutional Investors" or "Lead Plaintiffs"); and Bucks County Employees Retirement Fund ("Bucks County," and collectively with the Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined in paragraph 1(yy) below); and (b) defendants Silvergate Capital Corporation ("Silvergate Capital" and together with its subsidiary Silvergate Bank, the "Debtors"), Alan J. Lane, Paul D. Colucci, Thomas C. Dircks, Michael Lempres, Scott A. Reed, Karen Brassfield, Aanchal Gupta, Colleen Sullivan, Antonio Martino, Dennis Frank and Robert Campbell (collectively, the "Individual Defendants" and together with the Debtors, the "Silvergate Defendants") and defendants Canaccord Genuity LLC, Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Keefe, Bruyette & Woods, Inc., UBS Securities LLC, and Wedbush Securities Inc. (collectively, the "Underwriter Defendants" and together with the Silvergate Defendants, the "Defendants"), by and through their respective undersigned counsel, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice all claims that were or could have been asserted in the Action against Defendants.

WHEREAS:

A.    By Order dated February 28, 2023 (Dkt. No. 21), the Honorable Cathy Ann Bencivengo appointed the Institutional Investors as Lead Plaintiffs for the Action; and approved Lead Plaintiffs' selection of Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

B.    On March 16, 2023, the Action was reassigned to the Honorable James E. Simmons, Jr. Dkt. No. 38.

C.    On May 11, 2023, Plaintiffs filed and served their Amended Consolidated Class Action Complaint (the "Complaint") (Dkt. No. 43) asserting claims against Silvergate Capital and Defendant Lane under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendant Lane under Section 20(a) of the Exchange Act.    Plaintiffs also asserted claims against Silvergate Capital, the Individual Defendants, and the Underwriter Defendants under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act") and against the Individual Defendants under Section 15 of the Securities Act.

D.    On July 10, 2023, Silvergate Capital and the Individual Defendants other than Defendants Campbell and Frank served a motion to dismiss the Complaint together with a request for judicial notice (Dkt. No. 66); Defendants Campbell and Frank separately served a second motion to dismiss the Complaint together with a request for judicial notice (Dkt. No. 70); and the Underwriter Defendants served a third motion to dismiss the Complaint together with a request for judicial notice (Dkt. No. 71).    On September 8, 2023, Plaintiffs served memoranda of law in opposition to (1) the motions to dismiss the Exchange Act claims (Dkt. No. 79) and related requests for judicial notice (Dkt. No. 80); and (2) the motions to dismiss the Securities Act claims (Dkt. No. 81) and related requests for judicial notice (Dkt. No. 82).    Defendants served their reply papers on October 23, 2023 (Dkt. Nos. 89-93).

E.    On November 29, 2023, the Court heard oral argument on Defendants' motions to dismiss and requests for judicial notice.    Dkt. No. 98.

F.    Plaintiffs submitted Notices of Recent Authority (1) on March 22, 2024 (Dkt. No. 103), to which Defendants responded on March 27, 2024 (Dkt. No. 107); and (2) on July 1, 2024 (Dkt. No. 108), to which Defendants responded on July 3, 9, and 18, 2024 (Dkt. Nos. 109-11).

G.    On September 19, 2024, Silvergate Capital filed a Notice of Bankruptcy (Dkt. No. 112), in which it asserted a stay of litigation against it pursuant to Section 362(a) of the U.S. Bankruptcy Code.    Also on September 19, Plaintiffs responded to Silvergate Capital's Notice of

1   Bankruptcy (Dkt. No. 113). The Underwriter Defendants filed a further response to the Notice of

2   Bankruptcy on September 20, 2024 (Dkt. No. 114).

3   H.      On October 28, 2024, Plaintiffs filed a further Notice of Recent Authority (Dkt. No.

4   115), to which the Underwriter Defendants responded on November 1, 2024 (Dkt. No. 116). On

5   November 21, 2024, the Underwriter Defendants filed a Notice of Recent Authority (Dkt. No.

6   117), to which Plaintiffs responded on November 22, 2024 (Dkt. No. 118). On February 12, 2025,

7   the Underwriter Defendants filed a further Notice of Recent Authority (Dkt. No. 127), to which

8   Plaintiffs responded on February 13, 2025 (Dkt. No. 128).

9   I.      On April 22, 2025, the Parties executed the Securities Class Action Term Sheet (the

10  "Term Sheet") setting forth material terms of the Settlement. This Stipulation (together with the

11  exhibits hereto) has been duly executed by the undersigned signatories on behalf of their respective

12  clients and reflects the binding agreement between the Parties.

13  J.      This Stipulation constitutes a compromise of all matters that are in dispute between

14  the Parties. Plaintiffs and Lead Counsel have concluded that the terms and conditions of this

15  Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement

16  Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this

17  matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release

18  the Released Plaintiffs' Claims (as defined below) pursuant to the terms and provisions of this

19  Stipulation, after considering, among other things: (a) the financial benefit that Plaintiffs and the

20  other members of the Settlement Class will receive under the proposed Settlement; and (b) the

21  significant risks of continued litigation and trial.

22  K.      Defendants are entering into this Stipulation solely to avoid the cost, disruption,

23  and uncertainty of further litigation. Each of the Defendants denies any wrongdoing, and this

24  Stipulation shall in no event be construed or deemed to be evidence of or an admission or

25  concession on the part of any of the Defendants with respect to any claim or allegation of any fault

26  or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants

27  have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid

28  claims, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages.

Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

L.    The Parties agree that certification of the Action as a class action, for settlement purposes only, is appropriate. For purposes of this Settlement only, the Settlement Class is defined in ¶ 1(yy) below. The Parties agree that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement does not become Final.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit to the Action whatsoever, and without any admission or concession on the part of Defendants of any liability or wrongdoing or any lack of merit to the defenses whatsoever, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (together and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and subject to the Bankruptcy Court Approval Order, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendant Releasees and all Released Defendants' Claims as against the Plaintiff Releasees shall be fully, finally, and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the terms and conditions set forth below.

DEFINITIONS

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a.    "Action" means the consolidated securities class action in the matter styled *In re Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936-JES-MSB, and includes all actions consolidated therein.

b.      "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator for payment from the Net Settlement Fund that is approved by the Court.

c.      "Bankruptcy Court" means U.S. Bankruptcy Court for the District of Delaware.

d.      "Chapter 11 Cases" means the Debtors' chapter 11 cases captioned *In re Silvergate Capital Corp.*, Case No. 24-12158 (KBO) in the Bankruptcy Court.

e.      "Chapter 11 Plan Effective Date" means the effective date of the Chapter 11 Plan.

f.      "Chapter 11 Plan" means the forthcoming amended chapter 11 plan for the Debtors filed in the Chapter 11 Cases.

g.      "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

h.      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

i.      "Claimant" means a person or entity who submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

j.      "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

k.      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

l.      "Class Period" means the period from November 7, 2019 through March 21, 2023, inclusive.

m.      "Complaint" means the Amended Consolidated Class Action Complaint filed on May 11, 2023.

STIPULATION OF SETTLEMENT                    5                    CASE NO. 22-CV-01936-JES-MSB

n.    "Court" or "District Court" means the United States District Court for the Southern District of California.

o.    "Debtors" means Silvergate Capital, together with Silvergate Bank.

p.    "Defendants" means the Silvergate Defendants and the Underwriter Defendants.

q.    "Defendants' Counsel" means Sheppard, Mullin, Richter & Hampton LLP, Cravath, Swaine & Moore LLP, Latham & Watkins LLP, Foley & Lardner LLP, Glenn Agre Bergman & Fuentes LLP, Goodwin Procter LLP, and Linklaters LLP, or any successors thereof.

r.    "Defendant Releasees" means Defendants and each of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, heirs, executors, estates, administrators, joint ventures, entities in which they have a controlling interest, partnerships, partners, members, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, auditors, and attorneys, in their capacities as such.

s.    "Defendant Releasors" means Defendants and each of their respective heirs, executors, administrators, predecessors, successors, assigns, in their capacities as such, anyone claiming through or on behalf of any of them, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of a Defendant, in that capacity.

t.    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶¶ 36 and 37 of this Stipulation have been met and have occurred or have been waived.

u.    "Escrow Account" means an interest-bearing account maintained at Huntington Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

v.    "Escrow Agent" means Huntington Bank.

w.    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

x.     "Final," with respect to the Judgment or any other court order, means the later of: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the applicable Federal Rules of Civil Procedure and Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on *certiorari* or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of *certiorari* or other form of review, or the denial of a writ of *certiorari* or other form of review, and, if *certiorari* or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized claims, or distribution of the Net Settlement Fund to Authorized Claimants, shall not in any way delay or preclude a judgment from becoming Final.

y.     "Immediate Family Member(s)" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household, and any trust or foundation which is for the benefit of any person described herein.

z.     "Individual Defendants" means Alan J. Lane, Paul D. Colucci, Thomas C. Dircks, Michael Lempres, Scott A. Reed, Karen F. Brassfield, Aanchal Gupta, Colleen Sullivan, Antonio Martino, Dennis Frank, and Robert Campbell.

aa.     "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, funds of funds, private equity funds, real estate funds, and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates does not hold a majority beneficial interest.

bb.      "Judgment" means a final order of judgment and dismissal, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement (or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action).

cc.      "Lead Counsel" means the law firms of Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP, for purposes of this Stipulation and the Settlement only.

dd.      "Lead Plaintiffs" means Indiana Public Retirement System, Boston Retirement System, Public School Teachers' Pension & Retirement Fund of Chicago, International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust.

ee.      "Litigation Expenses" means the reasonable costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for payment or reimbursement from the Settlement Fund.

ff.      "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

gg.      "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement of Class Action; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Settlement Class Members.

hh.      "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to

STIPULATION OF SETTLEMENT                  8                  CASE NO. 22-CV-01936-JES-MSB

the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

ii.    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

jj.    "Parties" means Defendants and Plaintiffs, on behalf of themselves and the Settlement Class.

kk.    "Plaintiffs" means Lead Plaintiffs together with Bucks County Employees Retirement Fund.

ll.    "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action

mm.    "Plaintiff Releasees" means Plaintiffs and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, heirs, executors, estates, administrators, joint ventures, entities in which they have a controlling interest, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, auditors, and attorneys, in their capacities as such.

nn.    "Plaintiff Releasors" means Plaintiffs and all other Settlement Class Members, and their respective heirs, executors, administrators, predecessors, successors, assigns, in their capacities as such, anyone claiming through or on behalf of any of them, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Settlement Class Member, in that capacity.

oo.    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

pp.    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

1    qq.    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15

2 U.S.C. §§ 77z-1, 78u-4, as amended.

3    rr.    "Released Claims" means all Released Defendants' Claims and all Released

4 Plaintiffs' Claims.

5    ss.    "Released Defendants' Claims" means all claims and causes of action of

6 every nature and description, whether known or Unknown Claims, whether arising under federal,

7 state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution,

8 or settlement of the claims asserted in the Action.  Released Defendants' Claims do not include

9 any claims relating to the enforcement of the Settlement or any claims against any person or entity

10 who or which submits a request for exclusion from the Settlement Class that is accepted by the

11 Court.

12    tt.    "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and

13 causes of action of any nature whatsoever, whether known claims or Unknown Claims, that have

14 been or could have been asserted in this Action or could in the future be asserted in any forum,

15 whether foreign or domestic, whether arising under federal, state, common, or foreign law or any

16 other law, rule or regulation, by Plaintiffs, any member of the Settlement Class, or their successors,

17 assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as

18 such, whether brought directly or indirectly against any of the Defendants, which arise out of, are

19 based upon, or relate in any way to (i) any of the allegations, acts, transactions, facts, events,

20 matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the

21 Action, or which could have been alleged in the Action, and/or (ii) the purchase, acquisition,

22 holding, sale, or disposition of the publicly traded common stock of Silvergate Capital during the

23 Class Period and/or the securities issued in or traceable to any of Silvergate Capital's securities

24 offerings during 2021.  This release does not include any claims relating to the enforcement of the

25 Settlement.

26    uu.    "Releasee(s)" means each and any of the Defendant Releasees and each and

27 any of the Plaintiff Releasees.

28    vv.    "Releases" means the releases set forth in ¶¶ 6-7 of this Stipulation.

STIPULATION OF SETTLEMENT    10    CASE NO. 22-CV-01936-JES-MSB

ww.    "Settlement" or "Class Action Settlement" means the resolution of the Action against Defendants in accordance with the terms and conditions set forth in this Stipulation.

xx.    "Settlement Amount" means the total amount of $37,500,000 in cash. Except as provided for in ¶ 23, Defendants shall not have any obligation whatsoever to pay any amount over and above the principal amount of $37,500,000 in cash.

yy.    "Settlement Class" means (a) all persons and entities who purchased or otherwise acquired the publicly traded common stock of Silvergate Capital during the Class Period and were damaged thereby, and (b) all persons and entities who purchased Silvergate Capital securities in and/or traceable to any of Silvergate Capital's securities offerings during 2021, and were damaged thereby.[1]  Excluded from the Settlement Class are:  (a) Defendants; (b) directors and officers of Defendants (at all relevant times); (c) Defendants' Immediate Family Members and their legal representatives, heirs, successors or assigns; and (d) any entity in which any Defendant has or had a controlling interest; *provided*, *however*, that no Investment Vehicle shall be excluded from the Settlement Class.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

zz.    "Settlement Class Member" means each person and entity that is a member of the Settlement Class.

aaa.    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

bbb.    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

ccc.    "Silvergate Capital" means Silvergate Capital Corporation.

ddd.    "Silvergate Capital Preferred Stock" means depositary shares representing

---

[1] Silvergate Capital's securities offerings during 2021 (the "2021 Offerings") included (a) three offerings of Silvergate Capital Class A common stock conducted on or about January 20, 2021, March 18 through May 18, 2021, and December 6, 2021, and (b) a public offering of depositary shares, each representing a 1/40th ownership interest in a share of 5.375% Fixed Rate Non-Cumulative Perpetual Preferred Stock, Series A, conducted on or around July 28, 2021.

a 1/40th ownership interest in a share of 5.375% Fixed Rate Non-Cumulative Perpetual Preferred Stock, Series A.

eee.    "Silvergate Capital Stock" means Silvergate Capital common stock and Silvergate Capital Preferred Stock.

fff.    "Silvergate Capital's Counsel" means Sheppard, Mullin, Richter & Hampton LLP and Cravath, Swaine & Moore LLP.

ggg.    "Silvergate Defendants" means the Debtors and the Individual Defendants.

hhh.    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement of Class Action; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

iii.    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund, including but not limited to any taxes or tax detriments that might be imposed upon Defendants or Defendant Releasees with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, which if imposed shall be reimbursed from the Settlement Fund to Defendants or Defendant Releasees within fourteen (14) days of written demand for such reimbursement ; and (ii) the reasonable expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

jjj.    "Underwriter Defendants" means Canaccord Genuity LLC, Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Keefe, Bruyette & Woods, Inc., UBS Securities LLC, and Wedbush Securities Inc.

kkk.    "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member or any other Plaintiff Releasor does not know or

suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendant Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, in each case which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, including but not limited to whether to object to the Settlement or seek exclusion from the Settlement Class.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members and each of the other Plaintiff Releasors and Defendant Releasors shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Settlement Class Members, and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly fully, finally, and forever settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiff Releasors and Defendant Releasors shall be deemed by operation of

STIPULATION OF SETTLEMENT                    13                    CASE NO. 22-CV-01936-JES-MSB

1  the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a
2  material element of the Settlement.

3                                    **CLASS CERTIFICATION**

4        2.       Solely for purposes of this Stipulation and the Settlement and for no other purpose,
5  Defendants and Plaintiffs, on behalf of themselves and each of the Settlement Class Members,
6  stipulate and agree to: (a) certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3)
7  of the Federal Rules of Civil Procedure; (b) certification of Plaintiffs as Class Representatives for
8  the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement
9  Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  In the event that the
10 Settlement upon the terms and conditions set forth in this Stipulation is not approved by the Court,
11 is terminated, or the Effective Date does not occur for any reason, the certification of the Settlement
12 Class automatically shall be revoked without requiring any additional action by the Parties or the
13 Court.  In such event, Defendants reserve their right to object for any and all reasons to the
14 certification of the Settlement Class or to the appointment of Lead Plaintiffs as Class
15 Representatives for the Settlement Class or to the appointment of Lead Counsel as Class Counsel
16 for the Settlement Class, and this Stipulation shall not be used or considered in any way in
17 connection with class certification or class representation.

18                          **PRELIMINARY APPROVAL OF SETTLEMENT**

19       3.       Following the execution of the Term Sheet, on April 22, 2025, Debtors filed a
20 motion (the "Rule 9019 Motion") with the Bankruptcy Court in the Chapter 11 Cases seeking entry
21 of an order of the Bankruptcy Court (the "Bankruptcy Court Approval Order") (a) approving the
22 Debtors' entry into and performance under the Term Sheet and this Stipulation and the March 27,
23 2025 settlement term sheet as among the Individual Defendants, certain other indemnified
24 individuals listed in Exhibit A of the March 27, 2025 settlement term sheet (together the
25 "Indemnified Individuals"), the *ad hoc* group of preferred equity holders (the "*Ad Hoc* Group"),
26 and the Debtors (the "Indemnified Individuals Term Sheet"); and the settlements contemplated
27 thereby (together with the Class Action Settlement, the "Settlements"); and (b) modifying the

28

STIPULATION OF SETTLEMENT              14              CASE NO. 22-CV-01936-JES-MSB

automatic stay under Section 362 of the Bankruptcy Code, to the extent necessary, to permit the Parties to seek and obtain Court approval of and consummate the Settlement.

4.    Within five (5) business days after entry of the Bankruptcy Court Approval Order, Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement.  Concurrently with the motion for preliminary approval, Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  If the Settlement is terminated for any reason or not approved by the Court, the conditional approval of the Action as a class action shall be vacated immediately without further application or motion by any person or entity, and the Action shall proceed as if the Settlement Class had never been certified, and the appointments in ¶ 2 had not been made.

## **RELEASE OF CLAIMS**

5.    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action against the Defendants, and shall fully and finally release any and all Released Claims as against all Releasees.  The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any party.

6.    As a material condition of the Settlement, pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the Settlement Class Members, on behalf of themselves, and the Plaintiff Releasors, regardless of whether they execute and deliver a Proof of Claim and Release and regardless of whether they share in the Settlement Fund, shall be deemed to have, and by operation of this Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, dismissed, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, intervening in, participating in, continuing, maintaining, asserting or prosecuting, either directly or indirectly, whether in the United States or elsewhere, on their own

1    behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or

2    demand with respect to any or all of the Released Plaintiffs' Claims against any of the Defendant

3    Releasees in any court of law or equity, arbitration, tribunal, administrative forum, or other forum

4    of any kind or character, whether brought directly, in a representative capacity, derivatively, or in

5    any other capacity.

6         7.    Pursuant to the Judgment, without further action by anyone, upon the Effective

7    Date of the Settlement, Defendants, on behalf of themselves and the Defendant Releasors, shall be

8    deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever

9    compromised, settled, released, resolved, relinquished, dismissed, waived, and discharged each

10   and every Released Defendants' Claim against Plaintiffs and the other Plaintiff Releasees, and

11   shall forever be barred and enjoined from commencing, instituting, continuing, maintaining,

12   asserting or prosecuting, either directly or indirectly, whether in the United States or elsewhere,

13   on their own behalf or on behalf of any class or any other person, any action, suit, cause of action,

14   claim, or demand with respect to any or all of the Released Defendants' Claims against any of the

15   Plaintiff Releasees in any court of law or equity, arbitration, tribunal, administrative forum, or

16   other forum of any kind or character, whether brought directly, in a representative capacity,

17   derivatively, or in any other capacity.  This release shall not apply to any person or entity that

18   submits a request for exclusion from the Settlement Class that is accepted by the Court.

19        8.    Upon the Effective Date, this Stipulation shall operate conclusively as an estoppel,

20   res judicata, bar, full defense, and any other theory of claim preclusion or issue preclusion or

21   similar defense, argument, or counterclaim in the event, and to the extent, of any claim, demand,

22   action, or proceeding brought by Plaintiff Releasors against any of the Defendant Releasees with

23   respect to any Released Plaintiffs' Claims, or brought by Defendant Releasors against any of the

24   Plaintiff Releasees with respect to any Released Defendants' Claim.

25        9.    Notwithstanding ¶¶ 6-7 above, nothing in the Judgment shall bar any action by any

26   of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

27

28

STIPULATION OF SETTLEMENT            16            CASE NO. 22-CV-01936-JES-MSB

**THE SETTLEMENT CONSIDERATION**

10.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendant Releasees, the Settlement Amount shall be paid as follows: (a) contemporaneously with, or within twenty (20) business days after the later of preliminary approval of the Settlement by the Court or Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited, (i) Silvergate Defendants shall cause $27,500,000 to be paid into the Escrow Account, which will come from insurance proceeds for which the Individual Defendants are beneficiaries (the "D&O Insurance Contribution"), and (ii) the Underwriter Defendants shall pay or cause to be paid $4,680,000 into the Escrow Account (the "Underwriter Contribution"), as to which the allocation of payment amongst the Underwriter Defendants shall remain strictly confidential; and (b) an additional $5,320,000 which, on the Chapter 11 Plan Effective Date, will be transferred to the Escrow Account for the benefit of the Plaintiffs from the cash distribution made by the Debtors to the preferred equity holders under the Chapter 11 Plan (the "Preferred Equity Holder Contribution").  Except as provided in Paragraph 23 herein, the Settlement Amount represents the entirety of the Defendants' financial obligations under this Stipulation and in connection with this Settlement, meaning that the Settlement Amount includes all attorneys' fees and expenses, Notice and Administration Costs, Taxes, and costs of any kind whatsoever associated with the Settlement.  The full payment of the entire Settlement Amount into the Escrow Account in accordance with this paragraph fully discharges Defendants' financial obligations under this Stipulation and in connection with the Settlement, meaning that none of the Defendants shall have any other obligation to make any payment into the Escrow Account or to any Plaintiff Releasee, or any other person, under this Stipulation or as part of the Settlement once the payment described in this paragraph has been made.

## USE OF SETTLEMENT FUND

11.     Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund is inclusive of and shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-33 below, or as otherwise ordered by the Court.

12.     Immediately upon deposit of the Settlement Amount into the Escrow Account, Defendants shall have no liability to fund that portion of the Settlement Amount so deposited and no responsibility for the Settlement Fund, including any loss of principal. Plaintiffs, on behalf of themselves, and all Settlement Class Members, shall hold Defendants harmless for any losses, claims, causes of action, damages, liability, or expenses (including reasonable attorneys' fees) arising from or related to any default by the Escrow Agent in respect of any of their responsibilities, duties or obligations regarding the Settlement Amount, the Settlement Fund, or Net Settlement Fund.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is

1    necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any escrow

2    account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

3          14.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement

4    Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as

5    administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-

6    2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax

7    returns or other tax-related documents as may be necessary or appropriate (including, without

8    limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.

9    Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund

10    of any Taxes owed with respect to the Settlement Fund.  The Defendant Releasees shall not have

11    any liability or responsibility for any such Taxes.  Upon written request, Silvergate Capital will

12    provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead

13    Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation §

14    1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this

15    paragraph, including, as necessary, making a "relation back election," as described in Treasury

16    Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the

17    earliest allowable date, and shall take or cause to be taken all actions as may be necessary or

18    appropriate in connection therewith.

19          15.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or

20    caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns

21    prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with

22    the previous paragraph and in all events shall reflect that all Taxes on the income earned by the

23    Settlement Fund shall be paid out of the Settlement Fund as provided herein.

24          16.    The Settlement is not a claims-made settlement. Upon the occurrence of the

25    Effective Date, no Defendant, Defendant Releasee, or any other person or entity that paid any

26    portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any

27    portion thereof for any reason whatsoever, including without limitation, the number of Claims

28    submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the

1    Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A), the percentage

2    of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement

3    Fund.

4        17.    Following entry of the Preliminary Approval Order, Lead Counsel shall have sole

5    responsibility for directing payment from the Settlement Fund, without further order of the Court,

6    all Notice and Administration Costs actually incurred and paid or payable.  Such costs and

7    expenses shall include, without limitation, the actual costs of printing and mailing the Notice,

8    publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to

9    their beneficial owners, the administrative expenses actually incurred and fees reasonably charged

10   by the Claims Administrator in connection with providing notice and administering the Settlement

11   (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the

12   event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and

13   Administration Costs paid or incurred, including any related fees, shall not be returned or repaid

14   to Defendants, any of the other Defendant Releasees, or any other person or entity that paid any

15   portion of the Settlement Amount.

16                          **ATTORNEYS' FEES AND LITIGATION EXPENSES**

17       18.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to

18   Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund once funded.  Lead

19   Counsel will also apply to the Court for payment or reimbursement of Litigation Expenses, which

20   may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their

21   representation of the Settlement Class pursuant to the PSLRA, 15 U.S.C. §§ 77z-1, 78u-4(a)(4), to

22   be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of

23   attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants

24   and Plaintiffs other than what is set forth in this Stipulation.

25       19.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be

26   paid to Lead Counsel from the Settlement Fund immediately upon award and approval of the

27   Settlement by the Court, notwithstanding the existence of any timely filed objections thereto, or

28   potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to

the joint and several obligation of Plaintiffs' Counsel to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any court order, appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  The Parties understand that whatever amount is awarded by the Court is within the sole discretion of the Court, and if the award is less than the amount sought by Plaintiffs' Counsel, this will not be a basis for setting aside the Settlement.  Neither Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.  Neither Defendants nor their counsel shall have any responsibility for any application for attorneys' fees or litigation expenses submitted by Plaintiffs' Counsel or Plaintiffs.

20.    Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  The Defendant Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund in the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

21.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  None of the Defendants,

Defendants' Counsel, nor any other Defendant Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Lead Counsel, in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those Settlement Class Members as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

23.    Defendants shall be responsible for serving notice under the Class Action Fairness Act ("CAFA") if they determine it is required, and for coordinating with the Claims Administrator to the extent necessary. Silvergate Capital shall be solely responsible for the costs of those CAFA notices. At least seven (7) calendar days before the Settlement Hearing, or as otherwise ordered by the Court, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

24.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

25.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate

court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the approval of the Settlement. Defendants and the other Defendant Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendant Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever in connection with the Plan of Allocation or any other Court-approved plan of allocation.

26. Any Settlement Class Member who does not submit a valid Claim by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be otherwise bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants or any of the other Defendant Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

27. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendant Releasees, shall be responsible for, have any liability for, or be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

28. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a. each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit A-2, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are

designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b.       all Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless extended by the Court.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendant Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c.       each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation approved by the Court the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d.       Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.       if any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

29.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including, but not limited to, the releases provided in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims, nor shall there be any discovery from the Defendants or Defendant's Releasees.

30.     Lead Counsel will apply to the Court, on reasonable notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

31.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Settlement Class Members who do not submit a Claim or whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any

1    action against any and all Defendant Releasees with respect to any and all of the Released

2    Plaintiffs' Claims.

3         32.    No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the

4    Claims Administrator, or any other agent designated by Lead Counsel, Defendants, Defendants'

5    Counsel, or Defendant Releasees and/or their respective counsel, arising from distributions made

6    substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or

7    any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs'

8    damages expert and all other Releasees shall have no liability whatsoever for the investment or

9    distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by

10   the Court, or the determination, administration, calculation, or payment of any claim or

11   nonperformance of the Claims Administrator, the payment or withholding of taxes (including

12   interest and penalties) owed by the Settlement Fund, or any losses incurred in connection

13   therewith.

14        33.    All proceedings with respect to the administration, processing and determination of

15   Claims and the determination of all controversies relating thereto, including disputed questions of

16   law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

17   All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive

18   trial by jury (to the extent any such right may exist) and any right of appeal or review with respect

19   to such determinations.

20                            **TERMS OF THE JUDGMENT**

21        34.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead

22   Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as

23   Exhibit B.

24        35.    The Judgment shall, as a material condition of the Settlement, contain a bar order

25   ("Bar Order") substantially in the form set forth in ¶ 14 of Exhibit B that permanently bars, enjoins,

26   and restrains any individual or entity from commencing, prosecuting, or asserting any claims,

27   future claims, or claims against any of the Defendant Releasees, and by the Defendant Releasees

28   against any individual or entity, whether asserted in the Action or any other proceeding, in this

Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, for (a) contribution or indemnity (or any other claim, however denominated, whether as a claim, cross-claim, counterclaim, third-party claim, or otherwise, on whatsoever theory) based upon, arising out of, or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Settlement Class; provided, however, the order shall not preclude Defendants from seeking to enforce any rights or claims they may have under their applicable insurance policies or that the Individual Defendants may have based on the charter and by-laws of the Debtors or their agreements with the Debtors. Moreover, except as provided in an Insurance Release Agreement between the Silvergate Defendants and certain insurers, nothing in the Bar Order shall be construed to impair, negate, diminish, or adversely affect any rights of the Defendant Releasees or their successors or assigns under or with respect to any insurance policies, including, but without limitation, any rights to seek to recover or to recover insurance proceeds or payments under any insurance policies with respect to amounts paid pursuant to the Settlement or incurred in connection with the Action, or any other actual or alleged loss or liability, and Defendant Releasees expressly reserve all rights, claims, positions, arguments, contentions, and defenses with respect to such matters. The Bar Order shall be the broadest permitted under the PSLRA, common law, and the District Court's inherent authority, as applicable. The Bar Order shall also provide that any final verdict or judgment that may be obtained against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Members, for common damages. If the Judgment fails to include any material part of the Bar Order, or if appellate review of the Bar Order is sought and on such review any material part of the Bar Order is vacated, modified or reversed, then Defendants shall have the right to terminate the Settlement and this Stipulation as specified in ¶ 40 below.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, <u>CANCELLATION OR TERMINATION</u>

36.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

  a. the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto;

  b. the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 10 above;

  c. Silvergate Capital has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 42 below);

  d. Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

  e. the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final; and

  f. the conditions set forth in ¶ 37 below have been met.

37.     The Settlement is also contingent on the Debtors having filed the Rule 9019 Motion, and the Bankruptcy Court having entered the Bankruptcy Court Approval Order granting the Rule 9019 Motion as discussed in ¶ 3 above.  The Settlement is also contingent on the Debtors having filed the Chapter 11 Plan, as soon as practicable after execution of the Stipulation, which shall not be inconsistent with and not derogate from any of the terms of the Settlements and be in a form and substance acceptable to the *Ad Hoc* Group, and, with respect to any terms of the Chapter 11 Plan that materially affect the terms set forth herein, the Indemnified Individuals, the Individual Defendants, the Underwriter Defendants, and the Plaintiffs.  The Chapter 11 Plan shall include the Underwriter Defendants and their respective affiliates, advisors, attorneys, agents, employees, officers, directors, and representatives as beneficiaries of any provisions of the Chapter 11 Plan that seek to provide third-party releases on the same terms provided to the members of the *Ad Hoc*

Group, but, for the avoidance of doubt, shall in each case be subject to the terms of such provision as agreed to by the members of the *Ad Hoc* Group.  The Settlement is also contingent on the release of all claims held or potentially held by the Debtors (and their affiliates and assigns) against the Defendant Releasees and the Indemnified Individuals, as approved by a non-appealable order of the Bankruptcy Court, with such release occurring upon the Chapter 11 Plan Effective Date and the release of all claims held or potentially held by the Indemnified Individuals against the D&O Insurance Policies, which shall not be unduly delayed or unreasonably withheld by the Indemnified Individuals.  Separately, the Settlement shall not be effective until final District Court and Bankruptcy Court approval and the occurrence of the Chapter 11 Plan Effective Date (which may occur simultaneously with payment of the Settlement Amount).

38.    Upon the occurrence or waiver of all of the events referenced in ¶¶ 36 and 37 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

39.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement (however any decision with respect to an application for attorneys' fees or Litigation Expenses, or with any respect to any Plan of Allocation, shall not be considered grounds for termination); or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a.    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice and this Stipulation shall be null and void and shall have no further force or effect.

b.    Plaintiffs and Defendants shall revert to their respective litigation positions in the Action as of March 25, 2025.

c.    The terms and provisions of this Stipulation and the fact of this Settlement, with the exception of this ¶ 39 and ¶¶ 17, 19, 43, 44, 63, and 64 herein, shall have no further force and effect with respect to the Parties and shall not be enforceable, or used in the Action or in any

other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

d.      Within five (5) business days after (a) joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, or (b) this Settlement fails to become effective for any reason (including because the Bankruptcy Court or the District Court issues a Final order declining to approve the Settlement), the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 19 above), less any Notice and Administration Costs actually incurred, paid or payable, and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) pursuant to written instructions from Defendants' Counsel.  Any such Notice and Administration Costs or Taxes shall be deducted in thirds from each of the D&O Insurance Contribution, the Underwriter Contribution, and the Preferred Equity Holder Contribution. In the event that the funds received by Lead Counsel consistent with ¶ 19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) pursuant to written instructions from Defendants' Counsel immediately upon their deposit into the Escrow Account consistent with ¶ 19 above.  The Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to the Defendants.

40.     It is further stipulated and agreed that Defendants and Plaintiffs shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect ; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of

Appeals for the Ninth Circuit or the United States Supreme Court. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment, and shall not be grounds for termination of the Settlement.

41.    In addition to the grounds set forth in ¶ 40 above, Plaintiffs shall also have the right to terminate the Settlement in the event that (i) the Settlement Amount has not been paid as provided for in ¶ 10 above; (ii) Plaintiffs thereafter provide written notice of the election to terminate to Defendants' Counsel; and (iii) there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

42.    In addition to the grounds set forth in ¶ 40 above, Defendants shall have the unilateral right to terminate the Settlement in the event that collective requests for exclusion from the Settlement Class by Settlement Class Members meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Defendants concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, Plaintiffs and Defendants will undertake to have the Supplemental Agreement submitted to the Court *in camera*.

## NO ADMISSION OF WRONGDOING

43.    The Parties agree that, by entering into the Settlement and Stipulation, Defendants are not admitting any liability, fault or violation of law. The Parties agree and acknowledge that Defendants vigorously deny all allegations and claims asserted against them but are signing this Settlement and Stipulation to avoid the risk, burden and expense of continued litigation.

44.    Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Judgment, the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.    shall be offered or received against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim or alleged damages that were or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way used or referred to for any other reason as against any of the Defendant Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.    shall be offered or received against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way used or referred to for any other reason as against any of the Plaintiff Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

c.    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

d.    shall be construed as or received in evidence as an admission, concession or presumption that class certification is or was appropriate in this Action, except for purposes of this Settlement.

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement, and Defendants and/or the Defendant Releasees may file the Stipulation and/or the Judgment in any action that might be brought against them to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or other bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, claim, argument, or counterclaim.

## MISCELLANEOUS PROVISIONS

45.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto or the Supplemental Agreement, the terms of the Stipulation shall prevail.

46.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiffs, Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment, in which event the Releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 39 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable, shall be returned as provided in ¶ 39).

47.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement

Class Members against the Defendant Releasees with respect to the Released Plaintiffs' Claims. Accordingly, except in the event of termination of this Settlement, Plaintiffs, and their counsel, and Defendants, and their counsel, agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith and without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by the Honorable Layn Phillips of Phillips ADR, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses. In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

48.    The terms of the Settlement, as reflected in this Stipulation including the exhibits thereto and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

49.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

50.    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by the terms of this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days. As used in the preceding sentence, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day,

Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other day appointed as a federal holiday.

51.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

52.    Any condition in this Stipulation may be waived by the Party entitled to enforce the condition in a writing signed by that Party or its counsel.  The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

53.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

54.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. The signatures so transmitted shall be given the same effect as the original signatures.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

55.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

56.    The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate them shall be governed

1    by the internal laws of the State of California without regard to conflicts of laws, except to the

2    extent that federal law requires that federal law govern.

3    57.    Any action arising under or to enforce this Stipulation or any portion thereof, shall

4    be commenced and maintained only in the Court, except as may be necessary to defend against or

5    respond to an action against Defendant Releasees in any other forum that might be brought against

6    them, to support a defense, claim, or counterclaim based on principles of res judicata, collateral

7    estoppel, release and discharge, good faith settlement, judgment bar or other bar or reduction, or

8    any other theory of claim preclusion or issue preclusion or similar defense, claim, argument, or

9    counterclaim.

10    58.    This Stipulation shall not be construed more strictly against one Party than another

11    merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

12    the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties

13    and all Parties have contributed substantially and materially to the preparation of this Stipulation.

14    59.    All counsel and any other person executing this Stipulation and any of the exhibits

15    hereto, and the Supplemental Agreement, or any related Settlement documents, warrant and

16    represent that they have the full authority to do so and that they have the authority to take

17    appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its

18    terms.

19    60.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another

20    in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in

21    this Stipulation, and to use best efforts to promptly agree upon and execute all such other

22    documentation as may be reasonably required to obtain final approval by the Court of the

23    Settlement.

24    61.    If any Party is required to give notice to another Party under this Stipulation, such

25    notice shall be in writing and shall be deemed to have been duly given upon receipt of hand

26    delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided

27    as follows:

28

**If to Plaintiffs or Lead Counsel:**

Cohen Milstein Sellers & Toll PLLC
Attn: Carol V. Gilden
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Tel.: (312) 629-3737
Fax: (202) 408-4699
Email: cgilden@cohenmilstein.com

        -and-

Bernstein Litowitz Berger & Grossmann LLP
Attn: Jonathan D. Uslaner
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA  90067
Tel.: (310) 819-3470
Fax: (212) 554-1444
Email: jonathanu@blbglaw.com

**If to Defendant Silvergate Capital Corporation:**

Sheppard, Mullin, Richter & Hampton LLP
John P. Stigi III
12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
Tel.: (858) 720-8900
Fax: (858) 509-3691
Email: jstigi@sheppardmullin.com

        -and-

Cravath, Swaine & Moore LLP
Lindsay J. Timlin
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel.: (212) 474-1000
Fax: (212) 474-370
Email: ltimlin@cravath.com

**If to Defendants Goldman Sachs & Co. LLC, Keefe, Bruyette & Woods, Inc., Canaccord Genuity LLC, Compass Point Research & Trading LLC, Craig-Hallum Capital Group LLC, J.P. Morgan Securities LLC, Wedbush Securities Inc., Citigroup Global Markets Inc., and UBS Securities LLC:**

Latham & Watkins LLP
Jason C. Hegt
1271 Avenue of the Americas
New York, NY 10020
Tel.: (212) 906-1200
Fax: (212) 751-4864
Email: jason.hegt@lw.com

**If to Defendants Karen F. Brassfield, Paul D. Colucci, Thomas C. Dircks, Aanchal Gupta, Michael Lempres, Scott A. Reed, and Colleen Sullivan:**

Glenn Agre Bergman & Fuentes LLP
Andrew K. Glenn
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
Tel.: 212-970-1618
Email: aglenn@glennagre.com

**If to Defendant Alan J. Lane:**

Foley & Lardner LLP
Beth I. Z. Boland
111 Huntington Avenue, Suite 2500
Boston, MA 02199-7610
Tel.: (617) 226-3179
Email: bboland@foley.com

**If to Defendants Dennis S. Frank, Robert C. Campbell, and Derek J. Eisele:**

Goodwin Procter LLP
Alexander J. Nicas, Esq.
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Email: anicas@goodwinlaw.com

**If to Defendant Antonio Martino:**

Linklaters LLP
Patrick C. Ashby
1290 Avenue of the Americas
New York, NY 10104
Tel.: (212) 903-9000
Fax: (212) 903-9100
patrick.ashby@linklaters.com

62.      Except as otherwise provided herein, each Party shall bear its own costs.

63.      Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

64.      All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

65.      No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

1    IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed,

2  by their duly authorized attorneys, as of May 9, 2025.

3  _Carol V. Gilden_

4  _____
**COHEN MILSTEIN SELLERS**

5  **& TOLL PLLC**
Carol V. Gilden (*pro hac vice*)

6  cgilden@cohenmilstein.com
200 S. Wacker Drive, Suite 2375

7  Chicago, IL 60606
Tel: (312) 629-3737

8

9  -and-

10  Steven J. Toll (*pro hac vice*)
stoll@cohenmilstein.com

11  S. Douglas Bunch (*pro hac vice*)
dbunch@cohenmilstein.com

12  Jan Messerschmidt (*pro hac vice*)
jmesserschmidt@cohenmilstein.com

13  Brendan Schneiderman (*pro hac vice*)
bschneiderman@cohenmilstein.com

14  1100 New York Avenue, N.W.
Suite 800

15  Washington, DC 20005
Tel: (202) 408-4600

16

17  -and-

18

19  Christina D. Saler (*pro hac vice*)
csaler@cohenmilstein.com

20  100 N. 18th Street
Suite 1820

21  Philadelphia, PA 19103
Tel: (267) 479-5707

22        *Lead Counsel for Plaintiffs and the Settlement Class*

23

24

25

26

27

28

_____
**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA  90067
Tel: (310) 819-3470

-and-

John J. Rizio-Hamilton (*pro hac vice* pending)
johnr@blbglaw.com
Shane D. Avidan (*pro hac vice* pending)
shane.avidan@blbglaw.com
1251 Avenue of the Americas
New York, NY  10020
Tel: (212) 554-1400

1    IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed,

2  by their duly authorized attorneys, as of May 9, 2025.

3

4
    *Jonathan Uslaner* (signature)

    _____    _____
**COHEN MILSTEIN SELLERS**    **BERNSTEIN LITOWITZ BERGER**
    **& TOLL PLLC**       **& GROSSMANN LLP**
Carol V. Gilden (*pro hac vice*)    Jonathan D. Uslaner (Bar No. 256898)
cgilden@cohenmilstein.com    jonathanu@blbglaw.com
200 S. Wacker Drive, Suite 2375    Lauren M. Cruz (Bar No. 299964)
Chicago, IL 60606    lauren.cruz@blbglaw.com
Tel: (312) 629-3737    2121 Avenue of the Stars, Suite 2575
    Los Angeles, CA  90067
-and-    Tel: (310) 819-3470

Steven J. Toll (*pro hac vice*)    -and-
stoll@cohenmilstein.com
S. Douglas Bunch (*pro hac vice*)    John J. Rizio-Hamilton (*pro hac vice* pending)
dbunch@cohenmilstein.com    johnr@blbglaw.com
Jan Messerschmidt (*pro hac vice*)    Shane D. Avidan (*pro hac vice* pending)
jmesserschmidt@cohenmilstein.com    shane.avidan@blbglaw.com
Brendan Schneiderman (*pro hac vice*)    1251 Avenue of the Americas
bschneiderman@cohenmilstein.com    New York, NY  10020
1100 New York Avenue, N.W.    Tel: (212) 554-1400
Suite 800
Washington, DC 20005
Tel: (202) 408-4600

-and-

Christina D. Saler (*pro hac vice*)
csaler@cohenmilstein.com
100 N. 18th Street
Suite 1820
Philadelphia, PA 19103
Tel: (267) 479-5707

          *Lead Counsel for Plaintiffs and the Settlement Class*

1

2   **SHEPPARD, MULLIN, RICHTER &**
    **HAMPTON LLP**
3   John P. Stigi III
4   jstigi@sheppardmullin.com
    12275 El Camino Real, Suite 100
5   San Diego, CA 92130-4092
6   Tel: (858) 876-3559
    Fax: (858) 509-3691
7
    -and-
8
9   Polly Towill
    ptowill@sheppardmullin.com
10  John M. Landry
    jlandry@sheppardmullin.com
11  350 South Grand Avenue, 40th Floor
12  Los Angeles, CA 90071
    Tel: (213) 620-1780
13  Fax: (213) 620-1398

14

**CRAVATH, SWAINE & MOORE LLP**
George E. Zobitz
jzobitz@cravath.com
Paul H. Zumbro
pzumbro@cravath.com
Lauren A. Moskowitz
lmoskowitz@cravath.com
Lindsay J. Timlin
ltimlin@cravath.com
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212) 474-1000
Fax: (212) 474-370

15                *Counsel for the Debtors and Debtors in Possession*

16

17

18

19

20

21

22

23

24

25

26

27

28

1     _____

2     **MILBANK LLP**
    Dennis F. Dunne

3     ddunne@milbank.com
    Lauren C. Doyle

4     ldoyle@milbank.com
    55 Hudson Yards

5     New York, NY 10001
    Tel: (212) 530-5000

6     Fax: (212) 530-5219

7

8     -and-

9     Andrew M. Leblanc
    aleblanc@milbank.com

10     1850 K Street NW, Suite 1100
    Washington, DC 20006

11     Tel: (202) 835-7500
    Fax: (202) 263-7586

12

13     *Counsel for the Ad Hoc Group of Preferred*
    *Equity Holders*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

**LATHAM & WATKINS LLP**
Michele D. Johnson
michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: (714) 540-1235
Fax: (714) 755-8290

-and-

Douglas K. Yatter
douglas.yatter@lw.com
Jason C. Hegt
jason.hegt@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864

*Counsel for Defendants Goldman Sachs & Co.*
*LLC, Keefe, Bruyette & Woods, Inc.,*
*Canaccord Genuity LLC, Compass Point*
*Research & Trading LLC, Craig-Hallum*
*Capital Group LLC, J.P. Morgan Securities*
*LLC, Wedbush Securities Inc., Citigroup*
*Global Markets Inc., And UBS Securities LLC*

| STIPULATION OF SETTLEMENT | 42 | CASE NO. 22-cv-01936-JES-MSB |

**GLENN AGRE BERGMAN & FUENTES LLP**
Andrew K. Glenn
aglenn@glennagre.com
Jed I. Bergman
jbergman@glennagre.com
Jonathan H. Friedman
jfriedman@glennagre.com
George L. Santiago
gsantiago@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Tel: (212) 970-1618

-and-

Lyn R. Agre
lagre@glennagre.com
580 California Street, Suite 1420
San Francisco, CA 94104
Tel: (212) 970-1602

*Counsel for Defendants Karen F. Brassfield, Paul D. Colucci, Thomas C. Dircks, Aanchal Gupta, Michael Lempres, Scott A. Reed, and Colleen Sullivan*

**FOLEY & LARDNER LLP**
Beth Boland
bboland@foley.com
111 Huntington Avenue, Suite 2500
Boston, MA 02199-7610
Tel: (617) 226-3179

-and-

Pamela Johnston
pjohnston@foley.com
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Tel: (213) 972-4632

*Counsel for Defendant Alan J. Lane*

DocuSigned by:

*Beth Boland*

D6360A611161463

**GLENN AGRE BERGMAN &**
**FUENTES LLP**
Andrew K. Glenn
aglenn@glennagre.com
Jed I. Bergman
jbergman@glennagre.com
Jonathan H. Friedman
jfriedman@glennagre.com
George L. Santiago
gsantiago@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Tel: (212) 970-1618

-and-

Lyn R. Agre
lagre@glennagre.com
580 California Street, Suite 1420
San Francisco, CA 94104
Tel: (212) 970-1602

*Counsel for Defendants Karen F. Brassfield,*
*Paul D. Colucci, Thomas C. Dircks, Aanchal*
*Gupta, Michael Lempres, Scott A. Reed, and*
*Colleen Sullivan*

**FOLEY & LARDNER LLP**
Beth Boland
bboland@foley.com
111 Huntington Avenue, Suite 2500
Boston, MA 02199-7610
Tel: (617) 226-3179

-and-

Pamela Johnston
pjohnston@foley.com
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Tel: (213) 972-4632

*Counsel for Defendant Alan J. Lane*

---

STIPULATION OF SETTLEMENT                43                CASE NO. 22-CV-01936-JES-MSB

1

2  */s Jonathan Shapiro*

3  **GOODWIN PROCTER LLP**          **LINKLATERS LLP**
   Alexander J. Nicas, Esq.           Patrick C. Ashby
   anicas@goodwinlaw.com              patrick.ashby@linklaters.com
4  Stacy Dasaro, Esq.                 1290 Avenue of the Americas
   sdasaro@goodwinlaw.com            New York, NY 10104
5  The New York Times Building        Tel: (212) 903-9000
   620 Eighth Avenue                  Fax: (212) 903-9100
6  New York, New York 10018
   Tel: (212) 813-8800               *Counsel for Defendant Antonio Martino*

7
   -and-
8

9  Jonathan Shapiro, Esq.
   jshapiro@goodwinlaw.com
10 525 Market Street
   32nd Floor
11 San Francisco, California 94105
   Tel: (415) 733-6000
12
   -and-
13

14 Aaron Thompson, Esq.
   athompson@goodwinlaw.com
15 520 Broadway Suite #500
   Santa Monica, California 90401
16 Tel: (424) 252-6400

17 *Attorneys for Dennis S. Frank, Robert C.*
   *Campbell, and Derek J. Eisele*
18

19

20 * With authorization, as provided under S.D. Cal.
   ECF Adm. Policies and Procedures ¶ 2.f.4.
21

22

23

24

25

26

27

28

---

STIPULATION OF SETTLEMENT             44             Case No. 22-cv-01936-JES-MSB

1

2 **GOODWIN PROCTER LLP**              **LINKLATERS LLP**
   Alexander J. Nicas, Esq.              Patrick C. Ashby
3  anicas@goodwinlaw.com                 patrick.ashby@linklaters.com
   Stacy Dasaro, Esq.                    1290 Avenue of the Americas
4  sdasaro@goodwinlaw.com                New York, NY 10104
   The New York Times Building           Tel: (212) 903-9000
5  620 Eighth Avenue                     Fax: (212) 903-9100
6  New York, New York 10018
   Tel: (212) 813-8800                   *Counsel for Defendant Antonio Martino*
7
8  -and-
9  Jonathan Shapiro, Esq.
   jshapiro@goodwinlaw.com
10 525 Market Street
   32nd Floor
11 San Francisco, California 94105
   Tel: (415) 733-6000
12
13 -and-
14 Aaron Thompson, Esq.
   athompson@goodwinlaw.com
15 520 Broadway Suite #500
   Santa Monica, California 90401
16 Tel: (424) 252-6400
17
   *Attorneys for Dennis S. Frank, Robert C.*
18 *Campbell, and Derek J. Eisele*
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE SILVERGATE CAPITAL
CORPORATION SECURITIES
LITIGATION

Case No. 3:22-cv-01936-JES-MSB

CLASS ACTION

**[PROPOSED] ORDER
PRELIMINARILY APPROVING
SETTLEMENT AND AUTHORIZING
DISSEMINATION OF NOTICE OF
SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936-JES-MSB (the "Action");

WHEREAS, (a) Plaintiffs Indiana Public Retirement System, Boston Retirement System, Public School Teachers' Pension & Retirement Fund of Chicago, International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust (collectively, the "Institutional Investors" or "Lead Plaintiffs"); and Bucks County Employees Retirement Fund ("Bucks County," and collectively with the Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined in paragraph 1(pp) below); and (b) defendants Silvergate Capital Corporation ("Silvergate Capital" and together with its subsidiary Silvergate Bank, the "Debtors"), Alan J. Lane, Paul D. Colucci, Thomas C. Dircks, Michael Lempres, Scott A. Reed, Karen Brassfield, Aanchal Gupta, Colleen Sullivan, Tony Martino, Dennis Frank and Robert Campbell (collectively, the "Individual Defendants" and together with the Debtors, the "Silvergate Defendants") and defendants Canaccord Genuity LLC, Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Keefe, Bruyette & Woods, Inc., UBS Securities LLC, and Wedbush Securities Inc. (collectively, the "Underwriter Defendants" and together with the Silvergate Defendants, the "Defendants") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 9, 2025 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement

---

[PROPOSED] ORDER PRELIMINARILY    1    CASE NO. 22-CV-01936-JES-MSB
APPROVING SETTLEMENT

1    Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation

2    and the exhibits attached thereto; and

3        WHEREAS, unless otherwise defined in this Order, all capitalized terms herein shall have

4    the same meanings as they have in the Stipulation;

5        NOW THEREFORE, IT IS HEREBY ORDERED:

6        1.    **Proposed Class Certification for Settlement Purposes** – The Parties have

7    proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of

8    the Federal Rules of Civil Procedure solely for purposes of effectuating the proposed Settlement:

9    (a) all persons and entities who purchased or otherwise acquired the publicly traded common stock

10   of Silvergate Capital from November 7, 2019 through March 21, 2023, inclusive, and were

11   damaged thereby, and (b) all persons and entities who purchased Silvergate Capital securities in

12   and/or traceable to any of Silvergate Capital's securities offerings during 2021, and were damaged

13   thereby.  Excluded from the Settlement Class are (a) Defendants; (b) directors and officers of

14   Defendants (at all relevant times); (c) Defendants' Immediate Family Members and their legal

15   representatives, heirs, successors or assigns; and (d) any entity in which any Defendant has or had

16   a controlling interest; *provided*, *however*, that no Investment Vehicle shall be excluded from the

17   Settlement Class.  Also excluded from the Settlement Class are any persons or entities who or

18   which timely and validly exclude themselves by submitting a request for exclusion that is accepted

19   by the Court.

20        a.    The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of

21   Civil Procedure and for purposes of effectuating the proposed Stipulation and the Settlement, that

22   it will likely be able to certify the Settlement Class.  Specifically, the Court finds that each element

23   required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil

24   Procedure has been met or will likely be met: (a) the members of the Settlement Class are so

25   numerous that their joinder in the Action would be impracticable; (b) there are questions of law

26   and fact common to the Settlement Class which predominate over any individual questions; (c) the

27   claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs

28   and Lead Counsel have fairly and adequately represented and protected the interests of the

Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

b.    The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure and for purposes of effectuating the proposed Stipulation and the Settlement, that it will likely be able to certify Plaintiffs as Class Representatives for the Settlement Class and preliminarily appoints Lead Counsel as Class Counsel for the Settlement Class, for purposes of the Stipulation and Settlement only, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Lead Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

2.    **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

3.    **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2025 at _:__ _.m. at Courtroom 4B of the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants, without costs to any party; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether Lead Counsel's motion for attorneys' fees and Litigation Expenses should be approved;

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT      3      CASE NO. 22-CV-01936-JES-MSB

and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 5 of this Order.

4.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice.

5.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement, as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, at no cost to the Settlement Fund, Lead Counsel, the Settlement Class, or the Claims Administrator, (i) Silvergate Capital shall provide or cause to be provided to the Claims Administrator, in electronic format, records reasonably available to Silvergate Capital or its transfer agent concerning the identity, last known mailing addresses, and, if available, last known email addresses of potential Settlement Class Members, which information the Claims Administrator shall treat and maintain as confidential, and (ii) the Underwriter Defendants shall provide or cause to be provided to the Claims Administrator, in electronic format, records reasonably available to the Underwriter Defendants concerning the identity of persons and entities who purchased Silvergate Capital Stock in the 2021 Offerings, which information the Claims Administrator shall treat and maintain as confidential;

(b)     beginning not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (collectively, the "Notice Packet"), to be mailed by first-class mail or emailed to all potential Settlement Class Members who may be identified through reasonable effort, including those identified by Silvergate Capital and the Underwriter Defendants and through mailing the Notice

Packet to the largest and most common brokers and other nominee owners, who will be instructed to forward the Notice Packet or provide names and addresses of Settlement Class Members, as discussed below in paragraph 7;

(c)    by the Notice Date, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 5 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of Settlement Class Members' right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other

1  applicable law and rules.  The date and time of the Settlement Hearing shall be included in the

2  Notice and Summary Notice before they are mailed and published, respectively.

3      7.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise

4  acquired Silvergate Capital common stock during the Class Period or purchased Silvergate Capital

5  Stock in or traceable to the 2021 Offerings for the benefit of another person or entity shall:

6  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator

7  sufficient copies of the Notice Packet to forward to all such beneficial owners and, within seven

8  (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners;

9  or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing

10  addresses, and, if available, email addresses, of all such beneficial owners to the Claims

11  Administrator in which event the Claims Administrator shall promptly mail or email the Notice

12  Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek

13  reimbursement of their reasonable expenses actually incurred in complying with this Order by

14  providing the Claims Administrator with proper documentation supporting the expenses for which

15  reimbursement is sought.  Such expenses incurred by the nominees shall not exceed $0.05 plus

16  postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; or

17  $0.05 per name, address, and email address (to the extent available) provided to the Claims

18  Administrator.  Such properly documented expenses incurred by nominees in compliance with the

19  terms of this Order shall be paid solely from the Settlement Fund, with any disputes as to the

20  reasonableness or documentation of expenses incurred subject to review by the Court.

21      8.    **CAFA Notice** – As provided in the Stipulation, Defendants shall be responsible for

22  serving notice under the Class Action Fairness Act ("CAFA") if they determine it is required, and

23  for coordinating with the Claims Administrator to the extent necessary.  Silvergate Capital shall

24  be solely responsible for the costs of the CAFA notices.  At least seven (7) calendar days before

25  the Settlement Hearing, or as otherwise ordered by the Court, Defendants shall cause to be served

26  on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance

27  with CAFA § 1715(b).

28

9.  **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

10.  Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.  Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable; and (d) will be forever barred and enjoined from commencing,

1   instituting, intervening in, participating in, continuing, maintaining, asserting or prosecuting, either

2   directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf

3   of any class or any other person, any action, suit, cause of action, claim, or demand with respect

4   to any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees in any court

5   of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind or character,

6   whether brought directly, in a representative capacity, derivatively, or in any other capacity, as

7   more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim

8   Forms may be accepted for processing as set forth in paragraph 9 above.

9          12.    **Exclusion from the Settlement Class** – Any member of the Settlement Class who

10   wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in

11   writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any

12   such request for exclusion from the Settlement Class must be mailed or delivered such that it is

13   received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Silvergate*

14   *Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91072, Seattle,

15   WA 98111, and (b) each request for exclusion must (i) state the name, address, and telephone

16   number of the person or entity requesting exclusion, and in the case of entities, the name and

17   telephone number of the appropriate contact person; (ii) state that such person or entity "requests

18   exclusion from the Settlement Class in *In re Silvergate Capital Corporation Securities Litigation*,

19   No. 3:22-cv-01936-JES-MSB (S.D. Cal.)"; (iii) state the number of shares of Silvergate Capital

20   common stock that the person or entity requesting exclusion (A) owned as of the opening of trading

21   on November 7, 2019 and (B) purchased/acquired and/or sold from November 7, 2019 through

22   March 21, 2023, inclusive, as well as the dates and prices of each such purchase/acquisition and/or

23   sale and, for each, the numbers of shares purchased/acquired and/or sold; (iv) state the number of

24   shares of Silvergate Capital common stock and Silvergate Capital Preferred Stock that the person

25   or entity requesting exclusion purchased in or traceable to Silvergate Capital's 2021 Offerings, as

26   well as the dates and prices of each such purchase and the dates and prices of any related sale, if

27   applicable, and, for each, the numbers of securities purchased and/or sold; and (v) be signed by

28   the person or entity requesting exclusion or an authorized representative.  A request for exclusion

[PROPOSED] ORDER PRELIMINARILY        8        CASE NO. 22-CV-01936-JES-MSB
APPROVING SETTLEMENT

1 shall not be effective unless it provides all the required information and is received within the time
2 stated above, or is otherwise accepted by the Court.

3    13.    Any person or entity who or which timely and validly requests exclusion in
4 compliance with the terms stated in this Order and is excluded from the Settlement Class shall not
5 be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or
6 judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

7    14.    Any Settlement Class Member who or which does not timely and validly request
8 exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have
9 waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred
10 from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be
11 bound by the provisions of the Stipulation and Settlement and all proceedings, determinations,
12 orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases
13 provided for therein, whether favorable or unfavorable; and (d) will be forever barred and enjoined
14 from commencing, instituting, intervening in, participating in, continuing, maintaining, asserting
15 or prosecuting, either directly or indirectly, whether in the United States or elsewhere, on their
16 own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim,
17 or demand with respect to any or all of the Released Plaintiffs' Claims against any of the Defendant
18 Releasees in any court of law or equity, arbitration, tribunal, administrative forum, or other forum
19 of any kind or character, whether brought directly, in a representative capacity, derivatively, or in
20 any other capacity, as more fully described in the Stipulation and Notice.

21    15.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class
22 Member who or which does not request exclusion from the Settlement Class may enter an
23 appearance in the Action, at his, her, or its own expense, individually or through counsel of his,
24 her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to
25 both Lead Counsel and Representative Defendants' Counsel, at the addresses set forth in paragraph
26 16 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement
27 Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter
28 an appearance will be represented by Lead Counsel.

[PROPOSED] ORDER PRELIMINARILY    9    CASE NO. 22-CV-01936-JES-MSB
APPROVING SETTLEMENT

16.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Representative Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

**Lead Plaintiffs' Counsel**:

>Carol V. Gilden
>Cohen Milstein Sellers & Toll PLLC
>200 S. Wacker Drive, Suite 2375
>Chicago, IL 60606

>Jonathan D. Uslaner
>Bernstein Litowitz Berger & Grossmann LLP
>2121 Avenue of the Stars, Suite 2575
>Los Angeles, CA  90067

**Representative Defendants' Counsel**:

>John P. Stigi III
>Sheppard, Mullin, Richter & Hampton LLP
>12275 El Camino Real, Suite 100
>San Diego, CA 92130-4092

>Jason C. Hegt
>Latham & Watkins LLP
>1271 Avenue of the Americas
>New York, NY 10020

17.     Any objections, filings, and other submissions by the objecting Settlement Class Member must: (a) identify the case name and docket number in *In re Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936-JES-MSB (S.D. Cal.); (b) state the name,

address, and telephone number of the person or entity objecting and be signed by the objector; (c) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) include documents sufficient to prove membership in the Settlement Class, including documents showing (i) the number of shares of Silvergate Capital common stock that the person or entity (A) owned as of the opening of trading on November 7, 2019 and (B) purchased/acquired and/or sold from November 7, 2019 through March 21, 2023, inclusive, as well as the dates and prices of each such purchase/acquisition and/or sale and, for each, the numbers of shares purchased/acquired and/or sold, and/or (ii) the number of shares of Silvergate Capital common stock and Silvergate Capital Preferred Stock that the person or entity purchased in or traceable to Silvergate Capital's 2021 Offerings, as well as the dates and prices of each such purchase and the dates and prices of any related sale, if applicable, and, for each, the numbers of securities purchased and/or sold.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

18.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning

the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, Plaintiffs' Counsel, and all other members of the Settlement Class from commencing, instituting, intervening in, participating in, continuing, maintaining, asserting or prosecuting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand with respect to any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity, as more fully described in the Stipulation and Notice.

20.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

21.    **Settlement Fund** – The contents of the Settlement Fund held by Huntington Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.    **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, to apply for any tax refund owed to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved (however, any decision with respect to an application for attorneys' fees or Litigation Expenses, or with any respect to any Plan of Allocation, shall not be considered grounds for termination), or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective litigation positions in the Action as of March 25, 2025, as provided in the Stipulation.

24. **Use of This Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Judgment, the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim or alleged damages that were or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way used or referred to for any other reason as against any of the Defendant Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered or received against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees that any of their claims are without merit, that

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT          13          CASE NO. 22-CV-01936-JES-MSB

any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way used or referred to for any other reason as against any of the Plaintiff Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; or

(d)    shall be construed as or received in evidence as an admission, concession or presumption that class certification is or was appropriate in this Action, except for purposes of this Settlement.

*provided, however,* that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement, and Defendants and/or the Defendant Releasees may file the Stipulation and/or the Judgment in any action that might be brought against them to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or other bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, claim, argument, or counterclaim.

25.    **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

26.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this __day of _____, 2025.


_____
The Honorable James E. Simmons, Jr.
United States District Judge

**Exhibit A-1**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

### _A federal court authorized this Notice. This is not a solicitation from a lawyer._

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the U.S. District Court for the Southern District of California (the "Court"), if, during the period from November 7, 2019, through March 21, 2023, inclusive (the "Class Period"), you purchased or otherwise acquired the common stock of Silvergate Capital Corporation ("Silvergate Capital") and were damaged thereby or purchased Silvergate Capital securities in and/or traceable to any of Silvergate Capital's securities offerings during 2021 and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Indiana Public Retirement System, Boston Retirement System, Public School Teachers' Pension & Retirement Fund of Chicago, International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust (collectively, the "Institutional Investors" or "Lead Plaintiffs"); and Bucks County Employees Retirement Fund ("Bucks County," and collectively with the Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class (as defined in ¶ 16 below), have reached a proposed settlement of the Action for $37,500,000 in cash that, if approved, will resolve all claims in the Action. The Settlement will become effective only if the Court finally approves the Settlement and the effective date of Silvergate Capital's Chapter 11 Plan occurs.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 9, 2025 (the "Stipulation"), which is available at www.SilvergateSecuritiesLitigation.com.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Silvergate Capital, the other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 58 below).**

1.      __Description of the Action and the Settlement Class:__ This Notice relates to a proposed settlement of claims in a pending securities class action brought by investors alleging, among other things, that Silvergate Capital[2] (collectively with the Individual Defendants and the Underwriter Defendants as defined in ¶ 12 below, "Defendants") violated the federal securities laws by making false and misleading statements about Silvergate Bank's vetting, due diligence, and monitoring of customers. A more detailed description of the Action is set forth in ¶¶ 11-15 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 16 below.

2.      __Statement of the Settlement Class's Recovery:__ Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for $37,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A below. The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.

3.      __Estimate of Average Amount of Recovery Per Share:__ Based on Plaintiffs' damages expert's estimate of the number of shares of Silvergate Capital common stock and depositary shares representing a 1/40th interest in a share of 5.375% Fixed Rate Non-Cumulative Perpetual Preferred Stock, Series A ("Silvergate Capital Preferred Stock" and, with Silvergate Capital common stock, "Silvergate Capital Stock") that were purchased by Settlement Class Members and that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.13 per affected share of Silvergate Capital common stock and $0.22 per affected share of Silvergate Capital Preferred Stock. Settlement Class Members should note, however, that the foregoing average recovery is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Silvergate Capital Stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* Appendix A below) or such other plan of allocation as may be ordered by the Court.

4.      __Average Amount of Damages Per Share:__ The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among

---

[2] Silvergate Capital filed a Notice of Bankruptcy in this Action on September 19, 2024. Together, Silvergate Capital and its subsidiary Silvergate Bank are the "Debtors."

other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.      **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP, have been prosecuting the Action on a wholly contingent basis since their appointment as Lead Counsel in February 2023, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Before final approval of the Settlement, Lead Counsel will apply to the Court  for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 17% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Plaintiffs' Counsel's Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $1.4 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.03 per affected share of Silvergate Capital common stock and $0.04 per affected share of Silvergate Capital Preferred Stock.

6.      **Identification of Attorney Representatives:** Plaintiffs and the Settlement Class are represented by Carol V. Gilden, Esq., of Cohen Milstein Sellers & Toll PLLC, 200 S. Wacker Drive, Suite 2375, Chicago, IL 60606, (312) 629-3737, and Jonathan D. Uslaner, Esq., of Bernstein Litowitz Berger & Grossmann LLP, 2121 Avenue of the Stars, Suite 2575, Los Angeles, CA 90067, (310) 819-3470, settlements@blbglaw.com.

7.      **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN_____, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 26 below) that you have against Defendants and the other Defendant Releasees (defined in ¶ 27 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN_____, 2025.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendant Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN_____, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2025 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN_____, 2025.** | Filing a written objection and notice of intention to appear by _____, 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

Case 3:22-cv-01936-JES-MSB    Document 139-1    Filed 05/21/25    PageID.3430    Page 70 of 120

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|

| | |
|---|---|
| Why Did I Get This Notice? | Page [__] |
| What Is This Case About? | Page [__] |
| How Do I Know If I Am Affected By The Settlement? | |
|     Who Is *Included* In The Settlement Class? | Page [__] |
| What Are Plaintiffs' Reasons For The Settlement? | Page [__] |
| What Might Happen If There Were No Settlement? | Page [__] |
| How Are Settlement Class Members Affected By The Action | |
|     And The Settlement? | Page [__] |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page [__] |
| How Much Will My Payment Be? | Page [__] |
| What Payment Are The Attorneys For The Settlement Class Seeking? | |
|     How Will The Lawyers Be Paid? | Page [__] |
| What If I Do Not Want To Be A Member Of The Settlement Class? | |
|     How Do I Exclude Myself? | Page [__] |
| When And Where Will The Court Decide Whether To Approve The | |
|     Settlement? Do I Have To Come To The Hearing? May I Speak At | |
|     The Hearing If I Don't Like The Settlement? | Page [__] |
| What If I Bought Shares On Someone Else's Behalf? | Page [__] |
| Can I See The Court File? Whom Should I Contact If I Have | |
|     Questions? | Page [__] |

| **WHY DID I GET THIS NOTICE?** | |
|---|---|

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Silvergate Capital stock during the Class Period. The Court has directed to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 48-49 below for details about the Settlement Hearing, including the date and location of the hearing.

10.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the

Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    On February 28, 2023, the Court appointed the Institutional Investors as Lead Plaintiffs for the Action and approved Lead Plaintiffs' selection of Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

12.    On May 11, 2023, Plaintiffs filed and served a Consolidated Amended Class Action Complaint (the "Complaint") asserting claims against Silvergate Capital and Alan J. Lane under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Lane under Section 20(a) of the Exchange Act. Plaintiffs also asserted claims against Silvergate Capital; Alan J. Lane, Paul D. Colucci, Thomas C. Dircks, Michael Lempres, Scott A. Reed, Karen Brassfield, Aanchal Gupta, Colleen Sullivan, Tony Martino, Dennis Frank, and Robert Campbell (collectively, the "Individual Defendants"); and Canaccord Genuity LLC, Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Keefe, Bruyette & Woods, Inc., UBS Securities LLC, and Wedbush Securities Inc. (collectively, the "Underwriter Defendants") under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act") and against the Individual Defendants under Section 15 of the Securities Act.

13.    The Complaint alleged that the Silvergate Defendants made materially false and/or misleading statements about Silvergate Bank's vetting, due diligence, and monitoring of customers. The Complaint further alleged that the price of Silvergate Capital stock was artificially inflated as a result of Defendants' allegedly false and/or misleading statements, and declined when the truth was revealed.

14.    On May 9, 2025, the Parties entered into the Stipulation and Agreement of Settlement, which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.SilvergateSecuritiesLitigation.com.

15.    On _____, 2025, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

16.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

(a) all persons and entities who purchased or otherwise acquired the publicly traded common stock of Silvergate Capital from November 7, 2019 through March 21, 2023, inclusive (the "Class Period"), and were damaged thereby, and

(b) all persons and entities who purchased Silvergate Capital securities in and/or traceable to any of Silvergate Capital's securities offerings during 2021,[3] and were damaged thereby.

Excluded from the Settlement Class are: (a) Defendants; (b) directors and officers of Defendants (at all relevant times); (c) Defendants' Immediate Family Members[4] and their legal representatives, heirs, successors or assigns; and (d) any entity in which any Defendant has or had a controlling interest; *provided*, *however*, that no "Investment Vehicle" shall be excluded from the Settlement Class.[5]

Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page below.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____, 2025.**

---

[3] Silvergate Capital's securities offerings during 2021 (the "2021 Offerings") included (a) three offerings of Silvergate Capital common stock conducted on or about January 20, 2021, March 18 through May 18, 2021, and December 6, 2021, and (b) an initial public offering of depositary shares representing a 1/40th interest in a share of 5.375% Fixed Rate Non-Cumulative Perpetual Preferred Stock, Series A (the "Silvergate Capital Preferred Stock" and, with Silvergate Capital common stock, "Silvergate Capital Stock"), conducted on or around July 28, 2021.

[4] "Immediate Family Member(s)" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

[5] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, funds of funds, private equity funds, real estate funds, and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates does not hold a majority beneficial interest.

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

17.     Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, those risks include challenges in establishing that Defendants' statements about Silvergate Capital's due diligence of its banking customers were false or misleading and that the Individual Defendants knew that the statements were false or were reckless in making them. Defendants have contended—and would have contended at summary judgment or trial—that their statements were neither false nor misleading and were supported by contemporaneous facts.

18.     Plaintiffs also faced risks relating to loss causation and damages. Defendants would have contended at summary judgment and trial, supported by their economic expert's analysis, that Plaintiffs could not establish a causal connection between the alleged misrepresentations about Silvergate Capital's banking customer due diligence and the losses investors allegedly suffered, as required by law. Moreover, even if Plaintiffs were able to establish damages, collectability would have been uncertain given Silvergate Capital's bankruptcy.

19.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $37,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

20.     Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

21.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

22.    As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

23.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

24.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

25.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, in their capacities as such, anyone claiming through or on behalf of any of them, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Settlement Class Member, in that capacity (collectively, "Plaintiff Releasors"), regardless of whether they execute and deliver a Proof of Claim and Release and regardless of whether they share in the Settlement Fund, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, dismissed, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 26 below) against Defendants and the Defendant Releasees (as defined in ¶ 27 below), and will forever be barred and enjoined from commencing, instituting, intervening in, participating in, continuing, maintaining, asserting or prosecuting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand with respect to any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity.

26.    "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever, whether known claims or Unknown Claims, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether

9

foreign or domestic, whether arising under federal, state, common, or foreign law or any other law, rule or regulation, by Plaintiffs, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants, which arise out of, are based upon, or relate in any way to (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, and/or (ii) the purchase, acquisition, holding, sale, or disposition of the publicly traded common stock of Silvergate Capital during the Class Period and/or the securities issued in or traceable to any of Silvergate Capital's securities offerings during 2021. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

27.     "Defendant Releasees" means Defendants and each of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, heirs, executors, estates, administrators, joint ventures, entities in which they have a controlling interest, partnerships, partners, members, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, auditors, and attorneys, in their capacities as such.

28.     "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member or any other Plaintiff Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, in each case which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, including but not limited to whether to object to the Settlement or seek exclusion from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members and each of the other Plaintiff Releasors and Defendant Releasors shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Settlement Class Members, and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly fully, finally, and forever settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon

any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiff Releasors and Defendant Releasors shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

29.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, anyone claiming through or on behalf of any of them, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of a Defendant, in that capacity (collectively, "Defendant Releasors"), will have fully, finally, and forever compromised, settled, released, resolved, relinquished, dismissed, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 30 below) against Plaintiffs and the other Plaintiff Releasees (as defined in ¶ 31 below), and will forever be barred and enjoined from commencing, instituting, continuing, maintaining, asserting or prosecuting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand with respect to any or all of the Released Defendants' Claims against any of the Plaintiff Releasees in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity.

30.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

31.    "Plaintiff Releasees" means Plaintiffs and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, heirs, executors, estates, administrators, joint ventures, entities in which they have a controlling interest, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, auditors, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

32.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked* (if mailed) or submitted online at www.SilvergateSecuritiesLitigation.com no later than _____, 2025**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.SilvergateSecuritiesLitigation.com. You may also request

that a Claim Form be mailed to you by calling the Claims Administrator toll free at 866-287-0746 or by emailing the Claims Administrator at info@SilvergateSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in Silvergate Capital Stock, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Silvergate Capital Stock.

33.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

<div style="border:1px solid #000; padding:4px; text-align:center; background:#ddd;">

**HOW MUCH WILL MY PAYMENT BE?**

</div>

34.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

35.    Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid a total of $37,5000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

36.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

37.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

38.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

39.    Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 26 above) against the Defendant Releasees (as defined in ¶ 27 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendant Releasees whether

or not such Settlement Class Member submits a Claim Form.

40.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

41.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

42.    Only members of the Settlement Class will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible for a payment and should not submit Claim Forms.

> ## WHAT PAYMENT ARE THE ATTORNEYS FOR THE
> ## SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

43.    Lead Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Settlement Class, nor have Lead Counsel been paid for their Litigation Expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court on behalf of Plaintiffs' Counsel for an award of attorneys' fees in an amount not to exceed 17% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Plaintiffs' Counsel's Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $1.4 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

> ## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
> ## HOW DO I EXCLUDE MYSELF?

44.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Silvergate Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91072, Seattle, WA 98111. The Request for Exclusion must be ***received*** no **later than _____, 2025**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936-JES-MSB (S.D. Cal.)"; (iii) state the number of shares of Silvergate Capital common stock that the person or entity requesting exclusion

13

(A) owned as of the opening of trading on November 7, 2019 and (B) purchased/acquired and/or sold from November 7, 2019 through March 21, 2023, inclusive, as well as the dates and prices of each such purchase/acquisition and/or sale and, for each, the numbers of shares purchased/acquired and/or sold; (iv) state the number of securities that the person or entity requesting exclusion purchased in or traceable to Silvergate Capital's securities offerings during 2021, as well as the dates and prices of each such purchase and the dates and prices of any related sale, if applicable, and, for each, the numbers of securities purchased and/or sold; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all of the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

45.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees.

46.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

47.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

48.    **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.** Please Note: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. You should check the Court's docket or the Settlement website, www.SilvergateSecuritiesLitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

49.    The Settlement Hearing will be held on _____, 2025 at : _.m., before the Honorable James E. Simmons, Jr. either in person at the U.S. District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, Courtroom 4B, 221 West Broadway, San Diego, CA 92101, or by telephone or videoconference, to determine, among other things, (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in this Notice) should

be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; (v) whether Lead Counsel's motion for attorneys' fees and Litigation Expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to certify the Settlement Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses; and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

50.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the U.S. District Court for the Southern District of California at the address set forth below **on or before _____, 2025**. You must also serve the papers on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 2025**.

| | |
|---|---|
| Clerk's Office: | U.S. District Court |
| | Southern District of California |
| | Edward J. Schwartz United States Courthouse |
| | 221 West Broadway |
| | San Diego, CA 92101 |
| | |
| Lead Counsel: | Carol V. Gilden |
| | Cohen Milstein Sellers & Toll PLLC |
| | 200 S. Wacker Drive, Suite 2375 |
| | Chicago, IL 60606 |
| | |
| | Jonathan D. Uslaner |
| | Bernstein Litowitz Berger & Grossmann LLP |
| | 1251 Avenue of the Stars, Suite 2575 |
| | Los Angeles, CA 90067 |
| | |
| Representative Defendants' Counsel: | John P. Stigi III |
| | Sheppard, Mullin, Richter & Hampton LLP |
| | 12275 El Camino Real, Suite 100 |
| | San Diego, CA 92130-4092 |
| | |
| | Jason C. Hegt |
| | Latham & Watkins LLP |
| | 1271 Avenue of the Americas |
| | New York, NY 10020 |

51.     Any objection must (a) identify the case name and docket number, *In re Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936-JES-MSB (S.D. Cal.); (b) state the name, address, and telephone number of the person or entity objecting and be signed by the objector;

(c) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (d) include documents sufficient to prove membership in the Settlement Class, including documents showing (i) the number of shares of Silvergate Capital common stock that the person or entity (A) owned as of the opening of trading on November 7, 2019 and (B) purchased/acquired and/or sold from November 7, 2019 to March 21, 2023, inclusive, as well as the dates and prices of each such purchase/acquisition and/or sale and, for each, the numbers of shares purchased/acquired and/or sold, and/or (ii) the number of securities that the person or entity purchased in or traceable to Silvergate Capital's securities offerings during 2021, as well as the dates and prices of each such purchase and the dates and prices of any related sale, if applicable, and, for each, the numbers of securities purchased and/or sold. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

52.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

53.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Representative Defendants' Counsel at the addresses set forth in ¶ 50 above so that it is *received on or before* _____, 2025. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

54.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Representative Defendants' Counsel at the addresses set forth in ¶ 50 above so that the notice is *received* **on or before _____, 2025.**

55.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

56.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be**

**forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT STOCK ON SOMEONE ELSE'S BEHALF?

57.    If you purchased or otherwise acquired Silvergate Capital common stock during the period from November 7, 2019 through March 21, 2023, inclusive, or purchased Silvergate Capital securities in or traceable to Silvergate Capital's securities offerings during 2021 for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to *Silvergate Capital Corporation Securities Litigation*, c/o JND Legal Administration, P.O. Box 91072, Seattle, WA 98111. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such expenses shall not exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; or $0.05 per name, address, and email address (to the extent available) provided to the Claims Administrator. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.SilvergateSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 866-287-0746, or by emailing the Claims Administrator at info@SilvergateSecuritiesLitigation.com.

### CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

58.    This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, U.S. District Court for the Southern District of California, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, CA 92101. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.SilvergateSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Silvergate Securities Litigation*
c/o JND Legal Administration
P.O. Box 91072
Seattle, WA 98111
866-287-0746

info@SilvergateSecuritiesLitigation.com
www. SilvergateSecuritiesLitigation.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2025                    By Order of the Court
                                             United States District Court
                                             Southern District of California

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

59.    The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiffs to the Court for approval after consultation with their damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Class. Any Orders regarding a modification to the Plan of Allocation will be posted on the Settlement website, www.SilvergateSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

60.    The Net Settlement Fund shall be distributed based on the acceptable Claim Forms submitted by or on behalf of Settlement Class Members. The Net Settlement Fund will be distributed to "Authorized Claimants," who are those Settlement Class Members who timely submit acceptable Claim Forms which are accepted for recovery under the Plan of Allocation described herein, or as otherwise ordered by the Court.

61.    The objective of the Plan of Allocation (the "Plan") is to equitably distribute the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws. The Plan, however, is not a formal damages analysis, and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants. The computations under the Plan are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Exchange Act Settlement Fund and the Securities Act Settlement Fund.

62.    The total Net Settlement Fund will be allocated between an Exchange Act Fund and a Securities Act Fund based on the groups of Defendants who are funding certain portions of the Settlement Amount and the nature of the claims asserted against those Defendants.

(a)    The Exchange Act Fund will be comprised of the $27,500,000 D&O Insurance Contribution (paid on behalf of the Individual Defendants) ***plus*** the $5,320,000 Preferred Equity Holder Contribution, less a proportional amount of the total Court-approved attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Costs for the Settlement.

(b)   The Securities Act Fund will be comprised of the $4,680,000 Underwriter Contribution (paid on behalf of the Underwriter Defendants), less a proportional amount of the total Court-approved attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Costs for the Settlement.

63.    Pursuant to the Plan, members of the Settlement Class will generally be potentially eligible for a claim under the Securities Exchange Act of 1934 (the "Exchange Act") and some members may additionally be potentially eligible for a claim under the Securities Act of 1933 (the "Securities Act"). Settlement Class Members with Exchange Act claims will claim in the Exchange Act Fund. Settlement Class Members with Securities Act claims will claim in the Securities Act Fund. Authorized Claimants will receive a payment which will be their *pro rata* share of the Exchange Act Fund based on their Exchange Act Recognized Loss (if applicable), plus their *pro rata* share of the Securities Act Fund based on their Securities Act Recognized Loss (if applicable), as described below.

## I.    CALCULATION OF EXCHANGE ACT RECOGNIZED LOSSES

64.    In this case, Plaintiffs allege that Defendants made false and misleading statements and omitted material information that inflated the price of Silvergate Capital Corporation ("Silvergate") Class A Common Stock ("Silvergate Common Stock" or "Common Stock") and depositary shares representing a 1/40th interest in a share of Silvergate Capital's 5.375% Fixed Rate Non-Cumulative Perpetual Preferred Stock, Series A ("Silvergate Preferred Stock" or "Preferred Stock") during the Class Period (*i.e.*, November 7, 2019 through March 21, 2023, inclusive), for Silvergate Common Stock, and from July 29, 2021 through March 21, 2023, inclusive, for Silvergate Preferred Stock.

65.    In calculating the estimated artificial inflation allegedly caused by Defendants' misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Silvergate Common Stock and Silvergate Preferred Stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces. In order to have recoverable damages under the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Silvergate Common Stock or Preferred Stock. As such, the relevant dates considered differ for Silvergate Common Stock and Preferred Stock.

### A.  COMMON STOCK

66.    It is alleged that there was relevant information released to the market that impacted the market price of Silvergate Common Stock on several dates during the Class Period: November 7, 2022 (after market close), November 15, 2022 (during market hours), November 17, 2022 (during market hours), November 18, 2022 (during market hours), December 1, 2022 (during market hours), December 5, 2022 (before market open), December 6, 2022 (before market open), December 12, 2022 (after market close), January 5, 2023 (before market open), February 2, 2023 (after market close), February 16, 2023 (during market hours), March 1, 2023 (after market close), March 8, 2023 (after market close), and March 20, 2023 (after market close). These dates impacted the artificial inflation from Silvergate Common Stock, causing it to decline on: November 8, 2022,

November 9, 2022, November 10, 2022, November 15, 2022, November 17, 2022, November 18, 2022, December 1, 2022, December 5, 2022, December 6, 2022, December 13, 2022, January 5, 2023, February 3, 2023, February 16, 2023, March 2, 2023, March 9, 2023, and March 21, 2023.

67.    For purposes of this Settlement, an "Exchange Act Recognized Loss" shall be calculated for Silvergate Common Stock as follows:

A.    An Exchange Act Recognized Loss will be calculated for each purchase or acquisition of Silvergate Common Stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If an Exchange Act Recognized Loss calculates to a negative number or zero under the applicable formula below, that number will be zero.

B.    For each share of Silvergate Common Stock purchased or otherwise acquired from November 7, 2019 (including purchases in the initial public offering of Silvergate Common Stock that occurred on or about November 7, 2019) through and including the close of trading on March 21, 2023, and:

(i)    sold before November 8, 2022, the Exchange Act Recognized Loss will be $0.00.[6]

(ii)    sold from November 8, 2022 through the close of trading on March 20, 2023, the Exchange Act Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (b) the purchase/acquisition price per share *minus* the sale price per share.

(iii)    sold from March 21, 2023 through the close of trading on June 16, 2023, the Exchange Act Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (b) the purchase/acquisition price per share *minus* the average closing price between March 21, 2023 and the date of sale as stated in Table B below; or (c) the purchase/acquisition price per share *minus* the sale price per share.

(iv)    held as of the close of trading on June 16, 2023, the Exchange Act Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (b) the purchase/acquisition price *minus* $1.27, the average closing price between March 21, 2023 and June 16, 2023, as stated in Table B below.[7]

---

[6] Any transactions in Silvergate Common Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[7] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this chapter

## B.  PREFERRED STOCK

68.    It is alleged that there was relevant information released to the market that impacted the market price of Silvergate Preferred Stock in a statistically significant manner on several dates from July 29, 2021 through March 21, 2023, inclusive: November 7, 2022 (after market close), November 15, 2022 (during market hours), November 17, 2022 (during market hours), November 18, 2022 (during market hours), December 1, 2022 (during market hours), December 6, 2022 (before market open), December 12, 2022 (after market close), January 5, 2023 (before market open), February 2, 2023 (after market close), February 16, 2023 (during market hours), March 1, 2023 (after market close), and March 20, 2023 (after market close). These dates impacted the artificial inflation from Silvergate Common Stock, causing it to decline on: November 8, 2022, November 9, 2022, November 15, 2022, November 17, 2022, November 18, 2022, December 1, 2022, December 6, 2022, December 13, 2022, January 5, 2023, February 3, 2023, February 16, 2023, March 2, 2023, and March 21, 2023.

69.    For purposes of this Settlement, an "**Exchange Act Recognized Loss**" shall be calculated for Silvergate Preferred Stock as follows:

A.    An Exchange Act Recognized Loss will be calculated for each purchase or acquisition of Silvergate Preferred Stock from July 29, 2021 through March 21, 2023, inclusive that is listed on the Claim Form and for which adequate documentation is provided. If an Exchange Act Recognized Loss calculates to a negative number or zero under the applicable formula below, that number will be zero.

B.    For each share of Silvergate Preferred Stock purchased or otherwise acquired from July 29, 2021 (including purchases in the initial public offering of Silvergate Preferred Stock that occurred on or about July 29, 2021) through and including the close of trading on March 21, 2023, and:

(i)    sold before November 8, 2022, the Exchange Act Recognized Loss will be $0.00.[8]

---

in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Exchange Act Recognized Losses are reduced to an appropriate extent by taking into account the closing prices of Silvergate Common Stock during the "90-day look-back period," *i.e.*, March 21, 2023 through and including June 16, 2023. The mean (average) closing price for Silvergate Common Stock during this 90-day look-back period was $1.27.

[8] Any transactions in Silvergate Preferred Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

(ii) sold from November 8, 2022 through the close of trading on March 20, 2023, the Exchange Act Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table C *minus* the amount of artificial inflation per share on the date of sale as stated in Table C; or (b) the purchase/acquisition price per share *minus* the sale price per share.

(iii) sold from March 21, 2023 through the close of trading on June 16, 2023, the Exchange Act Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table C; (b) the purchase/acquisition price per share *minus* the average closing price between March 21, 2023 and the date of sale as stated in Table D below; or (c) the purchase/acquisition price per share *minus* the sale price per share.

(iv) held as of the close of trading on June 16, 2023, the Exchange Act Recognized Loss will be **the lesser of**: (a) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table C; or (b) the purchase/acquisition price *minus* $8.36, the average closing price between March 21, 2023 and June 16, 2023, as stated in Table D below.[9]

## II.   CALCULATION OF SECURITIES ACT RECOGNIZED LOSSES

### A.   COMMON STOCK

70.    For shares of Silvergate Common Stock purchased in (or traceable to) the secondary public offerings of Silvergate Common Stock issued on January 22, 2021 and December 7, 2021, and the "at-the-market" secondary public offering of Silvergate Common Stock between March 9, 2021 and May 18, 2021, inclusive, a Securities Act Recognized Loss shall be calculated under the Securities Act's statutory formula for the calculation of Section 11 damages, as provided below.

71.    For each share of Silvergate Common Stock either (a) purchased directly in the January 22, 2021 secondary public offering, or (b) purchased in the open market from January 22, 2021 through and including January 19, 2023[10] and for which the Claimant provides records establishing that those specific shares were issued in the January 22, 2021 secondary public offering and:

---

[9] Consistent with the requirements of the statute, Exchange Act Recognized Losses are reduced to an appropriate extent by taking into account the closing prices of Silvergate Preferred Stock during the "90-day look-back period," March 21, 2023 through and including June 16, 2023. The mean (average) closing price for Silvergate Preferred Stock during this 90-day look-back period was $8.36.

[10] For purposes of the statutory calculations for the January 22, 2021 secondary public offering of Silvergate Common Stock, January 19, 2023, the date of filing of the initial Section 11 Complaint in the Action related to the January 22, 2021 secondary public offering of Silvergate Common Stock, is the date of suit.

A.   Sold before November 8, 2022, the Securities Act Recognized Loss shall be $0.00.

B.   Sold from November 8, 2022 through January 19, 2023, the Securities Act Recognized Loss shall be the purchase price per share (not to exceed the $63.00 secondary offering per share price) *minus* the sale price per share.

C.   Sold from January 20, 2023 through May 9, 2025, the Securities Act Recognized Loss shall be the purchase price per share (not to exceed the $63.00 secondary offering per share price) *minus* the greater of: (i) the sale price per share, or (ii) $12.15 (the closing value on the date of suit).

D.   Held through the close of trading on May 9, 2025, the Securities Act Recognized Loss shall be the purchase price per share (not to exceed the $63.00 secondary offering per share price) *minus* $12.15 (the closing value on the date of suit).

72.   For each share of Silvergate Common Stock either (a) purchased directly in the "at-the-market" secondary public offering between March 9, 2021 and May 18, 2021, inclusive, or (b) purchased in the open market from March 9, 2021 through and including May 11, 2023[11] and for which the Claimant provides records establishing that those specific shares were issued in the "at-the-market" secondary public offering between March 9, 2021 and May 18, 2021, inclusive and:

A.   Sold before November 8, 2022, the Securities Act Recognized Loss shall be $0.00.

B.   Sold from November 8, 2022 through May 11, 2023, the Securities Act Recognized Loss shall be the purchase price per share (not to exceed the "at-the-market" secondary public offering per share price)[12] *minus* the sale price per share.

C.   Sold from May 12, 2023 through May 9, 2025, the Securities Act Recognized Loss shall be the purchase price per share (not to exceed the "at-the-market" secondary public offering per share price) *minus* the greater of: (i) the sale price per share, or (ii) $0.91.[13]

---

[11] For purposes of the statutory calculations for the "at-the-market" secondary public offering between March 9, 2021 and May 18, 2021, inclusive, of Silvergate Common Stock, May 11, 2023, the date of filing of the initial Section 11 Complaint in the Action related to the "at-the-market" secondary public offering of Silvergate Common Stock, is the date of suit.

[12] Shares issued in the "at-the-market" secondary public offering between March 9, 2021 and May 18, 2021, inclusive were issued at different prices. In connection with the "at-the-market" secondary public offering, the company issued a combined total of 2,793,826 shares at an average price of $107.38. If the "at-the-market" secondary public offering per share price that corresponds to a Claimant's shares is not available, $107.38 should be used as the "at-the-market" secondary public offering per share price.

[13] A reported closing price for Silvergate Common Stock on May 11, 2023 is not available. Accordingly, the closing price of Silvergate Common Stock on the next trading day, May 12, 2023, of $0.91 shall be considered the value of Silvergate Common Stock as of the date of suit.

      D.      Held through the close of trading on May 9, 2025, the Securities Act Recognized Loss shall be the purchase price per share (not to exceed the "at-the-market" secondary public offering per share price) *minus* $0.91.

73.     For each share of Silvergate Common Stock either (a) purchased directly in the December 7, 2021 secondary public offering, or (b) purchased in the open market from December 7, 2021 through and including January 19, 2023[14] and for which the Claimant provides records establishing that those specific shares were issued in the December 7, 2021 secondary public offering and:

      A.      Sold before November 8, 2022, the Securities Act Recognized Loss shall be $0.00.

      B.      Sold from November 8, 2022 through January 19, 2023, the Securities Act Recognized Loss shall be the purchase price per share (not to exceed the $145.00 secondary offering per share price) *minus* the sale price per share.

      C.      Sold from January 20, 2023 through May 9, 2025, the Securities Act Recognized Loss shall be the purchase price per share (not to exceed the $145.00 secondary offering per share price) *minus* the greater of: (i) the sale price per share, or (ii) $12.15 (the closing value on the date of suit).

      D.      Held through the close of trading on May 9, 2025, the Securities Act Recognized Loss shall be the purchase price per share (not to exceed the $145.00 secondary offering per share price) *minus* $12.15 (the closing value on the date of suit).

### B. PREFERRED STOCK

74.     For shares of Silvergate Preferred Stock purchased in (or traceable to) the initial public offering of Silvergate Preferred Stock on or around July 29, 2021, a Securities Act Recognized Loss shall be calculated under the Securities Act's statutory formula for the calculation of Section 11 damages, as provided below.

75.     For each share of Silvergate Preferred Stock either (a) purchased directly in the July 29, 2021 initial public offering, or (b) purchased in the open market from July 29, 2021 through and including May 11, 2023[15] and:

      A.      Sold before November 8, 2022, the Securities Act Recognized Loss shall be $0.00.

---

[14] For purposes of the statutory calculations for the December 7, 2021 secondary public offering of Silvergate Common Stock, January 19, 2023, the date of filing of the initial Section 11 Complaint in the Action related to the December 7, 2021 secondary public offering of Silvergate Common Stock, is the date of suit.

[15] For purposes of the statutory calculations for Silvergate Preferred Stock, May 11, 2023, the date of filing of the initial Section 11 Complaint in the Action related to Silvergate Preferred Stock, is the date of suit.

B.     Sold from November 8, 2022 through May 11, 2023, the Securities Act Recognized
Loss shall be the purchase price per share (not to exceed the $25.00 initial offering
per share price) *minus* the sale price per share.

C.     Sold from May 12, 2023 through May 9, 2025, the Securities Act Recognized Loss
shall be the purchase price per share (not to exceed the $25.00 initial offering per
share price) *minus* the greater of: (i) the sale price per share, or (ii) $9.00.[16]

D.     Held through the close of trading on May 9, 2025, the Securities Act Recognized
Loss shall be the purchase price per share (not to exceed the $25.00 initial offering
per share price) *minus* $9.00.

## III.    ADDITIONAL PROVISIONS

76.    **FIFO Matching:** In the event that a Claimant has multiple transactions of Silvergate
Common Stock or Silvergate Preferred Stock during the relevant time periods, all
purchases/acquisitions and sales of like security shall be matched on a first-in, first-out ("FIFO")
basis. Sales will be matched first against any holdings at the beginning of the Class Period, and
then against purchases/acquisitions in chronological order, beginning with the earliest
purchase/acquisition made during the Class Period.

77.    **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan, "purchase price"
means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means
the actual amount received, not deducting any fees, commissions, and taxes.

78.    **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Silvergate Common Stock
and Preferred Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed
to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law
of Silvergate Common Stock or Preferred Stock shall not be deemed a purchase, acquisition or
sale of the security for the calculation of an Authorized Claimant's Recognized Claim, nor shall
the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of
the security unless (i) the donor or decedent purchased or otherwise acquired such Silvergate
Common Stock or Preferred Stock during the Class Period and/or in or traceable to one of the 2021
Offerings; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the
decedent, or by anyone else with respect to that security; and (iii) it is specifically so provided in
the instrument of gift or assignment.

79.    **Short Sales:** The Exchange Act Recognized Loss or the Securities Act Recognized Loss
on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.
The Exchange Act Recognized Loss or the Securities Act Recognized Loss on a "short sale" that
is not covered by a purchase or acquisition is also zero. In the event that a Claimant has an opening
short position in Silvergate Common Stock or Preferred Stock at the start of the Class Period, the

---

[16] A reported closing price for Silvergate Preferred Stock on May 11, 2023 is not available.
Accordingly, the closing price of Silvergate Preferred Stock on the next trading day, May 12, 2023,
of $9.00 shall be considered the value of Silvergate Preferred Stock as of the date of suit.

earliest Class Period purchases or acquisitions shall be matched against such an opening short position in accordance with the FIFO matching described above, and any portion of such purchases or acquisitions that cover such short sales will not be entitled to recovery. In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

80.    **Shares Purchased/Sold Through the Exercise of Options:** Silvergate Common Stock and Preferred Stock are the only securities eligible for recovery under the Plan. Option contracts to purchase or sell Silvergate Common Stock are not securities eligible to participate in the Settlement. With respect to Silvergate Common Stock purchased or sold through the exercise of an option, the purchase/sale date of such shares is the exercise date of the option and the purchase/sale price is the exercise price of the option.

81.    **Determination of Distribution Amount:** The Exchange Act Fund will be distributed on a pro rata basis to Authorized Claimants based on their total Exchange Act Recognized Loss and the Securities Act Fund will be distributed on a pro rata basis to Authorized Claimants based on their Securities Act Recognized Loss. Specifically, a "**Distribution Amount**" will be calculated for each Authorized Claimant, which will be (a) the Authorized Claimant's total Exchange Act Recognized Loss divided by the total Exchange Act Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Exchange Act Fund, plus (b) the Authorized Claimant's total Securities Act Recognized Loss divided by the total Securities Act Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Securities Act Fund.

82.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount is $10.00 or greater. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant. Those funds will be included in the payments to Authorized Claimants with Distribution Amounts over $10.00.

83.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

84.     Payment pursuant to the Plan, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**TABLE A**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| November 7, 2019 - November 7, 2022 | $64.58 |
| November 8, 2022 - November 8, 2022 | $55.41 |
| November 9, 2022 - November 9, 2022 | $53.50 |
| November 10, 2022 - November 14, 2022 | $46.90 |
| November 15, 2022 - November 16, 2022 | $39.73 |
| November 17, 2022 - November 17, 2022 | $36.37 |
| November 18, 2022 - November 30, 2022 | $33.08 |
| December 1, 2022 - December 4, 2022 | $30.97 |
| December 5, 2022 - December 5, 2022 | $29.46 |
| December 6, 2022 - December 12, 2022 | $28.76 |
| December 13, 2022 - January 4, 2023 | $25.65 |
| January 5, 2023 - February 2, 2023 | $16.49 |
| February 3, 2023 - February 15, 2023 | $14.78 |
| February 16, 2023 - March 1, 2023 | $9.62 |
| March 2, 2023 - March 8, 2023 | $1.66 |
| March 9, 2023 - March 20, 2023 | $0.26 |
| March 21, 2023 - March 21, 2023 | $0.00 |

TABLE B

| Date | Closing Price | Average Closing Price Between March 21, 2023 and Date Shown | Date | Closing Price | Average Closing Price Between March 21, 2023 and Date Shown |
|---|---|---|---|---|---|
| 3/21/2023 | $1.47 | $1.47 | 5/4/2023 | $1.21 | $1.49 |
| 3/22/2023 | $1.32 | $1.40 | 5/5/2023 | $1.34 | $1.49 |
| 3/23/2023 | $1.13 | $1.31 | 5/8/2023 | $1.26 | $1.48 |
| 3/24/2023 | $1.72 | $1.41 | 5/9/2023 | $1.24 | $1.48 |
| 3/27/2023 | $1.97 | $1.52 | 5/10/2023 | $1.25 | $1.47 |
| 3/28/2023 | $2.08 | $1.62 | 5/12/2023 | $0.91 | $1.45 |
| 3/29/2023 | $1.84 | $1.65 | 5/15/2023 | $0.63 | $1.43 |
| 3/30/2023 | $1.62 | $1.64 | 5/16/2023 | $0.65 | $1.41 |
| 3/31/2023 | $1.62 | $1.64 | 5/17/2023 | $1.12 | $1.41 |
| 4/3/2023 | $1.62 | $1.64 | 5/18/2023 | $1.15 | $1.40 |
| 4/4/2023 | $1.58 | $1.63 | 5/19/2023 | $1.20 | $1.39 |
| 4/5/2023 | $1.47 | $1.62 | 5/22/2023 | $1.10 | $1.39 |
| 4/6/2023 | $1.43 | $1.61 | 5/23/2023 | $0.90 | $1.38 |
| 4/10/2023 | $1.39 | $1.59 | 5/24/2023 | $0.90 | $1.37 |
| 4/11/2023 | $1.56 | $1.59 | 5/25/2023 | $1.00 | $1.36 |
| 4/12/2023 | $1.55 | $1.59 | 5/26/2023 | $0.95 | $1.35 |
| 4/13/2023 | $1.59 | $1.59 | 5/30/2023 | $0.92 | $1.34 |
| 4/14/2023 | $1.52 | $1.58 | 5/31/2023 | $0.92 | $1.33 |
| 4/17/2023 | $1.57 | $1.58 | 6/1/2023 | $0.93 | $1.32 |
| 4/18/2023 | $1.53 | $1.58 | 6/2/2023 | $0.87 | $1.31 |
| 4/19/2023 | $1.62 | $1.58 | 6/5/2023 | $0.97 | $1.31 |
| 4/20/2023 | $1.61 | $1.58 | 6/6/2023 | $0.97 | $1.30 |
| 4/21/2023 | $1.52 | $1.58 | 6/7/2023 | $0.90 | $1.29 |
| 4/24/2023 | $1.38 | $1.57 | 6/8/2023 | $1.03 | $1.29 |
| 4/25/2023 | $1.32 | $1.56 | 6/9/2023 | $1.03 | $1.28 |
| 4/26/2023 | $1.27 | $1.55 | 6/12/2023 | $1.02 | $1.28 |
| 4/27/2023 | $1.33 | $1.54 | 6/13/2023 | $1.11 | $1.28 |
| 4/28/2023 | $1.35 | $1.54 | 6/14/2023 | $1.18 | $1.28 |
| 5/1/2023 | $1.30 | $1.53 | 6/15/2023 | $1.15 | $1.27 |
| 5/2/2023 | $1.19 | $1.52 | 6/16/2023 | $0.83 | $1.27 |
| 5/3/2023 | $1.13 | $1.50 | | | |

**TABLE C**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| July 29, 2021 - November 7, 2022 | $11.48 |
| November 8, 2022 - November 8, 2022 | $11.25 |
| November 9, 2022 - November 14, 2022 | $11.10 |
| November 15, 2022 - November 16, 2022 | $10.36 |
| November 17, 2022 - November 17, 2022 | $10.16 |
| November 18, 2022 - November 30, 2022 | $9.68 |
| December 1, 2022 - December 5, 2022 | $9.32 |
| December 6, 2022 - December 12, 2022 | $8.54 |
| December 13, 2022 - January 4, 2023 | $8.37 |
| January 5, 2023 - February 2, 2023 | $6.41 |
| February 3, 2023 - February 15, 2023 | $5.54 |
| February 16, 2023 - March 1, 2023 | $4.93 |
| March 2, 2023 - March 20, 2023 | $0.75 |
| March 21, 2023 - March 21, 2023 | $0.00 |

TABLE D

| Date | Closing Price | Average Closing Price Between March 21, 2023 and Date Shown | Date | Closing Price | Average Closing Price Between March 21, 2023 and Date Shown |
|---|---|---|---|---|---|
| 3/21/2023 | $5.96 | $5.96 | 5/4/2023 | $9.91 | $7.84 |
| 3/22/2023 | $5.80 | $5.88 | 5/5/2023 | $9.89 | $7.91 |
| 3/23/2023 | $6.00 | $5.92 | 5/8/2023 | $9.92 | $7.97 |
| 3/24/2023 | $7.95 | $6.43 | 5/9/2023 | $9.89 | $8.02 |
| 3/27/2023 | $8.02 | $6.75 | 5/10/2023 | $9.97 | $8.08 |
| 3/28/2023 | $8.00 | $6.96 | 5/12/2023 | $9.00 | $8.10 |
| 3/29/2023 | $7.84 | $7.08 | 5/15/2023 | $9.75 | $8.14 |
| 3/30/2023 | $7.90 | $7.18 | 5/16/2023 | $10.00 | $8.19 |
| 3/31/2023 | $7.95 | $7.27 | 5/17/2023 | $9.96 | $8.24 |
| 4/3/2023 | $8.03 | $7.35 | 5/18/2023 | $10.05 | $8.28 |
| 4/4/2023 | $7.96 | $7.40 | 5/19/2023 | $9.75 | $8.31 |
| 4/5/2023 | $7.96 | $7.45 | 5/22/2023 | $9.00 | $8.33 |
| 4/6/2023 | $7.77 | $7.47 | 5/23/2023 | $8.50 | $8.33 |
| 4/10/2023 | $7.56 | $7.48 | 5/24/2023 | $8.75 | $8.34 |
| 4/11/2023 | $7.95 | $7.51 | 5/25/2023 | $9.00 | $8.36 |
| 4/12/2023 | $8.00 | $7.54 | 5/26/2023 | $8.76 | $8.37 |
| 4/13/2023 | $8.02 | $7.57 | 5/30/2023 | $8.48 | $8.37 |
| 4/14/2023 | $8.06 | $7.60 | 5/31/2023 | $8.70 | $8.38 |
| 4/17/2023 | $8.36 | $7.64 | 6/1/2023 | $8.50 | $8.38 |
| 4/18/2023 | $8.04 | $7.66 | 6/2/2023 | $8.50 | $8.38 |
| 4/19/2023 | $7.95 | $7.67 | 6/5/2023 | $8.15 | $8.38 |
| 4/20/2023 | $7.94 | $7.68 | 6/6/2023 | $8.00 | $8.37 |
| 4/21/2023 | $7.69 | $7.68 | 6/7/2023 | $8.01 | $8.36 |
| 4/24/2023 | $7.74 | $7.69 | 6/8/2023 | $8.05 | $8.36 |
| 4/25/2023 | $7.49 | $7.68 | 6/9/2023 | $8.90 | $8.37 |
| 4/26/2023 | $7.70 | $7.68 | 6/12/2023 | $8.35 | $8.37 |
| 4/27/2023 | $8.05 | $7.69 | 6/13/2023 | $8.20 | $8.36 |
| 4/28/2023 | $8.30 | $7.71 | 6/14/2023 | $8.20 | $8.36 |
| 5/1/2023 | $7.56 | $7.71 | 6/15/2023 | $8.10 | $8.36 |
| 5/2/2023 | $7.56 | $7.70 | 6/16/2023 | $8.35 | $8.36 |
| 5/3/2023 | $10.01 | $7.78 | | | |

<div style="border:1px solid">

**MUST BE
POSTMARKED
NO LATER THAN
_____, 2025**

</div>

*In re Silvergate Capital Corporation Securities Litigation*
No. 3:22-cv-01936-JES-MSB (S.D. Cal.)

**Exhibit A-2**

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM AND RELEASE FORM

### GENERAL RULES FOR RECOVERING

1.  To recover as a Settlement Class Member based on your claims in the action entitled *In re Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936-JES-MSB (S.D. Cal.) (the "Action"),[1] you must complete and, on page 10 hereof, sign this Proof of Claim and Release Form ("Claim Form"). If you fail to timely and completely file a properly addressed (as set forth in paragraph 3 below) Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice").

3.  YOU MUST COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM AVAILABLE AT WWW.SILVERGATESECURITIESLITIGATION.COM NO LATER THAN 11:59 P.M. ET ON _____, 2025 OR MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE _____, 2025, ADDRESSED AS FOLLOWS:

*Silvergate Capital Corporation Securities Litigation*
c/o JND Legal Administration
P.O. Box 91072
Seattle, WA 98111

4.  If you are NOT a Settlement Class Member (as defined in the Notice), DO NOT submit a Claim Form.

5.  If you are a Settlement Class Member and you did not timely and validly request exclusion from the proposed Settlement Class (pursuant to the procedures set forth in the Notice), you will still be bound by the terms of the Settlement and proposed Judgment to be entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

6.  **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

### IDENTIFICATION OF CLAIMANT

7.  THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF SILVERGATE CAPITAL CORPORATION ("SILVERGATE CAPITAL") STOCK UPON WHICH THESE CLAIMS ARE BASED.

8.  Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

---

[1] This Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement between the Parties, dated May 9, 2025 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation or in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). Copies of both documents can be obtained at www.SilvergateSecuritiesLitigation.com.

9.  All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

10. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Silvergate Capital Stock made on behalf of a single beneficial owner.

11. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)     expressly state the capacity in which they are acting;

      (b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Silvergate Capital Stock; and

      (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

## IDENTIFICATION OF TRANSACTION(S)

12. Use Parts II and III of this form to supply all required details of your transaction(s) in (a) Silvergate Capital common stock and (b) depositary shares representing a 1/40th interest in a share of 5.375% Fixed Rate Non-Cumulative Perpetual Preferred Stock, Series A ("Silvergate Capital Preferred Stock" and with Silvergate Capital common stock, "Silvergate Capital Stock"). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

13. On the schedules, provide all of the requested transaction and holding information with respect to *all* of your transactions in Silvergate Capital Stock, whether or not such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

14. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

15. You should attach documentation verifying your transactions in Silvergate Capital Stock, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

16. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

## OTHER

17. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

18. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@SilvergateSecuritiesLitigation.com or by toll-free phone at 866-287-0746, or you can visit the website, www.SilvergateSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

19. **NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at

www.SilvergateSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at SVGSecurities@SilvergateSecuritiesLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection. The complete name of the beneficial owner of the securities must be entered where called for. No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission. Do not assume that your file has been received until you receive that email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at SVGSecurities@SilvergateSecuritiesLitigation.com to inquire about your file and confirm it was received.

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 866-287-0746.**

# PROOF OF CLAIM AND RELEASE FORM

**MUST BE POSTMARKED NO LATER THAN _____, 2025**

*In re Silvergate Capital Corporation Securities Litigation*
No. 3:22-cv-01936-JES-MSB (S.D. Cal.)

## PART I: CLAIMANT IDENTIFICATION

**Claimant/Representative Contact Information:**

The Claims Administrator will use the contact information for all correspondence relevant to this Claim (including the issuance of the distribution check, if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the address identified above.

Claimant's Name (as you would like it to appear on your check if eligible for payment)

Address Line 1 (Number and Street or P.O. Box)

Address Line 2 (if needed)

City                                             State or Province                Zip Code

Country name                                     Last four digits of Social Security Number (for individuals)

                                                 or T.I.N. (for estates, trusts, corporations, etc.)

Representative's Name (if different from the Claimant's Name(s) listed above)

Telephone Number (Work)                          Telephone Number (Home)

Email

**PART II: SCHEDULE OF TRANSACTIONS IN SILVERGATE CAPITAL COMMON STOCK**

A.  **Purchases: List all purchases of Silvergate Capital Common Stock from November 7, 2019 (including in the November 7, 2019 initial public offering), through May 11, 2023, inclusive. Be sure to attach documentation verifying your transactions.**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Purchase Price (Excluding Commissions) | Check this box if the shares were purchased in or traceable to a 2021 Offering* |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

\* The 2021 Offerings of Silvergate Capital Common Stock were conducted on or about January 22, 2021 (at an offering price of $63 per share); from March 9, 2021 through May 18, 2021 (at market prices); and on or about December 7, 2021 (at an offering price of $145 per share).  If you purchased shares that were not purchased directly in one of the 2021 Offerings at the offering price, but that you believe are specifically traceable to one of those offerings, you must submit documents with your Claim Form showing that the specific shares that you purchased were issued in that offering.

B.  **Purchases: List the total number of shares of Silvergate Capital Common Stock purchased from May 11, 2023, through May 9, 2025, inclusive.**

| |
|---|
| |

C.  **Sales: List all sales of Silvergate Capital Common Stock from November 7, 2019, through May 9, 2025, inclusive. Be sure to attach documentation verifying your transactions.**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Sales Proceeds (Excluding Commissions) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

5

**D. Unsold Holdings:** List the number of shares of Silvergate Capital Common Stock held as of the close of trading on May 9, 2025. Be sure to attach documentation verifying your holdings such as a current account statement.

<u>**Quantity of Shares Held**</u>

**If you require additional space to list your transactions, use photocopies of this page and check this box.** ☐

**PART III: SCHEDULE OF TRANSACTIONS IN SILVERGATE CAPITAL PREFERRED STOCK**

A.   **Purchases: List all purchases of Silvergate Capital Preferred Stock from July 29, 2021 (including in the July 29, 2021 initial public offering), through May 11, 2023, inclusive. Be sure to attach documentation verifying your transactions.**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Purchase Price (Excluding Commissions) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

B.   **Purchases: List the total number of shares of Silvergate Capital Preferred Stock purchased from May 12, 2023, through May 9, 2025, inclusive.**

| |
|---|
| |

C.   **Sales: List all sales of Silvergate Capital Preferred Stock from July 29, 2021, through May 9, 2025, inclusive. Be sure to attach documentation verifying your transactions.**

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Sales Proceeds (Excluding Commissions) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

D.   **Unsold Holdings: List the number of shares of Silvergate Capital Preferred Stock held as of the close of trading on May 9, 2025. Be sure to attach documentation verifying your holdings such as a current account statement.**

| Quantity of Shares Held |
|---|
| |

If you require additional space to list your transactions, use photocopies of this page and check this box. ☐

YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE 10 WILL CONSTITUTE YOUR
ACKNOWLEDGMENT OF THE RELEASE.

## PART IV: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (we) submit this Claim Form under the terms of the Settlement described in the notice. I (we) also submit to the jurisdiction of the United States District Court for the Southern District of California with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the releases set forth in the Settlement and repeated herein. I (we) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (we) have not submitted any other claim covering the same purchases or sales of Silvergate Capital Stock and know of no other person having done so on my (our) behalf.

## PART V: RELEASE

1. I (we) hereby acknowledge, on behalf of myself (ourselves), and each of my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, anyone claiming through or on behalf of any of them, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of myself (ourselves), in that capacity (collectively, "Plaintiffs' Releasors"), regardless of whether I, we, or they share in the Settlement Fund, that I (we) fully, finally, and forever compromise, settle, release, resolve, relinquish, dismiss, waive, and discharge each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and will forever be barred and enjoined from commencing, instituting, intervening in, participating in, continuing, maintaining, asserting or prosecuting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand with respect to any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity.

2. "Defendants' Releasees" means Defendants and each of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, heirs, executors, estates, administrators, joint ventures, entities in which they have a controlling interest, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, accountants, auditors, and attorneys, in their capacities as such.

3. "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever, whether known claims or Unknown Claims, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law or any other law, rule or regulation, by Plaintiffs, any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants, which arise out of, are based upon, or relate in any way to (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, and/or (ii) the purchase, acquisition, holding, sale, or disposition of the publicly traded common stock of Silvergate Capital during the Class Period and/or the securities issued in or traceable to any of Silvergate Capital's securities offerings during 2021. This release does not include any claims relating to the enforcement of the Settlement.

4. "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member or any other Plaintiff Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other

Defendant Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, in each case which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement including but not limited to whether to object to the Settlement or seek exclusion from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Plaintiff Releasors and Defendant Releasors shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, Settlement Class Members,  and Defendants acknowledge that they may hereafter discover facts in addition to or different from those which he, she, or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiff Releasors and Defendant Releasors shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

5. This release shall be of no force or effect unless and until the Court approves the Settlement and the Effective Date of the Settlement (as defined in the Stipulation) occurs.

6. I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to the Settlement or any other part or portion thereof.

7. I (we) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Silvergate Capital Stock during the required periods as set forth above.

8. I (we) hereby warrant and represent that I (we) have not submitted any other claim covering the same purchases of Silvergate Capital Stock and knows (know) of no other person having done so on my (our) behalf.

9. I (we) hereby warrant and represent that I am (we are) not excluded from the Settlement Classes as defined in the Notice and that I (we) have not requested to be excluded from the Settlement Classes pursuant to the procedures set forth in the notice.

10. The claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein.

11. I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require.

12. The claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination.

**13.** I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

**14.** I (we) certify that I am (we are) not subject to backup withholding under the provisions of section 3406(a)(1)(c) of the Internal Revenue Code.

**Note:** if you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

**I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.**

Executed this _____ day of _____, in _____, _____
                                    (Month/Year)                    (City)                    (State/Country)

| | |
|---|---|
| Signature of Claimant | Signature of Joint Claimant, if any |
| Print Name of Claimant | Print Name of Joint Claimant, if any |
| Date | Date |

*If Claimant is other than an individual, or is not the person completing this form, the following <u>also</u> must be provided:*

| | |
|---|---|
| Signature of Person Completing Form | Date |
| Print Name of Person Completing Form or Administrator, see ¶ 11 on page 2) | Capacity of Person(s) Signing (*e.g.*, Beneficial Purchaser, Executor |

## REMINDER CHECKLIST

- ☐ 1.  Please be sure to sign this Claim Form.
- ☐ 2.  Remember to attach **COPIES OF** documentation verifying your transactions listed above.
- ☐ 3.  **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**
- ☐ 4.  Keep a copy of your Claim Form for your records.
- ☐ 5.  If you move, please send your new address to the Claims Administrator at the address below:

*Silvergate Capital Corporation Securities Litigation*
c/o JND Legal Administration
P.O. Box 91072
Seattle, WA 98111
866-287-0746

info@SilvergateSecuritiesLitigation.com

- ☐ 6.  **Do not use highlighter on the Claim Form or supporting documentation.**

**Exhibit A-3**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:**   (a) All persons and entities who purchased or otherwise acquired the publicly traded common stock of Silvergate Capital Corporation ("Silvergate Capital") from November 7, 2019 through March 21, 2023, inclusive (the "Class Period"), and were damaged thereby; and (b) all persons and entities who purchased Silvergate Capital securities in and/or traceable to any of Silvergate Capital's securities offerings during 2021 and were damaged thereby (collectively, the "Settlement Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the U.S. District Court for the Southern District of California (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $37,500,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2025 at _:__ _.m., before the Honorable James E. Simmons, Jr. either in person at the U.S. District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, Courtroom 4B, 221 West Broadway, San Diego, CA 92101, or by telephone or videoconference, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated May 9, 2025 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and Litigation Expenses should be approved.

---

[1] Certain persons and entities are excluded from the Settlement Class by definition as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement of Class Action; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice"), available at www.SilvergateSecuritiesLitigation.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to a payment from the Settlement**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Silvergate Capital Corporation Securities Litigation*, c/o JND Legal Administration, P.O. Box 91072; Seattle, WA 98111; or info@SilvergateSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.SilvergateSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **(or submitted online) no later than _____, 2025**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than _____, 2025**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than _____, 2025**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*Silvergate Capital Corporation Securities Litigation*
c/o JND Legal Administration
P.O. Box 91072
Seattle, WA 98111
866-287-0746

info@SilvergateSecuritiesLitigation.com
www.SilvergateSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Cohen Milstein Sellers & Toll PLLC
Attn: Carol V. Gilden
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Tel.: (312) 629-3737
Email: cgilden@cohenmilstein.com

Bernstein Litowitz Berger & Grossmann LLP
Attn: Jonathan D. Uslaner
2121 Avenue of the Stars
Los Angeles, CA 90067
Tel.: (310) 819-3470
Email: settlements@blbglaw.com

By Order of the Court

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB<br><br>CLASS ACTION<br><br>**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

1    WHEREAS, a consolidated securities class action is pending in this Court entitled *In re*

2    *Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936-JES-MSB (the

3    "Action");

4    WHEREAS, (a) Plaintiffs Indiana Public Retirement System, Boston Retirement System,

5    Public School Teachers' Pension & Retirement Fund of Chicago, International Union of Operating

6    Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, UMC Benefit Board, Inc.

7    and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds

8    Trust (collectively, the "Institutional Investors" or "Lead Plaintiffs"); and Bucks County

9    Employees Retirement Fund ("Bucks County," and collectively with the Lead Plaintiffs,

10   "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class; and

11   (b) defendants Silvergate Capital Corporation ("Silvergate Capital" and together with its

12   subsidiary Silvergate Bank, the "Debtors"), Alan J. Lane, Paul D. Colucci, Thomas C. Dircks,

13   Michael Lempres, Scott A. Reed, Karen Brassfield, Aanchal Gupta, Colleen Sullivan, Tony

14   Martino, Dennis Frank and Robert Campbell (collectively, the "Individual Defendants" and

15   together with the Debtors, the "Silvergate Defendants") and defendants Canaccord Genuity LLC,

16   Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, Craig-Hallum Capital

17   Group LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Keefe, Bruyette & Woods,

18   Inc., UBS Securities LLC, and Wedbush Securities Inc. (collectively, the "Underwriter

19   Defendants" and together with the Silvergate Defendants, the "Defendants") have entered into a

20   Stipulation and Agreement of Settlement dated May 9, 2025 (the "Stipulation"), that provides for

21   a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the

22   terms and conditions set forth in the Stipulation, subject to the approval of this Court (the

23   "Settlement");

24   WHEREAS, unless otherwise defined in this Judgment, all capitalized terms herein shall

25   have the same meaning as they have in the Stipulation;

26   WHEREAS, by Order dated _____, 2025 (the "Preliminary Approval Order"),

27   this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it

28   would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule

[PROPOSED] JUDGMENT APPROVING    1    CASE NO. 22-CV-01936-JES-MSB
CLASS ACTION SETTLEMENT

23(e)(2), (b) pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, preliminarily certified the Settlement Class for purposes of effectuating the proposed Stipulation and the Settlement only; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May __, 2025; and (b) the Notice and the Summary Notice, both of which were filed with the Court on May __, 2025.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of (a) all persons and entities who purchased or otherwise acquired the publicly traded common stock of Silvergate Capital from November 7, 2019 through March 21, 2023, inclusive, and were damaged thereby, and (b) all persons and entities who purchased Silvergate Capital securities in and/or traceable to

any of Silvergate Capital's securities offerings during 2021, and were damaged thereby (collectively, the "Settlement Class"). Excluded from the Settlement Class are (a) Defendants; (b) directors and officers of Defendants (at all relevant times); (c) Defendants' Immediate Family Members and their legal representatives, heirs, successors or assigns; and (d) any entity in which any Defendant has or had a controlling interest; *provided*, *however*, that no Investment Vehicle shall be excluded from the Settlement Class. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto, who or which have excluded themselves by submitting a timely, complete, and valid request for exclusion that is accepted by the Court.]

4.     **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

5.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Plaintiffs as Class Representatives for the Settlement Class, and appoints Lead Counsel Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.     **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was

1    reasonably calculated, under the circumstances, including individual notice to all Settlement Class

2    Members who could be identified through reasonable efforts, to apprise Settlement Class Members

3    of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases

4    to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation

5    Expenses; (iv) Settlement Class Members' right to object to any aspect of the Settlement, the Plan

6    of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their

7    right to exclude themselves from the Settlement Class; and (vi) their right to appear at the

8    Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities

9    entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23

10   of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

11   Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as

12   amended, and all other applicable law and rules.

13        7.    **CAFA** – The Court finds that the notice requirements set forth in the Class Action

14   Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.*, to the extent applicable to the Action, have been

15   satisfied.

16        8.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in

17   accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully

18   and finally approves the Settlement set forth in the Stipulation in all respects (including, without

19   limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with

20   prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is,

21   in all respects, fair, reasonable and adequate to the Settlement Class.  Specifically, the Court finds

22   that (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the

23   Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement

24   Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and

25   appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the

26   proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class

27   equitably relative to each other.  The Parties are directed to implement, perform, and consummate

28   the Settlement in accordance with the terms and provisions contained in the Stipulation.

9.    The Action and all of the claims asserted against Defendants in the Action are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors, assigns, heirs, predecessors, executors, administrators, representatives, attorneys, and agents. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to timely, complete, and valid requests for exclusion that are accepted by the Court]

11.    **Releases** – The Releases set forth in paragraphs 6 and 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Plaintiffs and each of the Settlement Class Members, on behalf of themselves and their respective Plaintiff Releasors, regardless of whether they execute and deliver a Proof of Claim and Release and regardless of whether they share in the Settlement Fund, shall be deemed to have, and by operation of the Stipulation, of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, dismissed, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, intervening in, participating in, continuing, maintaining, asserting or prosecuting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand with respect to any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity.

(b)     Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective Defendant Releasors, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, dismissed, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiff Releasees, and shall forever be barred and enjoined from commencing, instituting, continuing, maintaining, asserting or prosecuting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand with respect to any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

12.     Upon the Effective Date, the Stipulation shall operate conclusively as an estoppel, res judicata, bar, full defense, and any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Plaintiff or Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

13.     Notwithstanding paragraphs 11(a) – (b) and 12 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.     **Bar Order:**  Upon the Effective Date of the Settlement, any and all claims, future claims, and claims over by any individual or entity against any of the Defendant Releasees, and by the Defendant Releasees against any individual or entity, for (a) contribution or indemnity, however denominated, whether as a claim, cross-claim, counterclaim, third-party claim, or otherwise, on whatsoever theory, based upon, arising out of, or related to the Released Plaintiffs' Claims, or (b) any other claim of any type, whether arising under state, federal, common or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Settlement Class, whether asserted in the Action or any other

proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, are permanently barred, enjoined, restrained, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"); *provided, however,* that the Bar Order shall not preclude the Defendants from seeking to enforce any rights or claims they may have under their applicable insurance policies or any right of indemnification or contribution that the Individual Defendants may have under contract or based on the charter and by-laws of Debtors or their agreements with Debtors. Moreover, nothing in this Bar Order shall be construed to impair, negate, diminish, or adversely affect any rights of Defendant Releasees or their successors or assigns under or with respect to any insurance policies, including, but without limitation, any rights to seek to recover or to recover insurance proceeds or payments under any insurance policies with respect to amounts paid pursuant to the Settlement or incurred in connection with the Action, or any other actual or alleged loss or liability, and Defendant Releasees expressly reserve all rights, claims, positions, arguments, contentions, and defenses with respect to such matters.  This Bar Order shall be interpreted and applied as the broadest permitted under the PSLRA, common law, and the District Court's inherent authority, as applicable.

15. **Judgment Reduction:**  Any final verdict or judgment that may be obtained against any person or entity subject to the Bar Order shall be reduced by the greater of:  (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

16. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

17. **No Admissions** – Neither the Term Sheet, this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement,

the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim or alleged damages that were or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way used or referred to for any other reason as against any of the Defendant Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered or received against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way used or referred to for any other reason as against any of the Plaintiff Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; or

(d)    shall be construed as or received in evidence as an admission, concession or presumption that class certification is or was appropriate in this Action, except for purposes of this Settlement.

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement, and Defendants and/or the Defendant Releasees may file the Stipulation and/or the Judgment in any action that might be brought against them to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or other bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, claim, argument, or counterclaim.

18. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation (or any other plan of allocation relating to the Action); (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

19. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that are approved of in writing by all the Parties acting by and through their respective counsel of record in the Action so long as they: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective litigation positions in the Action as of March 25, 2025, as provided in the Stipulation.

22.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of Court is expressly directed to immediately enter this final judgment dismissing this Action with prejudice.

SO ORDERED this __day of _____, 2025.

_____
The Honorable James E. Simmons, Jr.
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**