# Exhibit 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION

Case No. 3:22-cv-01936-JES-MSB

CLASS ACTION

**DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Date: September 3, 2025
Time: 9:00 a.m.
Dept: 4B
Hon. James E. Simmons, Jr.

I, LAYN R. PHILLIPS, declare as follows:

1.  I submit this Declaration in my capacity as an independent mediator in the above-captioned securities class action ("Action") and in connection with the proposed settlement of claims asserted in the Action (the "Settlement").[1]  I make this Declaration based on personal knowledge and am competent to so testify.

2.  While the mediation process is confidential, the Parties to the Settlement have authorized me to inform the Court of the matters set forth in this Declaration in support of final approval of the Settlement.  My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the Parties' part to waive the agreement or the protections of Rule 408.

## I.   BACKGROUND AND QUALIFICATIONS

3.  I am a former United States District Judge, a former United States Attorney, and a former litigation partner with the firm of Irell & Manella LLP.  I currently serve as a mediator and arbitrator with my own alternative dispute resolution company, Phillips ADR Enterprises ("Phillips ADR"), which is based in Corona Del Mar, California.  I am a member of the bars of Oklahoma, Texas, California, and the District of Columbia, as well as the United States Courts of Appeals for the Ninth and Tenth Circuits and the Federal Circuit.

4.  I earned my Bachelor of Science in Economics as well as my J.D. from the University of Tulsa.  I also completed two years of L.L.M. work at Georgetown University Law Center in the area of economic regulation of industry.  After serving as an antitrust prosecutor and an Assistant United States Attorney in Los Angeles, California, I was nominated by President Reagan to serve as a United States

---

[1] Unless otherwise stated or defined in this Declaration, all capitalized terms used herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated as of May 9, 2025 (ECF No. 319-1).

Attorney in Oklahoma, where I served for approximately four years. Thereafter, I was nominated by President Reagan to serve as a United States District Judge for the Western District of Oklahoma. While on the bench, I presided over more than 140 federal trials and sat by designation on the United States Court of Appeals for the Tenth Circuit. I also presided over cases in Texas, New Mexico, and Colorado.

5. I left the federal bench in 1991 and joined Irell & Manella LLP where, for 23 years, I specialized in alternative dispute resolution, complex civil litigation, and internal investigations. In 2014, I left Irell & Manella LLP to found my own company, Phillips ADR, which provides mediation and other alternative dispute resolution services.

6. Over the past 29 years, I have served as a mediator and arbitrator in connection with numerous large, complex cases, including securities cases such as this one.

**II.    THE PARTIES' ARM'S-LENGTH SETTLEMENT NEGOTIATIONS**

7. The Parties participated in a full-day, in-person mediation before me on June 27, 2024 in Corona del Mar, California. The participants in the mediation included: (i) attorneys from Lead Counsel for Plaintiffs, Bernstein Litowitz Berger & Grossmann LLP and Cohen Milstein Sellers & Toll PLLC; (ii) attorneys from counsel for the Silvergate Defendants, including Sheppard, Mullin, Richter & Hampton LLP; and (iii) attorneys for the insurance carriers for certain Defendants. Additionally, bankruptcy counsel for the Lead Plaintiffs participated by phone. Further, counsel for the Underwriter Defendants were available and communicated telephonically with me during the mediation session.

8. In advance of the mediation, the Parties exchanged and submitted to me detailed mediation briefs addressing liability and damages. The mediation briefs addressed the specific evidence and legal arguments each side believed supported their respective claims and defenses. During the mediation session, counsel for Plaintiffs and Defendants presented arguments regarding their clients' respective

positions.  The work that went into the mediation briefs and competing presentations and arguments was substantial.

9.    During the June 2024 mediation session, the Parties discussed with me the legal and factual merits of their positions regarding liability and damages, and I engaged in extensive discussions with counsel on both sides in an effort to find common ground between the Parties' respective positions.  During these discussions, I challenged each of the Parties to separately address the weaknesses in each of their positions and arguments.  In addition to vigorously arguing their positions, the Parties exchanged multiple rounds of settlement demands and offers.  The Parties were not able to reach an agreement during this session.  Following the mediation session, I continued to engage in extensive discussions with counsel on both sides.

10.    Subsequently, following Silvergate Capital's filing for Chapter 11 bankruptcy protection in the fall of 2024, the Parties scheduled a second in-person mediation session with me for February 6, 2025.  The participants in the second mediation session included bankruptcy counsel for Silvergate Capital, counsel for Silvergate Capital's preferred shareholders, and Lead Counsel. Additionally, bankruptcy counsel for the Lead Plaintiffs participated remotely.  Counsel for the Underwriter Defendants were again available and communicated telephonically with me during the mediation session.  The Parties met for a full-day session on that date and again discussed with me the merits of their positions regarding liability and damages, as well the impact of Silvergate Capital's bankruptcy.  The negotiations were exceedingly complex, given the bankruptcy issues and the number of stakeholders involved.  I again engaged in extensive discussions with counsel on both sides.

11.    I also had numerous communications with counsel for the Underwriter Defendants in advance, during, and after the mediations, as well as received written statements from the Underwriter Defendants concerning their position in the litigation.

PHILLIPS DECL. ISO SETTLEMENT                                        CASE NO. 22-CV-1936-JES-MSB

12.     While no agreement was reached at the February 2025 mediation, the Parties continued their settlement negotiations.    I issued a mediator's recommendation proposing the case be settled for $37.5 million.    After further discussion among the Parties, the Parties subsequently agreed to settle the Action for the amount that I had proposed and documented their agreement to resolve the Action in a term sheet and a final settlement agreement.

13.     The mediation process was an extremely hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides. Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's-length and in good faith.    Because the Parties made their mediation submissions and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content.    I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, were complex and highly adversarial, and reflected a detailed and in-depth understanding of the strengths and weaknesses of the claims and defenses at issue in this case.

## III.    CONCLUSION

14.     Based on my experience as a litigator, a former United States District Judge, and a mediator, I believe that the Settlement represents a recovery and outcome that is reasonable and fair for the Settlement Class and all Parties involved. I further believe it was in the best interests of the Parties that they avoid the burdens and risks associated with taking a case of this size and complexity to trial.    I support the Court's approval of the Settlement in all respects.

15.     Lastly, the advocacy on both sides of the case was excellent.    All counsel displayed the highest level of professionalism in zealously and capably representing their respective clients.

PHILLIPS DECL. ISO SETTLEMENT                                    CASE NO. 22-CV-1936-JES-MSB

I declare under penalty of perjury that the foregoing facts are true and correct. Executed this 24th day of July, 2025.

_____
Layn R. Phillips
Former U.S. District Judge

PHILLIPS DECL. ISO SETTLEMENT                    CASE NO. 22-CV-1936-JES-MSB

5