# Exhibit 6

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB<br><br>CLASS ACTION<br><br>**DECLARATION OF MARLENE IGEL-HARRIS, UMC BENEFIT BOARD, INC. AND WESPATH INSTITUTIONAL INVESTMENTS LLC, BOTH AS ADMINISTRATIVE TRUSTEES OF THE WESPATH FUNDS TRUST, IN SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Date:  September 3, 2025<br>Time: 9:00 a.m.<br>Dept: 4B<br>Hon. James E. Simmons, Jr. |

MARLENE IGEL-HARRIS DECL. FOR WESPATH                    CASE NO. 22-CV-1936-JES-MSB
ISO SETTLEMENT AND FEE MOTIONS

I, Marlene Igel-Harris, hereby declare as follows:

1.      I am Associate General Counsel of the UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust ("Wespath"), one of the Court-appointed Lead Plaintiffs in this securities class action (the "Action"). I submit this declaration in support of (a) Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (b) Lead Counsel's motion for attorneys' fees and Litigation Expenses, which includes Wespath's application for reimbursement of costs and expenses incurred by Wespath directly related to its representation of the Settlement Class in the Action. The following statements are based on my personal knowledge as well as information provided to me by other employees of Wespath who have been directly involved in monitoring and overseeing the prosecution of the Action.[1]

2.      Wespath supervises and administers retirement plans, investment funds, and health and welfare benefit plans for active and retired clergy and lay employees of the United Methodist Church. Wespath manages over $29.8 billion in assets for the benefit of more than 100,000 participants. Wespath purchased shares of Silvergate Capital common stock during the Class Period and suffered damages as a result of Defendants' alleged violations of the federal securities laws.

I.      **Wespath's Oversight of the Action**

3.      On February 28, 2023, the Court issued an Order appointing Wespath as one of the Lead Plaintiffs in the Action pursuant to the Private Securities Litigation Reform Act of 1995. Wespath has carefully monitored and supervised the prosecution of this Action. Wespath received periodic status reports from

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 9, 2025 (ECF No. 139-1) (the "Stipulation").

MARLENE IGEL-HARRIS DECL. FOR WESPATH                    CASE NO. 22-CV-1936-JES-MSB
ISO SETTLEMENT AND FEE MOTIONS                    1

co-Lead Counsel Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") on case developments, and participated in discussions with attorneys from Cohen Milstein concerning the prosecution of the Action, the strengths of and risks to the claims asserted, and potential settlement. In particular, throughout the course of this Action, Wespath has, among other things, communicated with Cohen Milstein regarding the posture and progress of the case and strategies for the prosecution of the Action and reviewed important pleadings and briefs.

4.      Representatives of Wespath also actively participated in the mediation process and consulted with Cohen Milstein concerning the settlement negotiations as they progressed, and evaluated, approved and recommended approval of the proposed Settlement for $37,500,000 in cash.

## II.    Wespath Endorses Approval of the Settlement by the Court

5.      Based on its involvement throughout the prosecution of the Action, Wespath believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class. Wespath believes that the proposed Settlement represents a substantial recovery for the Settlement Class, in light of the substantial challenges of obtaining a larger judgment given Silvergate Capital's bankruptcy and the other significant risks of continued litigation. Therefore, Wespath endorses approval of the Settlement by the Court.

## III.   Wespath Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses

6.      Wespath also supports Lead Counsel's request for an award of attorneys' fees in the amount of 17% of the Settlement Fund for all Plaintiffs' Counsel. Wespath takes seriously its role as a Lead Plaintiff to ensure that the attorneys' fees are fair in light of the result achieved for the Settlement Class and reasonably compensate Plaintiffs' Counsel for the work involved and the risks they undertook in litigating the Action. We have reviewed the proposed 17% fee and believe it is fair and reasonable in light of the result obtained for the Settlement

Class, the work performed by Plaintiffs' Counsel, and the risks undertaken by counsel.

7.      Wespath further believes that Plaintiffs' Counsel's Litigation Expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of this securities class action.  As a result, Wespath approves the request for reimbursement of Litigation Expenses submitted by Plaintiffs' Counsel.

8.      Wespath understands that reimbursement of a lead plaintiff's reasonable costs and expenses is authorized under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4).  For this reason, in connection with Lead Counsel's motion for Litigation Expenses, Wespath seeks reimbursement of the costs and expenses that it incurred directly related to its representation of the Settlement Class in this Action.

9.      The time that I devoted to the representation of the Settlement Class in this Action was time that I otherwise would have expected to spend on other work for Wespath and, thus, represented a cost to Wespath.  Wespath seeks reimbursement in the amount of $16,800.00 for my time as follows:

| Personnel | Hours | Rate[2] | Total |
|---|---|---|---|
| Marlene Igel-Harris | 120 | $140 | $16,800 |
| **TOTAL** | | | **$16,800** |

## IV.    Conclusion

10.      In conclusion, Wespath endorses the Settlement as fair, reasonable and adequate, and believes it represents a substantial recovery for the Settlement Class. Wespath further supports Lead Counsel's motion for attorneys' fees and Litigation Expenses and believes that it represents fair and reasonable compensation for counsel in light of the recovery obtained for the Settlement Class.  And finally,

---

[2] The hourly rates used for purposes of this request are based on my annual salary.

MARLENE IGEL-HARRIS DECL. FOR WESPATH          CASE NO. 22-CV-1936-JES-MSB
ISO SETTLEMENT AND FEE MOTIONS          3

Docusign Envelope ID: 23086847-BF7B-4236-BA4E-3EA7EB0DE6EA

Wespath requests reimbursement for the time I dedicated to the Action as set forth above. Accordingly, Wespath respectfully requests that the Court approve (i) Plaintiffs' motion for final approval of the proposed Settlement and approval of the Plan of Allocation; and (ii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.

I declare under penalty of perjury that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of Wespath. Executed this 30th day of July, 2025.

DocuSigned by:

EA97D8D194564EA...

Marlene Igel-Harris

MARLENE IGEL-HARRIS DECL. FOR WESPATH
ISO SETTLEMENT AND FEE MOTIONS          4

CASE NO. 22-CV-1936-JES-MSB