# Exhibit 11

**EXHIBIT 11**

*In re Silvergate Capital Corporation Sec. Litig.*,
Case No. 3:22-cv-01936-JES-MSB (S.D. Cal.)

**COMPENDIUM OF UNPUBLISHED AUTHORITY
CITED IN FEE MEMORANDUM**

| Exhibit | Title |
|---|---|
| Ex. 11A | *In re Qualcomm Inc. Sec. Litig.*, No. 3:17-cv-00121-JO-MS, slip op. (S.D. Cal. Sept. 27, 2024), ECF No. 450 |
| Ex. 11B | *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455-VC, slip op. (N.D. Cal. Oct. 23, 2019), ECF No. 284 |
| Ex. 11C | *In re Hewlett-Packard Co. Sec. Litig.*, No. 8:11-cv-1404-AG-RNBx), slip op. (C.D. Cal. Sept. 15, 2014), ECF No. 167 |
| Ex. 11D | *In re Questcor Sec. Litig.*, No. 8:12-cv-01623-DMG (JPRx), slip op. (C.D. Cal. Sept. 21, 2015), ECF No. 255 |
| Ex. 11E | *Schulein v. Petro. Dev. Corp.*, No. 8:11-cv-01891-AG (ANx), slip op. (C.D. Cal. Mar. 16, 2015), ECF No. 265 |
| Ex. 11F | *Wilhoite v. Hou*, No. 3:23-cv-02333-BEN-MSB, slip op. (S.D. Cal. July 23, 2025), ECF No. 331 |
| Ex. 11G | *Ind. Pub. Ret. Sys. v. Pluralsight, Inc.*, No. 1:19-cv-00128-TS, slip op. (D. Utah Feb. 5, 2025), ECF No. 293 |
| Ex. 11H | *In re Wells Fargo & Co. Sec. Litig.*, No. 1:20-cv-04494-JLR-SN, slip op. (S.D.N.Y. Sept. 8, 2023), ECF No. 206 |
| Ex. 11I | *Plumbers & Pipefitters Nat'l Pension Fund v. Davis*, No. 1:16-cv-03591-GHW, slip op. (S.D.N.Y. Nov. 21, 2022), ECF No. 303 |
| Ex. 11J | *In re GreenSky Sec. Litig.,* No. 1:18-cv-11071-AKH, slip op. at 3 (S.D.N.Y. Oct. 22, 2021), ECF No. 211 |

| Ex. 11K | *In re Silvergate Capital Corp.*, No. 1:24-bk-12158-KBO, Notice of Third Interim Application of Sheppard, Mullin, Richter & Hampton LLP, as Special Counsel to the Debtors and Debtors in Possession (Bankr. D. Del. July 15, 2025), ECF No. 862 (excerpt) |
|---|---|
| Ex. 11L | *In re Silvergate Capital Corp.*, No. 1:24-bk-12158-KBO, Notice of Third Interim Fee Application of Cravath, Swaine & Moore LLP (Bankr. D. Del. July 15, 2025), ECF No. 861 (excerpt) |
| Ex. 11M | *In re Oracle Corp. Sec. Litig.*, No. 5:18-cv-04844-BLF, slip op. at 3 (N.D. Cal. Jan. 13, 2023), ECF No. 147 |

# Exhibit 11A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUALCOMM INCORPORATED SECURITIES LITIGATION | Case No. 3:17-cv-00121-JO-MSB<br><br>[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES |

---

ORDER AWARDING ATTORNEYS' FEES
AND LITIGATION EXPENSES

Case No. 3:17-cv-00121-JO-MSB

Case 3:17-cv-00121-JO-MSB Document 456 Filed 09/27/24 PageID.43722 Page 3 of 5
Page 6 of 83
Case 3:17-cv-00121-JO-MSB Document 446-8 Filed 09/20/24 PageID.43207 Page 3 of 6

WHEREAS, this matter came on for hearing on September 27, 2024 (the "Settlement Hearing") on Lead Counsel's motion for attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; it appearing that: (i) notice of the Settlement Hearing was mailed to all Class Members who or which could be identified with reasonable effort substantially in the form approved by the Court and (ii) a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated July 17, 2024 (ECF No. 428-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Lead Counsel's motion for attorneys' fees and Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying Class Members of the motion for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 23% of the Settlement Fund (*i.e.*, the Settlement Amount plus accrued interest), net of the Litigation Expenses awarded. Plaintiffs' Counsel are also hereby awarded

$7,437,826.78 for payment of their litigation expenses. These attorneys' fees and expenses shall be paid from the Settlement Fund and the Court finds these sums to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and payment of litigation expenses from the Settlement Fund, the Court has considered and found that:

a. The Settlement has created a fund of $75,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

b. The fee sought is based on the more restrictive of two retainer agreements entered into by Lead Plaintiffs and respective Lead Counsel firms at the outset of the litigation, and the requested fee has been reviewed and approved as reasonable by both Lead Plaintiffs, who are sophisticated institutional investors that actively supervised the Action;

c. Over 1.8 million Postcard Notices and over 4,100 Settlement Notices were mailed to potential Class Members and nominees, and the Settlement Notice was posted on the case website, www.QualcommSecuritiesLitigation.com. The Postcard Notice and Settlement Notice stated that Lead Counsel would apply for attorneys' fees in the amount of 23% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $7.5 million. Two objections concerning the requested award of attorneys' fees have been received. *See* ECF Nos. 443, 446-1. The Court has considered these objections and found them to be without merit.

---

ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES     - 2 -     Case No. 3:17-cv-00121-JO-MSB

d. Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

e. The Action raised a number of complex issues;

f. Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

g. Plaintiffs' Counsel devoted over 122,000 hours, with a lodestar value of approximately $61.9 million, to achieve the Settlement; and

h. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Lead Plaintiff Sjunde AP-Fonden is hereby awarded $16,552.77 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Class.

7. Lead Plaintiff Metzler Asset Management GmbH is hereby awarded $17,500 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Class.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed

SO ORDERED this _____ 27th _____ day of _____, 2024.

_____
The Honorable Jinsook Ohta
United States District Judge

# Exhibit 11B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SANDISK LLC SECURITIES LITIGATION | Case No. 3:15-cv-01455-VC<br>Hon. Vince Chhabria<br><br>**REVISED [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES** |

THIS MATTER having come before the Court for hearing on September 26, 2019 (the "Settlement Hearing") to determine, among other things, whether and in what amount to award (i) Plaintiffs' Counsel in the above-captioned consolidated securities class action (the "Action") attorneys' fees and litigation expenses in connection with their representation of the Class; and (ii) Class Representatives their costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); the Court, having considered all papers filed and proceedings had herein and otherwise being fully informed;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order operates by reference to the definitions in the Revised Stipulation and Agreement of Settlement filed on May 20, 2019 (ECF No. 274-1) (the "Stipulation"), and all capitalized terms used, but not defined, herein shall have the same meanings as those set forth in the Stipulation.

2. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to Persons who are Class Members who could be identified with reasonable effort, advising them of Class Counsel's motion for an award of attorneys' fees, payment of litigation expenses and reimbursement of Class Representatives' costs and expenses and their right to object thereto, and

Case 3:15-cv-01455-VC Document 845-1 Filed 10/30/25 Page 2 of 14
Case 3:15-cv-01455-WSB Document 245-14 Filed 06/37/30/25 Page 2 of 4.4545
Page 12 of 83

a full and fair opportunity was accorded to Persons who are Class Members to be heard. There were no objections to Class Counsel's motion.

3. Class Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of 25% of the Settlement Fund, plus accrued interest, and $885,149.36, plus accrued interest, in payment of Plaintiffs' Counsel's litigation expenses, which sums the Court finds to be fair and reasonable. Consistent with this Court's established practice, 10% of the total amount of attorneys' fees awarded is the percentage, proposed by Class Counsel given their demonstrated commitment to the Class and hereby deemed an appropriate amount, that shall be withheld until after a distribution of the Net Settlement Fund to Authorized Claimants has been made. Otherwise, the attorneys' fees and expenses awarded shall be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein by reference.

4. Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner in which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $50,000,000 in cash, and Class Members who submit acceptable Claim Forms will benefit from the Settlement that has been achieved as a result of the efforts of Plaintiffs' Counsel;

(b) the attorneys' fees sought by Class Counsel have been reviewed and approved as reasonable by Class Representatives, who are institutional investors that oversaw the prosecution and resolution of the Action;

(c) copies of the revised Settlement Notice (ECF No. 274-3) were mailed to over 203,000 potential Class Members and nominees, stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 28% of the Settlement Fund and litigation expenses in an amount not to exceed $1,000,000, and there were no objections

REVISED [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND
REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES
CASE NO. 3:15-CV-01455-VC

2

to the requested attorneys' fees and expenses, which are less than the amounts stated in the revised Settlement Notice;

(d)     the Action raised a number of complex issues;

(e)     had Plaintiffs' Counsel not achieved the Settlement, there was a significant risk that Class Representatives and the other members of the Class may have recovered less or nothing at all from Defendants;

(f)     Plaintiffs' Counsel have devoted nearly 30,000 hours with a lodestar value of $15,950,994.50 to this Action and have advanced $885,149.36 in litigation expenses to achieve the Settlement; and

(g)     the amount of attorneys' fees and litigation expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.     In accordance with the PSLRA, Class Representative City of Bristol Pension Fund is hereby awarded $7,300 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7.     In accordance with the PSLRA, Class Representative Pavers and Road Builders Pension, Annuity and Welfare Funds is hereby awarded $7,717.50 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8.     In accordance with the PSLRA, Class Representative the City of Newport News Employees' Retirement Fund is hereby awarded $7,474.44 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

9.     In accordance with the PSLRA, Class Representative Massachusetts Laborers' Pension Fund is hereby awarded $8,557.50 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

10.     Any appeal of or challenge to this Court's award of attorneys' fees, payment of litigation expenses, and reimbursement of Class Representatives' costs and expenses in

REVISED [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES
CASE NO. 3:15-CV-01455-VC

3

connection with their representation of the Class shall in no way disturb or affect the finality of the Judgment.

11.     Exclusive jurisdiction is hereby retained over the Parties and Class Members for all matters relating to this Action, including administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

12.     In the event that the Settlement is terminated or the Effective Date of the Settlement fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

Dated: October 23, 2019

_____
HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

REVISED [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND
REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES
CASE NO. 3:15-CV-01455-VC

4

# Exhibit 11C

ISAACS FRIEDBERG & LABATON LLP
Mark Labaton (Bar No. 159555)
mlabaton@iflcounsel.com
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Telephone: (213) 929-5550
Facsimile: (213) 955-5794

MOTLEY RICE LLC
Gregg S. Levin (*pro hac vice*)
glevin@motleyrice.com
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

LABATON SUCHAROW LLP
Jonathan Gardner (*pro hac vice*)
jgardner@labaton.com
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Lead Plaintiff Institutional Investor Group*
*and Co-Lead Counsel for the Settlement Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SECURITIES LITIGATION | ) Case No. SACV 11-1404-AG (RNBx)<br>)<br>) **ORDER AWARDING**<br>) **ATTORNEYS' FEES, PAYMENT**<br>) **OF LITIGATION EXPENSES,**<br>) **AND REIMBURSEMENT OF**<br>) **LEAD PLAINTIFFS' EXPENSES**<br>) **INCLUDING LOST WAGES**<br>)<br>)<br>) Judge: Hon. Andrew J. Guilford<br>) Dept.: Courtroom 10D<br>) Hearing Date: September 15, 2014<br>) Hearing Time: 10:00 a.m.<br>) |

Case 3:12-cv-01404-JSB-MSB Document 167-45 Filed 09/15/14 Page 2 of 6 PageID 4550
Case 8:11-cv-01404-AG-RNB Document 116 Filed 09/15/14 Page 2 of 6 Page ID #:4387
Page 43 of 83

THIS MATTER having come before the Court on September 15, 2014 for a hearing to determine, among other things, whether and in what amount to award: (1) Plaintiffs' Counsel's fees and litigation expenses relating to their representation of the Settlement Class in the above-captioned securities class action (the "Action"); and (2) Lead Plaintiffs' costs and expenses (including lost wages). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Persons who purchased the publicly traded common stock of Hewlett-Packard Company in the open market during the period from November 22, 2010 to August 18, 2011, inclusive; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of: (1) the award of attorneys' fees and litigation expenses requested; and (2) the costs and expenses (including lost wages) requested by Lead Plaintiffs;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members and the Claims Administrator.

2. All capitalized terms used in this order have the meanings as set forth and defined in the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of March 31, 2014.

3. Settlement Class Members were notified that Plaintiffs' Counsel would be applying for an award of attorneys' fees and litigation expenses and, further, that such application also might include a request for an award to Lead

Plaintiffs for reimbursement of their reasonable costs and expenses, including lost wages, in an amount not to exceed $75,000. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21(D)(a)(7) of the Securities Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled to it.

4. Plaintiffs' Counsel are awarded attorneys' fees in the amount of $14,250,000, plus interest at the same rate earned by the Settlement Fund (i.e., 25% of the Settlement Fund, which includes interest earned thereon), and payment of litigation expenses in the amount of $333,443.39, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

5. The award of attorneys' fees and litigation expenses shall be paid to Co-Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated into this order.

6. Lead Plaintiffs are awarded costs and expenses (which includes lost wages) in the following amounts, which sums the Court finds to be fair and reasonable:

| LEAD PLAINTIFF | AMOUNT AWARDED |
| --- | --- |
| Arkansas Teacher Retirement System | $5,654.61 |
| Union Asset Management Holding AG | $4,970.00 |
| Labourers' Pension Fund of Central and Eastern Canada | $2,922.24 |

Case 8:12-cv-01409-AG-SNB Document 167-1 Filed 09/15/14 Page 4 of 6 Page ID #:4562
Case 8:11-cv-01404-AG-RNB Document 1145 Filed 04/30/25 Page 439 of 83
Page 439 of 83

LIUNA National (Industrial) Pension Fund and

LIUNA Staff & Affiliates Pension Fund        $6,570.00

The foregoing sums shall be paid to the Lead Plaintiffs from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated into this order.

7.       In making this award of attorneys' fees and litigation expenses and reimbursement of Lead Plaintiffs' costs and expenses (including lost wages) to be paid from the Settlement Fund, the Court has considered and found that:

(a)       The Settlement has created a fund of $57 million in cash and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b)       The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiffs, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to Plaintiffs' Counsel are duly earned and not excessive;

(c)       Notice was disseminated to putative Settlement Class Members stating that Plaintiffs' Counsel would be submitting an application for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, plus interest, and payment of litigation expenses incurred in connection with the prosecution of this Action in an amount not to exceed $525,000, plus interest, and that such application also might include a request that Lead Plaintiffs be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class in an amount not to exceed

$75,000. No Settlement Class Members have filed an objection to the application for fees and expenses submitted by Plaintiffs' Counsel;

(d) Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(e) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(f) Plaintiffs' Counsel undertook the Action on a contingent basis and have devoted more than 13,000 hours, with a lodestar value of $7,525,051.75 to achieve the Settlement; and

(g) The amount of attorneys' fees, litigation expenses, and reimbursement of Lead Plaintiffs' costs and expenses (including lost wages) paid from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

8. Any appeal or challenge affecting this Court's approval of any attorneys' fee, expense application, or award of costs and expenses (including lost wages) to Lead Plaintiffs in the Action shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

[PROPOSED REVISED] ORDER AWARDING ATTYS'
FEES, LITIG. EXPENSES & LEAD PLS.' EXPENSES
CASE NO. SACV 11-1404 AG (RNBx)

4

SO ORDERED this 15th day of September, 2014

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

# Exhibit 11D

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re QUESTCOR PHARMACEUTICALS, INC. SECURITIES LITIGATION | Case No. SA CV 12-1623-DMG (JPRx) |
| | ORDER AWARDING ATTORNEYS' FEES AND EXPENSES |
| This Document Relates To: | |
| ALL ACTIONS. | |

This matter having come before the Court on September 18, 2015, on the motion of Lead Counsel for an award of attorneys' fees and expenses incurred in the Litigation, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this Litigation to be fair, reasonable and adequate, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated April 8, 2015 (the "Stipulation") and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

- 1 -

2.     This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3.     The Court hereby awards Lead Counsel attorneys' fees of 22% of the Settlement Amount, plus expenses in the amount of $627,594.92, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Amount until paid. The Court finds that the amount of fees awarded is fair and appropriate.

4.     The fees and expenses shall be allocated among other plaintiffs' counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the initiation, prosecution, and resolution of the Litigation.

5.     The awarded attorneys' fees and expenses and interest earned thereon, shall immediately be paid to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

DATED:  September 21, 2015                                       _____
                                                                DOLLY M. GEE
                                                                UNITED STATES DISTRICT JUDGE

- 2 -

# Exhibit 11E

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings:**     **[IN CHAMBERS] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND AWARDING ATTORNEYS' FEES AND EXPENSES**

Plaintiffs sued Defendants PDC Energy, Inc. ("PDC") and DP 2004 Merger Sub LLC (collectively, "Defendants") as a class of individuals and entities who had invested in partnership interests issued by Defendants. Plaintiffs assert that Defendants omitted or misrepresented material information in connection with a cash out merger. The parties settled and applied for the Court's approval.

The Court preliminarily approved the class action settlement in December 2014. (Order Granting Preliminary Approval of Class Action Settlement, Dkt. No. 249.) In January 2015, Plaintiffs filed their Motion for Attorney Fees and Expenses (Dkt. No. 254.) Defendants do not oppose this motion. (Notice of Non-Opposition, Dkt. No. 255.)

On March 9, 2015, Plaintiffs filed their Motion for Final Approval of Class Action Settlement and Plan of Allocation. (Dkt. No. 258.) Defendants do not oppose this motion.

For the reasons set forth below, the Court GRANTS both motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

## BACKGROUND

Defendant PDC is a "domestic independent natural gas and crude oil company" operating in the Colorado area. (First Amended Complaint, Dkt. No. 54, at ¶ 2.) Plaintiffs sold limited partnership interests to raise capital to develop operations. (*Id.*) Plaintiffs class collectively invested $294 million in twelve limited partnerships ("Partnerships"). (*Id.*, at ¶ 28.)

Plaintiffs allege that Defendants, in an effort to reacquire the partnership interests, duped Plaintiffs into approving a cash-out merger. (*Id.*, at ¶ 2.) Plaintiffs allege the proxy materials issued by Defendants, gaining approval of the mergers, were false and misleading. (*Id.*, at ¶ 6.) As a result, Plaintiffs agreed to an artificially low cash-out merger price (*Id.*) The proxies allegedly misrepresented or omitted material information about the value of oil and gas reserves, (*see, e.g., id.*, at ¶ 50.), and material information about the Partnerships' financing structure. (*Id.*, at ¶ 54.) A majority of investors approved the mergers, and Defendant PDC paid $102 million for the partnership interests. (*Id.*, at ¶ 69-60.)

The relevant procedural history is extensive. Plaintiffs filed their original Complaint in December 2011, (Dkt. No. 1.), and Defendants brought an unsuccessful Motion to Dismiss in February 2012. (Dkt. No. 10.) Plaintiffs filed the First Amended Complaint in August 2012. (Dkt. No. 54.)

After the parties conducted discovery, the Court certified the Class in January 2014. (Dkt. No. 84.) Defendants filed a Motion for Partial Summary Judgment in March 2014, (Dkt. No. 122), and a Motion for Class Decertification in April 2014. (Dkt. No. 151.) The Court denied the motion to decertify but granted in part and denied in part summary judgment. (Dkt. No. 200.)

In January 2014, the parties hired former U.S. Magistrate Judge Edward A. Infante to facilitate settlement negotiations. (Motion for Final Approval of Class Action Settlement and Plan of Allocation ("Motion for Final Approval"), Dkt. No. 259, at 6.) In September 2014, the parties preliminarily settled for $17.5 million in cash, plus net profit interests in future oil and gas well revenues. (*Id.*, at 7.) That agreement was modified, and the agreement before the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

Court is for an up-front cash payment of $37.5 million. (*Id.*) All Plaintiffs have agreed to the settlement except one, Christopher J. Rodenfels. (*Id.*) His claims, and PDC's counterclaims against him, are left unresolved by the agreement. (*Id.*; *see* Counterclaim Against Christopher J. Rodenfels, Dkt. No. 56.)

On December 29, 2014, the Court preliminarily approved the settlement and ordered the Plaintiffs to give notice to the class. (Order Granting Preliminary Approval of Class Action Settlement, Dkt. No. 249.) The deadline for class members to submit claims to Plaintiffs' claims administrator, Gilardi & Company, LLC (the "Claims Administrator"), is May 13, 2015. (Declaration of Kenneth Jue, Dkt. No. 259-1, at 3.)

**APPROVAL OF CLASS SETTLEMENT**

**1. Legal Standard**

A court may approve a class action settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) ("Rule 23(e) has been interpreted to require the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." (citation omitted)). "Strong judicial policy . . . favors settlements." *Churchill Vill., LLC v. Seattle*, 361 F.3d 566, 576 (9th Cir. 2004) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The court balances several factors in assessing a class action settlement, including "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement." *Churchill,* 361 F.3d 566 at 575 (9th Cir. 2004) (citation omitted). Finally, "the settlement may not be the product of collusion among the negotiating parties." *Id.* at 576 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

**2. Analysis**

The proposed settlement amount is $37.5 million. The Claims Administrator has attempted to give notice of the settlement and its terms to each class member. (*See* Declaration of Kenneth Jue, Dkt. No. 259-1, at 1-2.) To make an authorized claim, class members must fill out a "Proof of Claim" form on a website created specifically for this settlement, or fill out the Proof of Claim form included with the mailed notice and return that form to the Claims Administrator. (*Id.*)

Each claimant will receive an amount equal to their "Recognized Loss" from the cash-out merger. (Motion for Final Approval, Dkt. No. 259, at 14-15.) This amount is calculated by subtracting the price Defendant PDC paid from the estimated fair market value of each partnership interest the claimant owned. (*Id.*) If total amount of these claims exceeds the amount in the settlement fund, each claimant will receive their *pro rata* share of the funds. (*Id.*, at 15.) The "*pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of recognized claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund." (*Id.*)

If any money is left in the fund after the initial distribution, "the Claims Administrator, in consultation with plaintiffs' counsel, shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion." (*Id.*) Any remaining balance after reallocation will be donated to a not-for-profit organization "serving the public interest, and reasonably related to the goals of this action" to be chosen by the parties and approved by the Court. (*Id.*) The leftover money may also escheat under unclaimed property laws without an order of the Court. (*Id.*)

**2.1. Notice**

"Adequate notice is critical to court approval of a class settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). The Court ordered Plaintiffs to direct the Claims Administrator to mail notice to each member of the class at their most recent address. (Order Granting Preliminary Approval of Class Action Settlement, Dkt. No. 249, at 3.) The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|----------|------------------------|------|----------------|
| Title    | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

Claims Administrator has done so, and at least 2,313 claims had been filed. (Declaration of Kenneth Jue, Dkt. No. 259-1, at 3.) Plaintiffs gave sufficient notice.

### 2.2. *Churchill* Factors

Plaintiffs "estimate[] that each class member will receive a minimum of $1,080 to $3,020 per limited partnership unit they owned." (Motion for Final Approval, Dkt. No. 259, at 1.) To determine whether this settlement is fair, the Court considers each of the *Churchill* factors.

#### 2.2.1. *Strength of the Plaintiff's Case*

This case was filed over three years ago. (*See* Complaint, Dkt. No 1.) As demonstrated in the Court's analysis of Defendants' motion for summary judgment, the merits in this case do not yet favor either party. (*See* Order Granting in Part and Dismissing in Part Defendants' Motion for Summary Judgment, Dkt. No. 200.) Plaintiffs also assert that damages, if proved, would be another highly disputed issue. (Motion for Final Approval, Dkt. No. 259, at 10.) This element weighs in favor of approving the settlement.

#### 2.2.2. *Risk, Complexity, and Likely Duration of Further Litigation*

Plaintiffs claims are complex, and there is a significant chance of no recovery or a limited recovery at trial. This case has been meaningfully contested since its filing, which was over three years ago. (*See, e.g.*, Complaint, Dkt. No. 1; Motion to Dismiss, Dkt. No. 10; Opposition to Motion to Certify Class, Dkt. No. 75; Motion for Summary Judgment, Dkt. No. 122; Motion for Class Decertification, Dkt. No. 151; Motions in Limine, Dkt. Nos. 169-179.) Further, there are three levels of complexity in this case. First, Defendants' business—oil and natural gas—is a highly technical industry. Second, Plaintiffs claims rely on calculating the value of a partnership interest at a given time. Determining that valuation, itself a difficult task, relies on the underlying oil and natural gas market. Third, the case involves the analysis of proxy statements and fiduciary duties as they relate to the purchase and sale of partnership interests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

These three subjects are independently complex, let alone in unison. While the Court has no doubt the parties could educate a jury on these subjects at trial, the complexity of this case unavoidably enhances Plaintiffs' risk of losing at trial. Therefore, this factor weighs in favor of approving the settlement.

*2.2.3. Risk of Maintaining Class Action Status Throughout the Trial*

Plaintiffs assert that Defendants would again attempt to decertify the class as the parties near trial. (Motion for Final Approval, Dkt. No. 259, at 11.) Defendants contested Plaintiffs' class certification, (Dkt. No. 75), and moved for decertification at the close of discovery, (Dkt. No. 151.) Plaintiffs refer to the Court's order on the decertification issue, quoting, "Defendants are correct that there are issues unique to each partnership." (Motion for Final Approval, Dkt. No. 259, at 11 (quoting Order Denying Motion for Class Decertification, Dkt. No. 200, at 18).) But the Court went on to say, "But numerous common questions, which present a 'significant aspect of the case,' outweigh [those issues] and satisfy the predominance requirement in this case." (Order Denying Motion for Class Decertification, Dkt. No. 200, at 18 (citation omitted).) While it is always possible Defendants could create new arguments for decertification, the Court's order completely disposed of Defendants' existing arguments. Therefore, Plaintiffs' argument that the threat of class decertification is likely is not convincing and this factor does not weigh in favor of settlement approval.

*2.2.4. Amount Offered, Extent of Discovery, and Experience and Views of Counsel*

In Plaintiffs' words, the proposed settlement amount "[represents] 16% - 20% of plaintiffs' estimated aggregate damages." (Motion for Final Approval, Dkt. No. 259, at 11.) Plaintiffs estimate each claimant would receive between $1,080 and $3,020 per partnership interest they owned. (*Id.*) Plaintiffs cite cases where settlements representing between 2% and 10% of the expected recovery were approved. *See In re Initial Pub. Offering Secs. Litig.*, 671 F. Supp. 2d 467, 483 (S.D.N.Y. 2009); *In re Merrill Lynch & Co. Research Reports Secs. Litig.*, 246 F.R.D. 156, 167 (S.D.N.Y. 2007); *In re Nortel Networks Corp. Secs. Litig.*, No. 01 1855, 2006 WL 382198, at *6 (S.D.N.Y. Dec. 26, 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|----------|----------------------|------|----------------|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

The Ninth Circuit has said, "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disproved." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1241 (9th Cir. 1998) (internal quotation omitted); *see also Van Ba Ma v. Covidien Holding, Inc.*, 2014 U.S. Dist. LEXIS 13296, *12 (C.D. Cal. Jan. 31, 2014)  (Given the risks, the Court finds that . . . 9.1% of the total value of the action . . . is within the range of reasonableness." (internal quotation omitted)); *Arellano v. Kellermeyer Bldg. Servs., LLC*, 2014 U.S. Dist. LEXIS 168986 (S.D. Cal. Dec. 5, 2014) (reasoning a settlement for 19.7% of class damages weighed in favor of approval considering unsettled relevant law and continued attempts to decertify the class). While the uncertainties in this case are less substantial than those in the cited cases, an agreement for 16% to 20% of the estimated value is reasonable in this context.

The reasonableness of this amount is supported by the extensive discovery the parties completed. (*See* Motion for Final Approval, Dkt. No. 259, at 6.) Plaintiffs also said that Defendants and other parties have produced thousands of pages of documents, which includes a detailed analysis of PDC's drilling operations. (*Id.*) Plaintiffs' counsel have taken over twenty-nine depositions and consulted multiple experts. (*Id.*) Further, the Court has ruled on multiple pre-trial issues, including motions in limine, that would affect how that evidence is presented at trial. (Order Re Motions in Limine, Dkt. No. 231.)

Based on pre-trial rulings and discovery, the parties' counsel have determined that it is in the best interests of their clients to settle. The attorneys on both sides are experienced and have fervently advocated for their clients. Because "[e]xperienced counsel for both parrties recommend approval of the settlement," (Motion for Final Approval, Dkt. No. 259, at 12), and because of the substantial discovery completed at this time supporting the settlement amount, these factors weigh in favor of approving the settlement.

### 2.2.5. *Presence of a Government Participant*

There are no government participants in this case, so this factor is not helpful in analyzing this settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

*2.2.6. The Reaction of Class Members to Settlement*

The class has responded well to the proposed settlement agreement. The Claims Administrator reports that over 2,000 claims have been filed. (Declaration of Kenneth Jue, Dkt. No. 259-1, at 3.) Seven class members have requested to be excluded from the settlement agreement, and one Plaintiff has not signed the agreement all together. (Motion, Dkt. No. 259, at 7.) This agreement will not resolve the claims as between Plaintiff Christopher J. Rodenfels and Defendants. (Id.) No member of the class has filed an opposition to the agreement. (*Id.*) Therefore, this factor weighs in favor of approving the settlement.

### 2.3. Collusion

Though judicial policy favors class action settlements, the Court considers whether the agreement is a product of collusion. *Churchill*, 361 F.3d at 575. There are no signs of impropriety in this case. The agreement was reached through arms length negotiations between the parties, and the parties hired a capable third-party mediator to facilitate that process. The Court finds no evidence of collusion, which favors approval of the settlement.

Therefore the Court GRANTS Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation.

**MOTION FOR ATTORNEYS' FEES**

**1. Legal Standard**

In assessing a request for attorney fees, courts consider several factors, including "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Cadence Design Sys., Inc. Sec. & Derivative Litig.*, No. C-08-4966 SC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

2012, WL 1414092, at *4-5; *see also In re Ferrero Litig.*, 583 Fed. Appx. 665, 668 (9th Cir. 2014) (detailing the four factors, among others, in considering an award of attorney fees). "[T]he most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "As a final check on the reasonableness of the requested fees, courts often compare the fee counsel seeks as a percentage with what their hourly bills would amount to under the lodestar analysis." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2007). Also, a named plaintiff may recover, on a *pro rata* basis, the reasonable costs and expenses related to their representation of a class. *See* 15 U.S.C. § 78u-4(a)(4); *see also In re Bankamerica Corp. Secs. Litig.* 228 F. Supp. 2d 1061 (E.D. Mo. 2002) (awarding named plaintiffs reimbursement of costs and expenses under § 78u-4(a)(4) because costs and expenses were directly related to representation).

**2. Analysis**

Plaintiffs' counsel seeks an award of "30% of the Settlement Fund and $2,466,282.05 in litigation costs and expenses." (Motion for an Award of Attorneys' Fees and Expenses ("Motion for Attorneys' Fees"), Dkt. No. 254, at 21.) Further, the named Plaintiffs in this case seek reimbursement of costs and expenses. (*Id.*, at 20-21.)

**2.1. Results Achieved**

As discussed, Plaintiffs' counsel got a sizeable recovery, representing 16% to 20% of the alleged damages, for the class. Settlements are a way to circumvent potential litigation risks. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("[I]t is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." (citation omitted)). Plaintiffs certainly faced serious risks, namely the complexity of the legal and factual issues. The price to pay for the safety and security of an immediate cash settlement was accepting a reduced reward. As has been noted, the sum Plaintiffs' received was sizeable. *See Omnivision,* 559 F. Supp. 2d at 1046 ("As previously discussed, the Settlement creates a total award of approximately 9% of the possible damages, which is more than triple the average recovery in securities class action settlements." (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

Therefore, this factor weighs in favor of granting Plaintiffs' motion.

## 2.2. Risk of Litigation and Contingent Nature of the Fee

As discussed, the merits of Plaintiffs' case remain uncertain. Defendants challenged Plaintiffs' legal and factual grounds for this action in the Motion for Summary Judgment. (Dkt. No. 122.) This case is also complex, dealing with technical issues in the oil and gas industries, and complicated financial valuations. This complexity heightens the risk that Plaintiffs will be unable to recover at trial.

This risk is particularly threatening in this case, where Plaintiffs' counsel have worked on an entirely contingent basis, advancing almost $2.5 million in costs and expenses. The risk Plaintiffs' counsel bore throughout the three years of this case is notable, and the Court recognizes that lawyers practicing in this area of the law often charge hourly fees. Therefore, this factor weighs in favor of approving the award of attorney fees.

## 2.3. Skill Required and Quality of Work

This case involved unique and complex issues, and the skill and legal abilities applied to this case have been unique. *See Omnivision*, 559 F. Supp. 2d at 1047 ("[P]rosecution and management of a complex national class action requires unique legal skills and abilities." (quotation omitted)). Beyond the complexity of the issues, the case has been vigorously contested since its filing. But Defendants' have been unsuccessful in defeating Plaintiffs' claims. This weighs in favor of granting the motion for attorney fees.

## 2.4. Similar Awards

Fee awards are customarily equal to 25% of the total settlement amount. *See Omnivision*, 559 F. Supp. 2d at 1047-48 ("The percentage of the Settlement Fund that Lead Counsel seeks is slightly in excess of the benchmark of 25% established by the Ninth Circuit." (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)). In this case, Plaintiffs' counsel seeks 30% of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

settlement. While this is somewhat higher than the average benchmark, it is certainly not unique, especially in common fund cases. *See id.* (noting an award of 30% is not uncommon in securities class actions); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) ("Therefore, this court concludes that in class action common fund cases the better practice is to set a percentage fee and that, absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%). Therefore, Plaintiffs' requested award is similar to awards in other cases, which favors granting the motion.

### 2.5. Percentage of Recovery and Lodestar

Where a party seeks an award of fees out of a settlement fund, the court considers that award under either the percentage or loadstar method. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Omnivision,* 559 F. Supp. 2d at 1046. Generally, the Court first considers the percentage method, while the lodestar serves as a "check" on that amount. *See, e.g.,* *Vizcaino*, 290 F.3d at 1050. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonably hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

Here, Plaintiffs seek an award of 30% of recovery and estimates the lodestar multiplier to be 1.22 (Supplemental Declaration of Marc M. Seltzer, Dkt. No. 256, at 2.) As discussed, the 30% award is in line with other awards in this type of case. *See Activision* 723 F. Supp. at 1378; *Omnivision*, 559 F. Supp. 2d at 1047-48. Further, the Court recognizes that this case was filed over three years ago and that Plaintiffs have made numerous substantive filings throughout. A review of the Plaintiffs' lodestar information, including the submitted hourly rates and number of hours worked, reveals that Plaintiffs' request is reasonable.

### 2.6. Costs to Named Plaintiffs

Plaintiffs also seek reimbursement to the named plaintiffs (Motion for an Award of Attorneys' Fees and Expenses, Dkt. No. 254, at 20.) Plaintiffs request these awards, ranging from $7,500 to $10,000, to compensate the named Plaintiffs for the time the spent litigating the case. (*See* Declaration of Marc M. Seltzer in Support of Service Awards to the Named

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-1891 AG (ANx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | JEFFREY SCHULEIN et al. v. PETROLEUM DEVELOPMENT CORP. et al. | | |

Plaintiffs, Dkt. No. 257.) Plaintiffs gathered documents, traveled to and prepared for depositions, participated in settlement negotiations, reviewed drafts of complaints, and performed other tasks in preparation for trial. (*Id.*, at 2.) Plaintiffs estimate that the named plaintiffs each spent between 25 and 100 hours preparing for this case. (*Id.*) Therefore, the Court approves Plaintiffs' request for reimbursement of reasonable expenses.

**DISPOSITION**

For these reasons, the Court GRANTS Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation.

The Court also GRANTS Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

# Exhibit 11F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

NORMAN WILHOITE and JUDITH WILHOITE, derivatively on behalf of TUSIMPLE HOLDINGS, INC.,

Plaintiffs,

vs.

XIAODI HOU, MO CHEN, CHENG LU, GUOWEI "CHARLES" CHAO, and HYDRON, INC.,

Defendants,

- and -

TUSIMPLE HOLDINGS, INC.,

Nominal Defendant.

Case No. 23cv2333 BEN (MSB)

The Honorable Roger T. Benitez

**Order Granting an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Approval of Service Awards**

Order Granting an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Approval of Service Awards

Case No. 23cv2333 BEN (MSB)

This matter having come before the Court on July 18, 2025, on Plaintiffs' motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Approval of Service Awards (the "Fee and Expense Application"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this litigation to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated December 19, 2024 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of this application and all matters relating thereto, as well as personal jurisdiction over all parties to the litigation.

3. Notice of Plaintiffs' Counsel's Fee and Expense Application was given to all current shareholders of Nominal Defendant TuSimple Holdings, Inc. ("TuSimple") who could be identified with reasonable effort. There were no objections to the Fee and Expense Application. The form and method of notifying current TuSimple shareholders of the Fee and Expense Application met the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. This constituted the best notice practicable under the circumstances and due and sufficient notice to all persons entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees of 27.5% of the $42.5 million Settlement Amount ($11,687,500.00), plus expenses in the amount of $328,216.05, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid, consistent with paragraphs 1.16, 1.40 and 5.5 of the Stipulation.

5. The Court finds that the amount of fees awarded is fair, reasonable, and

1

Order Granting an Award of Attorneys' Fees,                          Case No. 23cv2333 BEN (MSB)
Reimbursement of Litigation Expenses,
and Approval of Service Awards

appropriate under either the "percentage-of-recovery" or lodestar methods.

6.     Plaintiffs have established that (a) the corporate governance reforms achieved in the Settlement are valuable; and (b) the $42.5 million Settlement Amount achieved is an exceptional result in a shareholder derivative litigation. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) ("derivative lawsuits are rarely successful"); *see also Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983) (shareholder derivative actions generally are "notoriously difficult and unpredictable").

7.     The requested 27.5% of the Settlement Amount does not include the value of the corporate governance reforms.  And to the extent that the requested fees constitutes an upward adjustment of 2.5% from the 25% benchmark,[1] such a modest adjustment is warranted based on the special circumstances presented here, including:

- the results achieved that include the governance reforms over and above the $42.5 million monetary recovery;
- the fact that Plaintiffs' counsel obtained temporary restraining orders and defended them on appeal;
- the quality of services provided; and
- the risks taken by Plaintiffs' Counsel.

*See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (requiring that district courts "provid[e] adequate explanation in the record of any 'special circumstances' justifying a departure [from the benchmark]"); *see also*, *e.g.*, *Ziegler v. GW Pharms., PLC*, 2024 WL 1470532, at *10 (S.D. Cal. Mar. 25, 2024) (approving 33.33% of the settlement fund where "Class Counsel secured a settlement of $7,750,000 which is significant in a pre-motion to dismiss merger settlement"); *In re Atmel Corp. Derivative Litig.*, 2010 WL 9525643, at *12 (N.D. Cal. Mar. 31, 2010) (departing upward from the 25% benchmark based in part on the finding "that the

---

[1] *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("the 'benchmark' award is 25 percent of the recovery obtained") (citations omitted).

2

Order Granting an Award of Attorneys' Fees,                    Case No. 23cv2333 BEN (MSB)
Reimbursement of Litigation Expenses,
and Approval of Service Awards

benefits to [the company] are reasonable in light of the risks present in the instant case and in derivative litigation generally").

8. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $42,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and TuSimple and its shareholders will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b) Postcard notices were emailed or mailed by first-class mail to all record and beneficial holders of TuSimple common stock known to TuSimple as of October 28, 2024, indicating that Plaintiffs' Counsel would move for attorneys' fees in an amount not to exceed 30% of the $42.5 million Settlement Amount and for expenses in an amount not to exceed $450,000, and there have been no objections to the requested attorneys' fees or expenses;

(c) Plaintiffs' Counsel conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Plaintiffs' Counsel have devoted more than 6,825.53 hours, with a lodestar value of $5,520,883.95, to achieve the Settlement. A fee of 27.5% of the Settlement Amount represents a multiplier of 2.12 to the aggregate lodestar;

(e) Plaintiffs' Counsel pursued the Litigation on a contingent basis;

(f) The Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) Had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that TuSimple may have recovered less or nothing from Defendants;

(h) Public policy concerns favor the award of reasonable attorneys' fees

3

Order Granting an Award of Attorneys' Fees,                    Case No. 23cv2333 BEN (MSB)
Reimbursement of Litigation Expenses,
and Approval of Service Awards

and expenses in securities class action litigation; and

(i) The attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

9. Consistent with paragraph 5.2 of the Stipulation, Plaintiffs' Lead Counsel shall be solely responsible for allocating the attorneys' fees among Plaintiffs' Counsel.

10. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to California Plaintiffs' Lead Counsel immediately upon execution of this Order and the Judgment and subject to the terms, conditions, and obligations of the Stipulation, and in particular, Section 5 thereof, which terms, conditions, and obligations are incorporated herein.

11. Plaintiffs Norman Wilhoite, Judith Wilhoite, Jason Nusbaum, and Richard A. Green are granted a Service Award in the amount of $7,500 each, for their time spent directly related to their representation of TuSimple in the Actions.

12. Any appeal or any challenge affecting this Court's approval regarding the Fee and Expense Application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

13. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

14. In sum, the Fee and Expense Application is granted in its entirety.

IT IS SO ORDERED.

Dated: July 23, 2025

_____
The Honorable Roger T. Benitez
United States District Judge

4

Order Granting an Award of Attorneys' Fees,
Reimbursement of Litigation Expenses,
and Approval of Service Awards

Case No. 23cv2333 BEN (MSB)

# Exhibit 11G

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| INDIANA PUBLIC RETIREMENT SYSTEM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PLURALSIGHT, INC., *et al.*, <br><br> Defendants. | Case No. 1:19-cv-00128 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

## ORDER AWARDING
## ATTORNEYS' FEES AND LITIGATION EXPENSES

This matter came on for hearing on February 4, 2025 (the "Settlement Hearing") on Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Litigation Expenses in the above-captioned consolidated securities class action (the "Action"). The Court, having considered all matters submitted to it at the Settlement Hearing and otherwise, and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in the *Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the attorneys' fees and Litigation Expenses request;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 1, 2024 (the "Stipulation"), and all capitalized terms not

otherwise defined in this Order shall have the same meaning as they have in the Stipulation previously filed with the Court. *See* ECF No. 271-1.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3.      Notice of Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses was given to all Class Members who or which could be identified with reasonable effort. The form and method of notifying Class Members of the Motion for Final Approval of Settlement and Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 20% of the Settlement Fund, or $4,000,000 plus interest at the same rate as earned on the Settlement Fund, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $276,166.46—consisting of $274,292.36 to Lead Counsel and $1,874.10 to Liaison Counsel—in payment of Litigation Expenses to be paid from the Settlement Fund, which sum the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      Pursuant to paragraph 16 of the Stipulation, the fees and expenses awarded herein shall be payable to Lead Counsel immediately following entry of this Order, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or

2

on this Order, subject to Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in paragraph 17 of the Stipulation.

6. In making this award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

a. the Settlement resolves all claims in the Action in exchange for a total settlement value of $20 million in cash, and numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

b. A total of 25,635 potential Class Members or nominees were sent copies of the Settlement Notice via a Notice Packet that explained that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 20% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $350,000, and there were no objections to the requested attorneys' fees and Litigation Expenses;

c. Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

d. the Action raised a number of complex issues and involved substantial risks;

e. if Plaintiffs' Counsel had not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other Class Members may have recovered significantly less, or nothing at all, from Defendants;

f. Plaintiffs' Counsel, including attorneys and other professional support, dedicated over 7,585.85 hours to this Action on a fully contingent basis—7,279.75 hours by Lead Counsel, and 306.10 hours by Liaison Counsel—totaling a lodestar of $6,036,206.25—$5,896,838.75 from Lead Counsel, and $139,367.50 from Liaison Counsel; and

3

g.   the amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7.   The Court further finds that the above-stated award of Litigation Expenses (*supra* paragraph 4) to be paid from the Settlement Fund to Plaintiffs' Counsel is fair and reasonable, and that the Litigation Expenses are reasonable in amount, and were incurred for costs and expenses that are of a type customarily reimbursed in cases of this type.

8.   Pursuant to 15 U.S.C. § 78u-4(a)(4), Lead Plaintiff the Indiana Public Retirement System is hereby awarded $15,750.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class; and Lead Plaintiff the Public School Teachers' Pension and Retirement Fund of Chicago is hereby awarded $23,870.66 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

9.   Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment Approving Class Action Settlement.

10.   Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.   In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12.   There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

4

SO ORDERED this 4th day of February, 2025.

The Honorable Ted Stewart
United States District Judge

# Exhibit 11H

Case 3:22-cv-01093-MSB-SND Document 145-1 Filed 09/08/25 Page 1 of 4584
Case 1:20-cv-04494-JLR-SN Document 145-1 Filed 09/08/25 Page 1 of 4
Page 51 of 83

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WELLS FARGO & COMPANY SECURITIES LITIGATION | Case No. 1:20-cv-04494-JLR-SN |

**ORDER AWARDING**
**<u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

This matter came on for hearing on September 8, 2023 (the "Settlement Hearing") on Lead Counsel's motion for attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; it appearing that: (i) the Notice of the Settlement Hearing was mailed to all Settlement Class Members who or which could be identified with reasonable effort substantially in the form approved by the Court and (ii) a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and *Investor's Business Daily* and released over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested; and, for the reasons set forth more fully at the Settlement Hearing,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 8, 2023 (ECF No. 178-1), and as amended on August 31, 2023 (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for attorneys' fees and Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 18% of the Settlement Fund, net of Litigation Expenses awarded, plus interest earned at the same rate as the Settlement Fund.  Plaintiffs' Counsel are also hereby awarded $1,130,909.85 for payment of their litigation expenses.  These attorneys' fees and expenses shall be paid from the Settlement Fund and the Court finds these sums to be fair and reasonable.  Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner in which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and payment of litigation expenses from the Settlement Fund, the Court has considered and found that:

a.      The Settlement has created a fund of $1,000,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

b.      The requested fee has been reviewed and approved as reasonable by all four Lead Plaintiffs, institutional investors that actively supervised the Action, and is below the

2

fee permitted under the most restrictive of the retention agreements entered into between Lead Plaintiffs and Lead Counsel at the outset of the litigation;

    c.    Copies of the Notice were mailed to over 1,835,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 19% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $2,000,000. Three objections to the requested award of attorneys' fees were submitted (by Patricia A. White, Larry D. Killion, and Charles Aaron McIntyre), and each of these objections are overruled;

    d.    Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

    e.    The Action raised a number of complex issues;

    f.    Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

    g.    The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases on a percentage basis and when considering a lodestar cross-check.

6.    Lead Plaintiff Handelsbanken Fonder AB is hereby awarded $62,650.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7.    Lead Plaintiff Public Employees' Retirement System of Mississippi is hereby awarded $17,550.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8.      Louisiana Sheriffs' Pension & Relief Fund is hereby awarded $3,400.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

9.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10.      Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __8th__ day of __September__ 2023.

_____

The Honorable Jennifer L. Rochon
United States District Judge

4

# Exhibit 11I

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------- X

PLUMBERS & PIPEFITTERS NATIONAL
PENSION FUND, and JUAN FRANCISCO
NIEVES, as Trustee of the Gonzalez Coronado
Trust, Individually and on Behalf of All Others
Similarly Situated,

                Plaintiff,

    vs.

KEVIN DAVIS and AMIR ROSENTHAL,

             Defendants.

--------------------------------------- X

Case No.: 1:16-cv-3591-GHW

**ORDER ON LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation

Expenses ("Fee Application") duly came before the Court for a hearing on November 18, 2022.

The Court has considered the Fee Application and all supporting and other related materials,

including the matters presented at the November 18, 2022 hearing. Due and adequate notice having

been given to the Settlement Class as required by the Court's July 14, 2022 Preliminary Approval

Order (ECF No. 285), and the Court having considered all papers and proceedings had herein and

otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS

FOLLOWS:

1

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 1, 2021 (ECF No. 268) (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      Notice of the Fee Application was directed to Settlement Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4.      Settlement Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure and no Settlement Class Member has objected to Lead Counsel's request.

5.      The Fee Application is hereby GRANTED.

6.      Lead Counsel is hereby awarded attorneys' fees in the amount of 28% of the Settlement Fund (or $3,640,000), and 28% of the Bankruptcy Settlement Fund (or $322,000), and $854,857.83 in reimbursement for Lead Counsel's Litigation Expenses (which fees and expenses shall be paid to Lead Counsel from the Settlement Funds), which sums the Court finds to be fair and reasonable, plus interest earned at the same rate and for the same period as earned by the Settlement Funds.

7.      Pursuant to paragraph 28 of the Stipulation, the fees and expenses awarded herein shall be payable to Lead Counsel following entry of this Order, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or on this

Order, subject to Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in paragraph 28 of the Stipulation.

8.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Funds, the Court has considered and found that:

a.   the Settlement has created a fund of $13,000,000 in cash that has been paid into an escrow account for the benefit of the Settlement Class pursuant to the terms of the Stipulation, and Settlement Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b.   the Bankruptcy Settlement has created a fund of $1,150,000 in cash that has been paid into an escrow account for the benefit of the Settlement Class pursuant to prior Bankruptcy Court proceedings, and Settlement Class Members who submit acceptable Proof of Claim Forms will benefit from the Bankruptcy Settlement that occurred because of the efforts of Lead Counsel;

c.   a fee of 28% of the Settlement Fund and of Bankruptcy Fund is within an acceptable range of fees;

d.   Lead Counsel's and Special Bankruptcy Counsel's total lodestar is $7,653,571.50, and a fee of 28% of the Settlement Funds represents a reasonable multiplier of their aggregate lodestar, which is acceptable in this Action;

e.   the fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor;

f.  copies of the Notice were mailed to over approximately 18,000 potential Settlement Class Members or their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 28% of the Settlement Funds and reimbursement of litigation expenses in an amount not to exceed $900,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund;

g.  no Settlement Class Member has objected to the Fee Application; and

h.  the amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Funds are fair and reasonable.

9.  Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

10.  Jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.  In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the terms of the Stipulation.

SO ORDERED.

Dated: November 21, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

4

# Exhibit 11J

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE GREENSKY SECURITIES LITIGATION | Case No. 18-cv-11071 (AKH)

**ORDER ON CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF LEAD PLAINTIFFS' COSTS AND EXPENSES**

Co-Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement of Lead Plaintiffs' Costs and Expenses ("Fee Application") duly came before the Court for a hearing on October 19, 2021. The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the October 19, 2021 hearing. Due and adequate notice having been given to the Class as required by the Court's June 11, 2021 Preliminary Approval Order (Dkt. No. 187), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Dkt. No. 180) (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Notice of the Fee Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and

the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4.     Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure and no Class Member has objected to Co-Lead Counsel's request.

5.     The Fee Application is hereby GRANTED.

6.     Co-Lead Counsel are hereby awarded attorneys' fees in the amount of $6,250,000, inclusive of $200,786.46 in reimbursement for Co-Lead Counsel's litigation expenses (which fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund), both of which sums the Court finds to be fair and reasonable, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.

7.     The fees and expenses awarded in paragraph 6 hereof shall be paid to Co-Lead Counsel upon the initial distribution of the Net Settlement Fund to Authorized Claimants. Prior to such initial distribution, pursuant to paragraph 8.10 of the Stipulation, Co-Lead Counsel will apply to the Court for a Class Distribution Order, *inter alia*: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding Notice and Administration Costs from the Escrow Account up to $150,000, exclusive of the costs associated with dissemination of the Notice of Pendency previously authorized by the Court (*see* Dkt. Nos. 147-152); (iii) approving payment of the costs associated with dissemination of the Notice of Pendency; (iv) if the Effective Date has occurred, directing one or more payments of the Net Settlement Fund to Authorized Claimants from the Escrow Account in specified increments until, in the determination of the Claims Administrator, in consultation with Co-Lead Counsel, it is no longer economically feasible to

distribute the remaining funds, at which time any such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to the Legal Aid Society of New York City; and (v) such other relief as is appropriate. In support of their application for a Class Distribution Order, Co-Lead Counsel shall attach a report of the Claims Administrator detailing the amounts to be distributed to Authorized Claimants.

8.      Lead Plaintiffs have also requested reimbursement of their expenses incurred directly related to their representation of the Class in this Action. Pursuant to 15 U.S.C. § 77z-1(a)(4), an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be made to "any representative party serving on behalf of a class."

9.      Lead Plaintiff Northeast Carpenters Annuity Fund is hereby awarded its expenses, including lost wages, in the amount of $4,103.20, which represents its reasonable costs and expenses directly related to its representation of the Class.

10.     Lead Plaintiff El Paso Firemen & Policemen's Pension Fund is hereby awarded its expenses, including lost wages, in the amount of $1,891.76, which represents its reasonable costs and expenses directly related to its representation of the Class.

11.     Lead Plaintiff Employees' Retirement System of the City of Baton Rouge and Parish of East Baton Rouge is hereby awarded its expenses, including lost wages, in the amount of $10,097.74, which represents its reasonable costs and expenses directly related to its representation of the Class.

12.     The amounts awarded in paragraphs 9-11 hereof shall be payable to Lead Plaintiffs upon the initial distribution of the Net Settlement Fund to Authorized Claimants.

13.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.  the Settlement has created a fund of $27,500,000 in cash that has been paid into an escrow account for the benefit of the Class pursuant to the terms of the Stipulation, and Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

b.  the fee awarded, constituting approximately 22% of the Settlement Fund, is within an acceptable range of fees under the percentage of the fund approach;

c.  Co-Lead Counsel's total lodestar is $4,716,463.50, and the fee awarded represents a reasonable multiplier (approximately 1.28) of their aggregate lodestar, which is an acceptable multiplier under the lodestar approach;

d.  the fee sought by Co-Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors;

e.  copies of the Notice were mailed to over 16,934 potential Class Members or their nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $250,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund;

f.  no Class Member has objected to the Fee Application; and

g.  the amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable.

14.  Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

15.     Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

16.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the terms of the Stipulation.

IT IS SO ORDERED.

Dated: New York, New York
        October 22, 2021

THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

# Exhibit 11K

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SILVERGATE CAPITAL CORPORATION, *et al.*,[1] | ) | Case No. 24-12158 (KBO) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | **Hearing Date**: August 13, 2025 at 9:30 a.m. (ET) |
|  | ) | **Obj. Deadline**: August 4, 2025 at 4:00 p.m. (ET) |

## NOTICE OF THIRD INTERIM APPLICATION OF SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION

| | |
|---|---|
| Name of Applicant: | Sheppard, Mullin, Richter & Hampton LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention:[2] | December 20, 2024, effective as of September 17, 2024 |
| Period for which compensation and reimbursement is sought: | March 1, 2025 – May 31, 2025 |
| Amount of compensation sought as actual, reasonable, and necessary: | $273,602.50 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $2,572.15 |

This is a(n): ___X___ interim _____ final application

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follow: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474).  The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

[2]   *See Application of Debtors for Entry of an Order (I) Authorizing the Employment and Retention of Sheppard, Mullin, Richter & Hampton LLLP as 327(E) Special Counsel to the Debtors Effective as of the Petition Date and (II) Granting Related Relief* (Doc. No. 150) (the "Retention Application").

Summary of fee applications for the compensation period:

| Date Filed / Docket No. | Period Covered | Total Amount Requested | | Total Amount Approved to Date via Certification of No Objection | | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 5/15/25 Docket No. 739 | 3/1/2025 – 3/31/2025 | $79,948.50 | $0 | $63,958.80 | $0 | $15,989.70 |
| 6/9/25 Docket No. 790 | 4/1/2025 – 4/30/2025 | $71,946.00 | $0 | $57,556.80 | $0 | $14,389.20 |
| 7/3/25 Docket No. 829 | 5/1/2025 – 5/31/2025 | $121,708.00 | $2,572.15 | $97,366.40 pending objection deadline of 7/23/2025 | $2,572.15 pending objection deadline of 7/23/2025 | $24,341.60 pending objection deadline of 7/23/2025 |
| Total:[3] | | $273,602.50 | $2,572.15 | $218,882.00 | $2,572.15 | $54,720.50 |

Summary of any objections to fee applications:  None.

**PLEASE TAKE NOTICE** that, pursuant to the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals*, dated October 10, 2024 [Docket No. 137] (the "Interim Compensation Order")[4], objections, if any, to this Interim Fee Application must be filed with the Court by **August 4, 2025 at 4:00 p.m. (ET)** and served on the Applicant at the address set forth below and the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider this Interim Fee Application will be held on **August 13, 2025 at 9:30 a.m. (ET)** before the Honorable Karen B.

---

[3] Total calculations exclude amounts pending the objection deadline for the February monthly fee application.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Interim Compensation Order.

Owens, United States Bankruptcy Judge for the District of Delaware, at the Court, 824 N. Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that, (i) attached hereto as **Exhibit A** is a summary of compensation by each professional of the Applicant that worked on the above-captioned chapter 11 cases, (ii) attached hereto as **Exhibit B** is a summary of compensation by project category, (iii) attached hereto as **Exhibit C** is an expense summary, (iv) attached hereto as **Exhibit D** are the Applicant's customary and comparable compensation disclosures, (v) attached hereto as **Exhibit E** is the staffing plan and estimated budget for Sheppard Mullin Richter & Hampton LLC for the Period from March 1, 2025 through May 31, 2025, which includes a summary of fees and hours budgeted compared to fees and hours billed, (vi) attached hereto as **Exhibit F** are certain additional disclosures related to the Interim Fee Application and (vii) attached hereto as **Exhibit G** is a certification, wherein an attorney of the Applicant certifies to certain matters addressed in the Interim Compensation Order.

**IF NO TIMELY OBJECTIONS ARE FILED TO THIS INTERIM FEE APPLICATION, THE COURT, IN ACCORDANCE WITH THE TERMS OF THE INTERIM COMPENSATION ORDER, MAY ENTER AN ORDER GRANTING THIS INTERIM FEE APPLICATION WITHOUT A HEARING.**

[*Remainder of Page Intentionally Left Blank*]

SMRH:4915-2982-0756.1                                  -3-

Dated: July 15, 2025
Los Angeles, California

Sheppard, Mullin, Richter & Hampton LLP

By:   /s/ *Polly Towill*
          Polly Towill
          Partner

## Exhibit A - Compensation By Professional

### March 1, 2025 through May 31, 2025

| Name of Professional | Position | Practice Group | Date of Admission | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|---|
| Heather Plocky | Partner | Business Trial | State Bar of CA – 12/1/2011 | $ 1,140.00 | 24.0 | $27,360.00 |
| John Stigi | Partner | Business Trial | State Bar of CA – 9/28/2000<br>State Bar of NY – 6/1/1988 | $ 1,680.00 | 29.9 | $50,232.00 |
| Polly Towill | Partner | Business Trial | State Bar of CA - 12/10/1985 | $ 1,215.00 | 94.4 | $114,696.00 |
| Catherine Jun | Special Counsel | Finance & Bankruptcy | State Bar of IL – 5/1/2014 | $1,025.00 | 25.4 | $26,035.00 |
| Madalyn Macarr | Associate | Business Trial | State Bar of CA – 12/5/2014 | $ 1,025.00 | 19.6 | $20,090.00 |
| Michael Driscoll | Partner | Finance & Bankruptcy | State Bar of IL – 5/6/2010<br>State Bar of NY – 5/12/2014 | $ 1,225.00 | 6.7 | $8,207.50 |
| John Landry | Special Counsel | Business Trial | State Bar of CA – 3/1/1988<br>State Bar of NY – 1/1/1990 | $950.00 | 5.2 | $5,330.00 |
| Tori Kutzner | Associate | Business Trial | State Bar of CA – 1/22/2021 | $910.00 | 11.2 | $10,192.00 |
| Nicole Ambrose | Paralegal | Paralegal - LA | N/A | $320.00 | 2.4 | 768.00 |
| David Lopez | Paralegal | Paralegal - LA | N/A | $400.00 | 11.2 | 4,480.00 |
| Michael S. Timpani | Administration Staff | N/A | N/A | $470.00 | .1 | $47.00 |
| | | | | Grand Total: | | $273,602.50 |
| | | | | Total Attorney Hours: | | 237 |
| | | | | Attorney Blended Rate: | | $1,154.44 |

# Exhibit 11L

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SILVERGATE CAPITAL CORPORATION, *et al*.<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12158 (KBO)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: August 4, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: August 13, 2025 at 9:30 a.m. (ET)** |

## NOTICE OF THIRD INTERIM FEE APPLICATION
## <u>REQUEST OF CRAVATH, SWAINE & MOORE LLP</u>

| | |
|---|---|
| Name of applicant (the "<u>Applicant</u>"): | Cravath, Swaine & Moore LLP |
| Authorized to provide professional services to: | the above-captioned debtors and debtors in possession |
| Date of retention: | November 13, 2024, effective as of September 17, 2024 |
| Period for which compensation and reimbursement is sought: | March 1, 2025 through May 31, 2025 |
| Amount of compensation sought as actual, reasonable, and necessary: | $2,957,666.50 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $162,706.98 |

This is a(n): __X__ interim _____ final application

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Silvergate Capital Corporation (7337), Silvergate Liquidation Corporation (4449) and Spring Valley Lots, LLC (0474). The Debtors' mailing address is 4225 Executive Square, Suite 600, La Jolla, CA 92037.

Summary of fee applications for the compensation period:

| Date Filed and Docket No. | Period Covered | Total Amount Requested | | Total Amount Approved to Date via Certification of No Objection | | Holdback Fees Requested |
| --- | --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 05/15/2025 Docket No. 738 | 03/01/2025 – 03/31/2025 | $654,486.50 | $64,713.94 | $523,589.20 | $64,713.94 | $130,897.30 |
| 06/24/2025 Docket No. 809 | 04/01/2025 – 04/30/2025 | $902,691.00 | $44,195.86 | $0.00 Pending objection deadline of 07/14/2025 | $0.00 Pending objection deadline of 07/14/2025 | $0.00 Pending objection deadline of 07/14/2025 |
| 07/15/2025 Docket No. 855 | 05/01/2025 – 05/31/2025 | $1,400,489.00 | $53,797.18 | $0.00 Pending objection deadline of 07/04/2025 | $0.00 Pending objection deadline of 07/04/2025 | $0.00 Pending objection deadline of 07/04/2025 |
| Total: | | $2,957,666.50 | $162,706.98 | $523,589.20 | $64,713.94 | $130,897.30 |

Summary of any objections to fee applications:  None.

**PLEASE TAKE NOTICE** that, pursuant to the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals,* dated October 10, 2024, [Docket No. 137] (the "Interim Compensation Order"),[2] objections, if any, to this Interim Fee Application must be filed with the Court and served on the Applicant at the address set forth below and the Notice Parties so as to be received by **August 4, 2025 at 4:00 p.m. (ET)**.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider this Interim Fee Application will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge for the District of Delaware, at the Court, 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801 on August 13, 2025 at 9:30 a.m. (ET).

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Interim Compensation Order.

**PLEASE TAKE FURTHER NOTICE** that, (i) attached hereto as <u>Exhibit A</u> is a summary of compensation by each professional of the Applicant that worked on the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), (ii) attached hereto as <u>Exhibit B</u> is a summary of compensation by project category, (iii) attached hereto as <u>Exhibit C</u> is an expense summary, (iv) attached hereto as <u>Exhibit D</u> are the Applicant's customary and comparable compensation disclosures, (v) attached hereto as <u>Exhibit E</u> is the *Budget for Cravath, Swaine & Moore LLP, Co-Counsel to the Debtors, for the Period from March 1, 2025 through May 31, 2025* (the "<u>Budget</u>") and the *Staffing Plan for Cravath, Swaine & Moore LLP, Co-Counsel to the Debtors, for the Period from March 1, 2025 through May 31, 2025* (the "<u>Staffing Plan</u>"), (vi) attached hereto as <u>Exhibit F</u> is a summary of fees and hours budgeted compared to fees and hours billed, (vii) attached hereto as <u>Exhibit G</u> are certain additional disclosures related to the Interim Fee Application and (viii) attached hereto as <u>Exhibit H</u> is a certification, wherein an attorney of the Applicant certifies to certain matters addressed in the Interim Compensation Order.

IF NO TIMELY OBJECTIONS ARE FILED TO THIS INTERIM FEE APPLICATION, THE COURT, IN ACCORDANCE WITH THE TERMS OF THE INTERIM COMPENSATION ORDER, MAY ENTER AN ORDER GRANTING THIS INTERIM FEE APPLICATION WITHOUT A HEARING.

Dated: July 15, 2025
      New York, New York

Respectfully Submitted,

**CRAVATH, SWAINE & MOORE LLP**

*/s/ Paul H. Zumbro*

Paul H. Zumbro (admitted *pro hac vice*)
George E. Zobitz (admitted *pro hac vice*)
Alexander Gerten (admitted *pro hac vice*)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Email: pzumbro@cravath.com
      jzobitz@cravath.com
      agerten@cravath.com

*Co-Counsel for Debtors and Debtors in Possession*

**Exhibit A - Compensation by Professional**
**March 1, 2025 through May 31, 2025**

The attorneys who rendered professional services in these Chapter 11 Cases from March 1, 2025 through May 31, 2025 (the "Compensation Period") are:

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT | YEAR ADMITTED | BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Scott Bennett | Partner | Corporate | 2007 | $2,360.00 | 20.60 | $48,616.00 |
| Lauren Moskowitz | Partner | Litigation | 2006 | $2,360.00 | 81.50 | $192,340.00 |
| George E. Zobitz | Partner | Corporate | 1996 | $2,360.00 | 162.70 | $383,972.00 |
| Paul H. Zumbro | Partner | Corporate | 1998 | $2,360.00 | 146.80 | $346,448.00 |
| Jeffrey Dinwoodie | Partner | Corporate | 2009 | $1,970.00 | 0.90 | $1,773.00 |
| Arvind Ravichandran | Partner | Tax | 2013 | $1,970.00 | 5.40 | $10,638.00 |
| Will Giles | Of Counsel | Corporate | 2008 | $1,810.00 | 0.30 | $543.00 |
| Alexander Gerten | Of Counsel | Corporate | 2017 | $1,580.00 | 12.70 | $20,066.00 |
| Lindsay Timlin | Practice Area Attorney | Litigation | 2010 | $1,475.00 | 425.40 | $627,465.00 |
| Benjamin Arcano | Associate | Corporate | 2022 | $1,260.00 | 244.00 | $307,440.00 |
| Charlotte Rothschild | Associate | Litigation | 2022 | $1,260.00 | 17.20 | $21,672.00 |
| Joseph Linfield | Associate | Litigation | 2023 | $1,220.00 | 3.70 | $4,514.00 |
| Jonathan Sarnoff | Associate | Litigation | 2021 | $1,220.00 | 206.70 | $252,174.00 |
| Eleanor Steele | Foreign Attorney | Litigation | 2017 | $1,100.00 | 12.00 | $13,200.00 |
| Emily Gust | Associate | Corporate | 2024 | $1,060.00 | 52.90 | $56,074.00 |
| Carolyn Liziewski | Associate | Tax | 2024 | $1,060.00 | 23.60 | $25,016.00 |
| Justin Williams | Associate | Corporate | 2024 | $1,060.00 | 48.10 | $50,986.00 |
| Peter Truong | Senior Discovery Attorney | Litigation | 2004 | $865.00 | 279.10 | $241,421.50 |
| Samantha Chen | Associate | Litigation | | $860.00 | 1.00 | $860.00 |
| Tara Kay | Associate | Corporate | 2025 | $860.00 | 138.50 | $119,110.00 |
| Julia Spencer | Associate | Corporate | 2025 | $860.00 | 73.80 | $63,468.00 |
| Kristine Gorka | Discovery Attorney | Litigation | 1996 | $610.00 | 73.50 | $44,835.00 |
| Peter Lee | Discovery Attorney | Litigation | 2004 | $610.00 | 88.90 | $54,229.00 |
| Heikki Virks-Lee | Discovery Attorney | Litigation | 2011 | $610.00 | 1.30 | $793.00 |

The paraprofessionals and other staff who rendered professional services in these Chapter 11 Cases during the Compensation Period are:

| NAME OF PROFESSIONAL OR OTHER STAFF MEMBER | POSITION | DEPART MENT | BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Janet Fernando | Lit Tech Manager / Specialist | Litigation | $595.00 | 1.10 | $654.50 |
| Miguel Gonzalez | Lit Tech Support 3 | Litigation | $575.00 | 1.10 | $632.50 |
| Vaughn Harper | Lit Tech Support 3 | Litigation | $575.00 | 0.50 | $287.50 |
| Kevin Rodriguez | Lit Tech Support 2 | Litigation | $560.00 | 1.50 | $840.00 |
| Alexa Trippiedi | Lit Tech Support 1 | Litigation | $545.00 | 1.30 | $708.50 |
| Matthew Beroza | Summer Associate | Corporate | $520.00 | 3.00 | $1,560.00 |
| Jessa Davidson | Summer Associate | Litigation | $520.00 | 66.70 | $34,684.00 |
| Joanne Abyad | Case Manager | Litigation | $505.00 | 2.00 | $1,010.00 |
| Maheem Syed | Senior Litigation Paralegal II | Litigation | $470.00 | 25.90 | $12,173.00 |
| JeNay Ellington | Senior Litigation Paralegal | Litigation | $465.00 | 7.90 | $3,673.50 |
| Jacob Epter | Litigation Paralegal | Litigation | $435.00 | 21.10 | $9,178.50 |
| Isabella Graf | Litigation Paralegal | Litigation | $435.00 | 0.30 | $130.50 |
| Susanna Schatz | Litigation Paralegal | Litigation | $435.00 | 10.30 | $4,480.50 |

|  |  |
|---|---|
| **Grand Total:** | **$2,957,666.50** |
| **Attorney Compensation:** | **$2,887,653.50** |
| **Total Attorney Hours:** | **2,120.60** |
| **Blended Rate**: | **$1,424.60** |

# Exhibit 11M

Case 3:22-cv-01903-JHS-MSB    Document 145-14    Filed 07/30/25    Page 1 of 3
Case 5:18-cv-04844-BLF    Document 147-14    Filed 03/30/23    Page 1 of 3.4614
Page 81 of 83

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Oracle Corporation Securities Litigation* | <u>CLASS ACTION</u><br><br>Case No. 5:18-cv-04844-BLF<br><br>~~**[PROPOSED]**~~ **ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Dept.:    Courtroom 3, 5th Floor<br>Judge:   Honorable Beth Labson Freeman<br><br>Hearing Date:<br>January 12, 2023 at 9:00 a.m. |

This matter came on for hearing on January 12, 2023 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 23, 2022 (ECF No. 128-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

ORDER AWARDING ATTORNEYS'
FEES AND EXPENSES
Case No. 5:18-cv-04844-BLF

1

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Lead Counsel is hereby awarded attorneys' fees in the amount of 20% of the Settlement Fund (including interest earned at the same rate as the Settlement Fund). Lead Counsel is also hereby awarded $795,465.17 for payment of its litigation expenses. These attorneys' fees and expenses shall be paid from the Settlement Fund and the Court finds these sums to be fair and reasonable. The Court overrules the objection to the motion for attorneys' fees and expenses submitted by Scott Noyes.

5.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a.      The Settlement has created a fund of $17,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b.      The fee sought is based on a retainer agreement entered into by Lead Counsel and Lead Plaintiff at the outset of the litigation and the requested fee has been again reviewed and approved as reasonable by Lead Plaintiff, a sophisticated institutional investor that actively supervised the Action, at the conclusion of the Action;

c.      Copies of the Notice were mailed to over 979,000 potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not exceed 20% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $900,000 and only one objection to the requested award of attorneys' fees or Litigation Expenses was submitted (which the Court finds to lack merit and overrules);

ORDER AWARDING ATTORNEYS'
FEES AND EXPENSES
Case No. 5:18-cv-04844-BLF

2

d.    Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

e.    The Action raised a number of complex issues;

f.    Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from Defendants;

g.    Lead Counsel devoted over 17,900 hours, with a lodestar value of approximately $9.1 million, to achieve the Settlement; and

h.    The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.    Lead Plaintiff Union Asset Management Holding AG is hereby awarded $64,750 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7.    Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.    Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __13__ day of __January__, 2023.

_____
The Honorable Beth Labson Freeman
United States District Judge