**COHEN MILSTEIN SELLERS
   & TOLL PLLC**
Carol V. Gilden (*pro hac vice*)
cgilden@cohenmilstein.com
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Tel: (312) 629-3737

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Lead Counsel for Plaintiffs
and the Settlement Class*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>Date: September 3, 2025<br>Time: 9:00 a.m.<br>Dept: 4B<br>Hon. James E. Simmons Jr. |

REPLY MEM. ISO
SETTLEMENT AND FEES                    Case No. 22-cv-01936-JES-MSB

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES .................................................................................ii

ARGUMENT .........................................................................................................1

I.     The Settlement Class's Positive Reaction Supports Approval of the Motions ...................................................................................................1

     A.     The Robust Court-Approved Notice Program ..................................2

     B.     The Reaction of the Settlement Class Supports Approval of the Settlement.................................................................................3

     C.     The Settlement Class's Reaction Supports Approval of the Fee and Expense Request ...........................................................5

CONCLUSION .....................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acosta v. Frito-Lay, Inc.*,
  2018 WL 2088278 (N.D. Cal. May 4, 2018)..................................................5

*In re Anthem, Inc. Data Breach Litig.*,
  2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) ...............................................5

*In re Apollo Grp. Inc. Sec. Litig.*,
  2012 WL 1378677 (D. Ariz. Apr. 20, 2012) ..................................................4

*In re Bisys Sec. Litig.*,
  2007 WL 2049726 (S.D.N.Y. July 16, 2007)..................................................6

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  2017 WL 2481782 (N.D. Cal. June 8, 2017)...................................................4

*Churchill Vill., L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) .........................................................................3

*Destefano v. Zynga, Inc.*,
  2016 WL 537946 (N.D. Cal. Feb. 11, 2016)...............................................4, 5

*In re Extreme Networks, Inc. Sec. Litig.*,
  2019 WL 3290770 (N.D. Cal. July 22, 2019) ................................................4

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
  343 F. Supp. 3d 394 (S.D.N.Y. 2018), *aff'd*, 822 Fed. App'x 40
  (2d Cir. 2020)................................................................................................4

*Farrell v. Bank of Am., N.A.*,
  327 F.R.D. 422 (S.D. Cal. 2018) ...................................................................5

*Fernandez v. CoreLogic Credco, LLC.*,
  2024 WL 3209391 (S.D. Cal. June 24, 2024)  ...............................................3

*Giroux v. Essex Prop. Tr., Inc.*,
  2019 WL 2106587 (N.D. Cal. May 14, 2019)................................................4

*In re Heritage Bond Litig.*,
  2005 WL 1594403 (C.D. Cal. June 10, 2005)................................................5

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005) ..............................................................................5

*In re Snap Inc. Sec. Litig.*,
    2021 WL 667590 (C.D. Cal. Feb. 18, 2021) .....................................................5

*Taafua v. Quantum Glob. Techs., LLC*,
    2021 WL 579862 (N.D. Cal. Feb. 16, 2021) .....................................................4

*Vataj v. Johnson*,
    2021 WL 5161927 (N.D. Cal. Nov. 5, 2021) .....................................................4

**STATUTES**

Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ........................................3

Lead Plaintiffs Indiana Public Retirement System, Boston Retirement System, Public School Teachers' Pension & Retirement Fund of Chicago, International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust (collectively, "Lead Plaintiffs"); and Bucks County Employees Retirement Fund ("Bucks County," and collectively with the Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Lead Counsel respectfully submit this reply brief in further support of (i) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation (ECF No. 143), and (ii) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 144) (together, the "Motions").[1]

## ARGUMENT

### I.     The Settlement Class's Positive Reaction Supports Approval of the Motions

In their opening papers, Plaintiffs and Lead Counsel demonstrated why the proposed $37.5 million Settlement of this securities class action satisfies the criteria for final approval of a class action settlement and the request for attorneys' fees and Litigation Expenses is fair and reasonable. Since then, the Claims Administrator has completed an extensive notice program undertaken in accordance with the Court's Preliminary Approval Order. In response to this notice program, not a single class member has objected to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses. In addition, only 9 requests for exclusion have been received, which represent a tiny fraction (approximately 0.004%) of the total number of Notice Packets mailed to potential Settlement Class Members.

---

[1] Unless otherwise defined in this memorandum, all capitalized terms have the meanings defined in the Stipulation and Agreement of Settlement, dated May 21, 2025 (ECF No. 139-1) (the "Stipulation").

REPLY MEMORANDUM                    1                    Case No. 22-cv-01936-JES-MSB

As discussed further below, this overwhelmingly positive reaction by the Settlement Class represents a significant endorsement of all aspects of the Motions.

### A.     The Robust Court-Approved Notice Program

Pursuant to the Court's Preliminary Approval Order, JND Legal Administration (the "Claims Administrator") conducted an extensive notice program under Lead Counsel's supervision, which included mailing the Notice and the Claim Form (collectively, the "Notice Packet") to 218,496 potential Settlement Class Members and their nominees, publishing the Summary Notice in the *Wall Street Journal* and over *PR Newswire*, and posting relevant information and documents on a dedicated settlement website, www.SilvergateSecuritiesLitigation.com. *See* Supplemental Declaration of Luiggy Segura, attached as Ex. 1 ("Supp. Segura Decl."), at ¶¶ 4, 6; Declaration of Luiggy Segura (ECF No. 145-8) ("Initial Segura Decl."), at ¶¶ 12, 13.

The Claims Administrator began mailing the Notice Packet to potential Settlement Class Members on June 16, 2025. *See* Initial Segura Decl. at ¶¶ 6, 7. As of August 25, 2025, the Claims Administrator had mailed a total of 218,496 Notice Packets. *See* Supp. Segura Decl. at ¶ 4.

The Notice to Settlement Class Members informed them of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 17% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $1.4 million. *See* Notice (Initial Segura Decl., Ex. A), at ¶¶ 5, 43. The Notice also advised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, or request exclusion from the Settlement Class, and the August 13, 2025 deadline for doing so. *See id*. at ¶¶ 44, 50-51.

On July 30, 2025, two weeks prior to the objection and exclusion deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement,

REPLY MEM. ISO
SETTLEMENT AND FEES                    2     Case No. 22-cv-01936-JES-MSB

Plan of Allocation, and fee and expense request. These papers are available on the public docket (ECF Nos. 143-145) and were promptly posted to the case website, *see* Supp. Segura Decl. at ¶ 6, as well as Lead Counsel's websites, blbglaw.com and cohenmilstein.com. In addition, notice of the Settlement was also provided by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b). *See* Stipulation ¶ 23.

Following the extensive notice program, no Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses or commented thereon. In addition, only 9 requests for exclusion from the Settlement Class were received. *See* Supp. Segura Decl. at ¶ 7 & Ex. A.[2] The 9 requests for exclusion received represent approximately 0.004% of the total number of Notice Packets mailed to potential Settlement Class Members.

**B.     The Reaction of the Settlement Class Supports Approval of the Settlement**

The Ninth Circuit instructs district courts to consider the reaction of the settlement class in determining whether to approve a class action settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The absence of any objections along with the low number of requests for exclusion further supports a finding that the proposed Settlement is fair, reasonable, and adequate. *See, e.g.*, *Fernandez v. CoreLogic Credco, LLC.*, 2024 WL 3209391, at *13 (S.D. Cal. June 24, 2024) (the "absence of a large number of objections weighs in favor of

---

[2] While two of the nine requests for exclusion were received after the August 13, 2025 deadline and certain other of the requests did not comply with all requirements set forth in the Notice and the Preliminary Approval Order (*e.g.*, did not set forth all of the requestor's transactions in Silvergate Capital Stock), nonetheless Plaintiffs request that all potential Settlement Class Members who requested exclusion be permitted to do so, as set forth in the proposed Judgment submitted with this Reply Memorandum.

REPLY MEM. ISO
SETTLEMENT AND FEES                    3          Case No. 22-cv-01936-JES-MSB

settlement"); *Vataj v. Johnson*, 2021 WL 5161927, at *7 (N.D. Cal. Nov. 5, 2021) (the "absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"); *Taafua v. Quantum Glob. Techs., LLC*, 2021 WL 579862, at *7 (N.D. Cal. Feb. 16, 2021) ("The lack of objections and low number of requested exclusions . . . indicates support among the class members and weighs in favor of approving the settlement."); *Giroux v. Essex Prop. Tr., Inc.*, 2019 WL 2106587, at *5 (N.D. Cal. May 14, 2019) ("The Court finds that the absence of objections and very small number of opt-outs indicate overwhelming support among the Class Members and weigh in favor of approval."); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate.").

Further, it is significant that no institutional investors—which held the majority of Silvergate Capital's publicly traded stock during the Class Period—have objected to the Settlement. The absence of objections from any institutional investors, which have ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."), *aff'd*, 822 Fed. App'x 40 (2d Cir. 2020); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782,

at *4 (N.D. Cal. June 8, 2017) (absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger").

### C.   The Settlement Class's Reaction Supports Approval of the Fee and Expense Request

As set forth in their opening papers, Lead Counsel requests attorneys' fees of 17% of the Settlement Fund. The requested fee is well within the range of fees awarded in comparable cases in the Ninth Circuit and is supported by the significant time and effort expended by Plaintiffs' Counsel in this matter. *See* Fee Motion (ECF No. 144), at 4 (citing, among other cases, *Farrell v. Bank of Am., N.A.*, 327 F.R.D. 422 (S.D. Cal. 2018) ("Under the percentage of the fund method, the Court awards some specific percentage of the fund as fees. The Ninth Circuit benchmark rate is twenty-five percent.")). The fee requested falls well below the 25% "benchmark" and Courts have recognized that the Ninth Circuit's 25% "benchmark is 'presumptively reasonable,' and it should only be adjusted upward or downward for 'unusual circumstances.'" *In re Snap Inc. Sec. Litig.*, 2021 WL 667590, at *3 (C.D. Cal. Feb. 18, 2021); *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *4 (N.D. Cal. Aug. 17, 2018).

The absence of any objections to the requested attorneys' fees and Litigation Expenses further supports a finding that the request is fair and reasonable. *See, e.g.*, *Acosta v. Frito-Lay, Inc.*, 2018 WL 2088278, at *12 (N.D. Cal. May 4, 2018) ("The absence of objections or disapproval by class members . . . supports the finding that Plaintiffs' request is reasonable."); *Destefano*, 2016 WL 537946, at *18 ("the lack of objection by any Class Members" supported the fee requested); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *21 (C.D. Cal. June 10, 2005) ("The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable.").

As with approval of the proposed Settlement, the lack of objections by institutional investors in particular supports approval of the fee request. *See In re*

*Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive," but did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that there was only one objection from an individual—and none from any institutions—"even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

### CONCLUSION

For the foregoing reasons and the reasons set forth in their opening papers, Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement and the Plan of Allocation, and approve the motion for attorneys' fees and Litigation Expenses. Copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 2, 3, and 4, respectively, and will be submitted to the Court's email in Word format.

Dated:  August 27, 2025                          Respectfully submitted,

/s/ Carol V. Gilden                              /s/ Jonathan D. Uslaner
**COHEN MILSTEIN SELLERS**                       **BERNSTEIN LITOWITZ BERGER**
**  & TOLL PLLC**                                **  & GROSSMANN LLP**
Carol V. Gilden (*pro hac vice*)                 Jonathan D. Uslaner (Bar No. 256898)
cgilden@cohenmilstein.com                        jonathanu@blbglaw.com
200 S. Wacker Drive, Suite 2375                  Lauren M. Cruz (Bar No. 299964)
Chicago, IL 60606                                lauren.cruz@blbglaw.com
Tel: (312) 629-3737                              2121 Avenue of the Stars, Suite 2575
                                                 Los Angeles, CA 90067
                                                 Tel: (310) 819-3470
-and-

Steven J. Toll (*pro hac vice*)                  -and-
stoll@cohenmilstein.com
S. Douglas Bunch (*pro hac vice*)                John J. Rizio-Hamilton (*pro hac vice*
dbunch@cohenmilstein.com                         pending)
Jan Messerschmidt (*pro hac vice*)               johnr@blbglaw.com
jmesserschmidt@cohenmilstein.com                 Shane D. Avidan (*pro hac vice* pending)
Brendan Schneiderman (*pro hac vice*)            shane.avidan@blbglaw.com
bschneiderman@cohenmilstein.com                  1251 Avenue of the Americas
1100 New York Ave., N.W., Suite 800              New York, NY  10020
Washington, DC 20005                             Tel: (212) 554-1400
Tel: (202) 408-4600


-and-

Christina D. Saler (*pro hac vice*)
csaler@cohenmilstein.com
100 N. 18th Street
Suite 1820
Philadelphia, PA 19103
Tel: (267) 479-5707

*Lead Counsel for Plaintiffs and the Settlement Class*