# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB<br><br>CLASS ACTION<br><br>**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES**<br><br>**[ECF No. 144]** |

This matter came on for hearing on September 3, 2025 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 9, 2025 (ECF No. 139-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. In considering Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, the Court has considered the reasonableness of the request in light of percentage of the common fund awards in similar cases and additional factors including (1) the results achieved, (2) the risks of litigation, (3) the skill required and the quality of work, (4) the contingent nature of the fee and the financial burden carried by the Lead Plaintiffs, (5) awards made in similar cases, (6) the class's reaction, and (7) a lodestar cross-check. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

5. Lead Counsel are hereby awarded attorneys' fees in the amount of 17% of the Settlement Fund, or $6,375,000 (plus interest earned at the same rate as the Settlement Fund). Lead Counsel are also hereby awarded $991,648.74 for payment of their Litigation Expenses. These attorneys' fees and expenses shall be paid from the Settlement Fund and the Court finds these sums to be fair and reasonable.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. The Settlement has created a fund of $37,500,000 in cash that has been or will be funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel, and the Settlement amount is fair and reasonable;

   b. Lead Counsel litigated this case on a purely contingent basis, and have not received any compensation for their work on this matter;

   c. The fee sought is consistent with the Ninth Circuit's benchmark amount in percentage fee cases, *see In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015);

   d. The requested fee has been reviewed and approved as reasonable by Plaintiffs, who are sophisticated investors that actively supervised the Action;

   e. Copies of the Notice were mailed to over 218,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees for Lead Counsel in an amount not to exceed 17% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $1.4 million and no objections to the requested award of attorneys' fees or Litigation Expenses were submitted;

   f. Lead Counsel, which have substantial experience in handling securities class actions and the types of claims asserted herein, conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

   g. Had Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

   h. Lead Counsel devoted over 6,700 hours, with a lodestar value of approximately $6.18 million through June 30, 2025, to achieve the Settlement, and will continue to perform work on behalf of the Settlement Class in overseeing the Claims Administrator's processing of claim received and the distribution of the Net Settlement Fund; and

   i. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

  7. Lead Plaintiff Indiana Public Retirement System is hereby awarded $14,062.50 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Settlement Class.

  8. Lead Plaintiff Boston Retirement System is hereby awarded $9,076.86 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Settlement Class.

9. Lead Plaintiff Public School Teachers' Pension & Retirement Fund of Chicago is hereby awarded $26,956.38 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Settlement Class.

10. Lead Plaintiff International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario is hereby awarded $20,200 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Settlement Class.

11. Lead Plaintiff UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust (collectively "Wespath") is hereby awarded $16,800 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Settlement Class.

12. Plaintiff Bucks County Employees Retirement Fund is hereby awarded $1,278.24 from the Settlement Fund for its reasonable costs and expenses directly related to its representation of the Settlement Class.

13. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

14. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

15. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

16. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed

**IT IS SO ORDERED.**

Dated: September 3, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge