# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION | Case No. 3:22-cv-01936-JES-MSB<br><br>CLASS ACTION<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

JUDGMENT APPROVING CLASS ACTION SETTLEMENT

Case No. 22-cv-01936-JES-MSB

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Silvergate Capital Corporation Securities Litigation*, No. 3:22-cv-01936-JES-MSB (the "Action");

WHEREAS, (a) Plaintiffs Indiana Public Retirement System, Boston Retirement System, Public School Teachers' Pension & Retirement Fund of Chicago, International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, UMC Benefit Board, Inc. and Wespath Institutional Investments LLC, both as administrative trustees of the Wespath Funds Trust (collectively, the "Institutional Investors" or "Lead Plaintiffs"); and Bucks County Employees Retirement Fund ("Bucks County," and collectively with the Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class; and (b) defendants Silvergate Capital Corporation ("Silvergate Capital" and together with its subsidiary Silvergate Bank, the "Debtors"), Alan J. Lane, Paul D. Colucci, Thomas C. Dircks, Michael Lempres, Scott A. Reed, Karen Brassfield, Aanchal Gupta, Colleen Sullivan, Tony Martino, Dennis Frank and Robert Campbell (collectively, the "Individual Defendants" and together with the Debtors, the "Silvergate Defendants") and defendants Canaccord Genuity LLC, Citigroup Global Markets Inc., Compass Point Research & Trading, LLC, Craig-Hallum Capital Group LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Keefe, Bruyette & Woods, Inc., UBS Securities LLC, and Wedbush Securities Inc. (collectively, the "Underwriter Defendants" and together with the Silvergate Defendants, the "Defendants") have entered into a Stipulation and Agreement of Settlement dated May 9, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, all capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated May 22, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2), (b) pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, preliminarily certified the Settlement Class for purposes of effectuating the proposed Stipulation and the Settlement only; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on September 3, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 21, 2025; and (b) the Notice and the Summary Notice, both of which were filed with the Court on July 30, 2025.

3.  **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of (a) all persons and entities who purchased or otherwise acquired the publicly traded common stock of Silvergate Capital from November 7, 2019 through March 21, 2023, inclusive, and were damaged thereby, and (b) all persons and entities who purchased Silvergate Capital securities in and/or traceable to any of Silvergate Capital's securities offerings during 2021, and were damaged thereby (collectively, the "Settlement Class"). Excluded from the Settlement Class are (a) Defendants; (b) directors and officers of Defendants (at all relevant times); (c) Defendants' Immediate Family Members and their legal representatives, heirs, successors or assigns; and (d) any entity in which any Defendant has or had a controlling interest; *provided*, *however*, that no Investment Vehicle shall be excluded from the Settlement Class. Also excluded from the Settlement Class are the persons listed on Exhibit 1 hereto, who have excluded themselves by submitting a timely, complete, and valid request for exclusion that is accepted by the Court.

4.  **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

5. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Plaintiffs as Class Representatives for the Settlement Class, and appoints Lead Counsel Cohen Milstein Sellers & Toll PLLC and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable efforts, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) Settlement Class Members' right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

7. **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.*, to the extent applicable

to the Action, have been satisfied.

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. Specifically, the Court finds that (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9. The Action and all of the claims asserted against Defendants in the Action are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors, assigns, heirs, predecessors, executors, administrators, representatives, attorneys, and agents. The persons listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to timely, complete, and valid requests for exclusion that are accepted by the Court.

11. **Releases** – The Releases set forth in paragraphs 6 and 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Plaintiffs and each of the Settlement Class Members, on behalf of themselves and their respective Plaintiff Releasors, regardless of whether they execute and deliver a Proof of Claim and Release and regardless of whether they share in the Settlement Fund, shall be deemed to have, and by operation of the Stipulation, of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, dismissed, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, intervening in, participating in, continuing, maintaining, asserting or prosecuting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand with respect to any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity.

(b) Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective Defendant Releasors, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, dismissed, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiff Releasees, and shall forever be barred and enjoined from

commencing, instituting, continuing, maintaining, asserting or prosecuting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand with respect to any or all of the Released Defendants' Claims against any of the Plaintiff Releasees. This Release shall not apply to any person listed on Exhibit 1 hereto.

   12. Upon the Effective Date, the Stipulation shall operate conclusively as an estoppel, res judicata, bar, full defense, and any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Plaintiff or Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

   13. Notwithstanding paragraphs 11(a) – (b) and 12 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

   14. **<u>Bar Order:</u>** Upon the Effective Date of the Settlement, any and all claims, future claims, and claims over by any individual or entity against any of the Defendant Releasees, and by the Defendant Releasees against any individual or entity, for (a) contribution or indemnity, however denominated, whether as a claim, cross-claim, counterclaim, third-party claim, or otherwise, on whatsoever theory, based upon, arising out of, or related to the Released Plaintiffs' Claims, or (b) any other claim of any type, whether arising under state, federal, common or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Settlement Class, whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United <u>States or elsewhere, are permanently barred, enjoined, restrained, extinguished, and</u>

discharged to the fullest extent permitted by law (the "Bar Order"); *provided, however,* that the Bar Order shall not preclude the Defendants from seeking to enforce any rights or claims they may have under their applicable insurance policies or any right of indemnification or contribution that the Individual Defendants may have under contract or based on the charter and by-laws of Debtors or their agreements with Debtors. Moreover, nothing in this Bar Order shall be construed to impair, negate, diminish, or adversely affect any rights of Defendant Releasees or their successors or assigns under or with respect to any insurance policies, including, but without limitation, any rights to seek to recover or to recover insurance proceeds or payments under any insurance policies with respect to amounts paid pursuant to the Settlement or incurred in connection with the Action, or any other actual or alleged loss or liability, and Defendant Releasees expressly reserve all rights, claims, positions, arguments, contentions, and defenses with respect to such matters. This Bar Order shall be interpreted and applied as the broadest permitted under the PSLRA, common law, and the District Court's inherent authority, as applicable.

15. **Judgment Reduction:** Any final verdict or judgment that may be obtained against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (b) the amount paid by or on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

16. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

17. **No Admissions** – Neither the Term Sheet, this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be

approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

    (a) shall be offered or received against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim or alleged damages that were or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way used or referred to for any other reason as against any of the Defendant Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    (b) shall be offered or received against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way used or referred to for any other reason as against any of the Plaintiff Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    (c)  shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; or

    (d)  shall be construed as or received in evidence as an admission, concession or presumption that class certification is or was appropriate in this Action, except for purposes of this Settlement.

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement, and Defendants and/or the Defendant Releasees may file the Stipulation and/or the Judgment in any action that might be brought against them to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or other bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, claim, argument, or counterclaim.

  18.  **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation (or any other plan of allocation relating to the Action); (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

  19.  Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation

Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that are approved of in writing by all the Parties acting by and through their respective counsel of record in the Action so long as they: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective litigation positions in the Action as of March 25, 2025, as provided in the Stipulation.

22. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of Court is expressly directed to immediately enter this final judgment dismissing this Action with prejudice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS SO ORDERED.**

Dated: September 3, 2025

Honorable James E. Simmons Jr.
United States District Judge

# Exhibit 1

**[List of Persons Excluded from the Settlement Class Pursuant to Request]**

1. Donald Lee Dodson II
   Moulton, AL

2. Wang Ke Jun
   SINGAPORE

3. Kenneth A. Kerschen
   Cunningham, KS

4. Ralph Lawrence Mateo
   Fairfield, CA

5. Darren Mayberry
   Salem, SC

6. Paul McAffee
   Marian D. McAffee
   Minden, NV

7. Sean W. Ogden
   Boston, MA

8. Eliza Pallasigue
   Las Vegas, NV

9. Ronald Strickland
   Portsmouth, VA

10. Richard Phillips
    Palos Verdes, CA